IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DR. REGINA JORDAN-SODIQ, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-CV-00288 |
| | : | |
| v. | : | |
| | : | |
| THE STATE OF TENNESSEE, *et al.*, | : | |

## DEFENDANT PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (4-6), Defendant PennyMac Loan Services, LLC ("Pennymac") files this Motion to Dismiss the Complaint filed by *pro se* Plaintiff Dr. Regina Jordan-Sodiq ("Plaintiff"), showing this Honorable Court as follows:

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Pennymac is the current loan servicer for Plaintiff's residential mortgage loan secured by real property owned by Plaintiff and located at 1757 Autumnwood Boulevard, Clarksville, Tennessee 37042 (the "Property"). Plaintiff has named Pennymac as a party-defendant in this action, along with more than forty (40) other defendants; however, the Complaint is completely devoid of any specific allegations of wrongdoing. Plaintiff generally alleges that, "[s]ince 2005 and continuing to the present, the Plaintiff has been subjected to harassment and covert gang stalking by the Defendants." ECF 1-1, p. 4, ¶ 4. Plaintiff further alleges that, "[t]he Defendants conspired to engage in a pattern of behavior that constitutes harassment and covert gang stalking without the Plaintiff's consent or due process." *Id.* Plaintiff maintains that, "[a]s a result of the Defendants' actions, the Plaintiff suffered emotional financial, and personal harm." *Id.*

Plaintiff's Complaint asserts general claims for "harassment" under T.C.A. § 39-17-308 and "stalking" under T.C.A. § 39-17-315 (both provisions of the Tennessee Criminal Code). *Id.* at p. 4, ¶ 5. Plaintiff seeks numerous forms of relief, namely:

1. Funding to establish Plaintiff's apothecary business;

2. A "generous amount" to assist Plaintiff in building a number of businesses, a Women and Children's Abuse Safe Center, and an Abuse Shelter for Men and Family in both the United States and Nigeria;

3. Complete payoff of Plaintiff's mortgage debt;

4. Complete payoff of Plaintiff's car note;

5. Complete payoff of Plaintiff's credit card debt;

6. Purchasing of "acres of farmland with a lake or pond in Tennessee" for Plaintiff's "agricultural endeavors;"

7. A "[l]og house built to [Plaintiff's] design;"

8. An aquaponic system and greenhouse;

9. Procurement of farm produce and animals;

10. A barn and all necessary farm equipment;

11. A building for Plaintiff's "employees;"

12. A formal public apology;

13. Reimbursement for legal fees (even though Plaintiff is pro se);

14. Credit repair;

15. Financial counseling;

16. Mental health support;

17. Public awareness campaign "to educate others about the risks and consequences of community gang-stalking;"

18. Start-up salaries for employees for a period of 5 years; and

19. Injunctive relief "to prevent further harassment and stalking."

ECF 1-1, pp. 4-5.

Plaintiff filed her initial Complaint in the Circuit Court of Montgomery County, Tennessee on January 31, 2025. On February 5, 2025, Plaintiff mailed a copy of the Summons and Complaint in this action to Pennymac's office located at 3043 Townsgate Road #200, Westlake Village, California 91361 via United States Postal Service (USPS) Prior Mail (Tracking Number 9510 8132 4938 5036 9222 42). Pennymac received the Summons and Complaint sent via USPS Priority Mail on February 10, 2025.

The Social Security Administration and the United States Postal Service (the "U.S. Defendants") removed this case to this Court on March 11, 2025, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. ECF 1. Subsequent to the removal of the case to this Court, Pennymac's Tennessee registered agent (C T Corporation System) received a copy of the state court Summons (but not the Complaint) via United States Postal Service Priority Mail on March 19, 2025.

Plaintiff's Complaint should be dismissed as against Pennymac for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process upon the expiration of the 90-day period for Plaintiff to effectuate service under Rule 4(m), as the mailing of the Summons and Complaint to Pennymac's office in California (prior to the removal of this case to this Court) failed to satisfy the requirements of Tennessee Rule of Civil Procedure 4.05 for service on out of state defendants. Further, Plaintiff's subsequent mailing of a state court Summons (but not the Complaint) to Pennymac's registered agent in Tennessee following the removal of this case

to this Court was likewise not sufficient to satisfy the service requirements of Rule 4. Alternatively, the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted, for the reasons set forth below.

## **ARGUMENT AND CITATION OF AUTHORITY**

A. <u>Legal Standard for Motion to Dismiss</u>

Under FRCP 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (alteration supplied). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)); *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965; *see also Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949-50 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth."). Rather, Plaintiff is required to make factual allegations which are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put simply, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (alteration in original) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1955).

In considering a motion to dismiss, the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). Rather, a plaintiff is required to provide the grounds showing entitlement

4

to relief, and this requires more than labels, conclusions, and a formulaic recitation of the elements. Id. When "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," then dismissal is appropriate. *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012).

"While courts liberally construe pro se pleadings, even a pro se complaint must satisfy the plausibility standard." *Muhammad v. Jenkins*, No. 22-2053-SHL-tmp, 2022 WL 3344228, at *2 (W.D. Tenn. Apr. 27, 2022), report and recommendation adopted at 2022 WL 3337731 (W.D. Tenn. May 27, 2022). "'Courts "have no obligation to act as counsel or paralegal" to pro se litigants.'" *Id.* (quoting *Matthews v. City of Memphis*, No. 2:14-cv-02094, 2014 WL 3049906, at *1 (W.D. Tenn. July 3, 2014)). "'Courts are also not "required to create" a pro se litigant's claim for him.'" *Id.* (quoting *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)). "Pro se status is not 'an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Bruce v. Great Britain*, No. 3:17-cv-285, 2017 WL 11666484, at *3 (E.D. Tenn. Dec. 18, 2017) (quoting *In re Polyurethan Foam Antitrust Litig.*, 165 F.Supp.3d 664, 666 (N.D. Ohio 2015)).

B. <u>Plaintiff's Complaint Should be Dismissed as to Pennymac for Insufficiency of Process and Insufficiency of Service of Process Because Plaintiff Failed to Comply with the Requirements of Tennessee Rule of Civil Procedure 4.05 and Federal Rule 4.</u>

As previously discussed herein, *supra*, Plaintiff mailed a mailed a copy of the Summons and Complaint in this action to Pennymac's office located at 3043 Townsgate Road #200, Westlake Village, California 91361 via United States Postal Service (USPS) Prior Mail (Tracking Number 9510 8132 4938 5036 9222 42). Pennymac received the Summons and Complaint sent via USPS Priority Mail on February 10, 2025. Subsequent to the removal of the case to this Court on March 11, 2025 (ECF 1), Pennymac's Tennessee registered agent (C T Corporation System) received a

copy of the state court Summons (but not the Complaint) via United States Postal Service Priority Mail on March 19, 2025.

"'Because the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding.'" *300 Kate Street Partners, LLC v. NIS Trading, Inc.*, No. M2020-01253-COA-R3-CV, 2021 WL 5013747, at *3 (Tenn. Ct. App. Oct. 28, 2021) (quoting *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008)). Under Federal Rule 4, service upon a limited liability company (such as Pennymac) can be accomplished either by serving the limited liability company in the manner prescribed by Rule 4(e)(1) for serving an individual (Fed. R. Civ. P. 4(h)) or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" (Fed. R. Civ. P. 4(e)(1)).[1] "[R]ather than being 'some mindless technicality,' proper service of process is an essential prerequisite to the Court gaining personal jurisdiction over the defendant." *Collett v. Kennedy, Koontz & Farinash*, No. 3:14-CV-552-TAV-HBG, 2015 WL 7254301, at *3 (E.D. Tenn. Aug. 14, 2015) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).

Pennymac is a foreign limited liability company that maintains a registered agent for service of process in the State of Tennessee. However, Plaintiff initially elected not to attempt service on Pennymac's registered agent for service of process in Tennessee (C T Corporation System), and instead elected to mail a copy of the Summons and Complaint to Pennymac's principal office located at 3043 Townsgate Road #200, Westlake Village, California 91361 via

---

[1] There is no evidence in the record demonstrating that Plaintiff has made or attempted personal service on Pennymac's registered agent in Tennessee.

USPS Priority Mail. Tennessee Rule of Civil Procedure 4.05(4) provides that when service of process is made outside the State of Tennessee,

> Service by mail upon a partnership or unincorporated association (including a limited liability company) that is named defendant under a common name shall be addressed to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association.

Tenn. R. Civ. P. 4.05(4).[2] Under Tennessee law, "'[s]ervice of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure.'" *300 Kate Street Partners, LLC v. NIS Trading, Inc.*, No. M2020-01253-COA-R3-CV, 2021 WL 5013747, at *3 (Tenn. Ct. App. Oct. 28, 2021) (quoting *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (internal citation omitted)).

Here, because Plaintiff's initial mailing of the Summons and Complaint was addressed only to Pennymac generally, and not to a partner, managing agent, officer, or to an agent authorized by appointment or by law to receive service of process on behalf of Pennymac, Plaintiff's attempted service on Pennymac via USPS Priority Mail was insufficient as a matter of Tennessee law. Further, Plaintiff's attempt to serve Pennymac's Tennessee registered agent with a copy of the *state court* Summons (but not the Complaint) by mail following the removal of this case to this Court on March 11, 2025 (ECF 1) was likewise ineffective, as the state court no longer had jurisdiction over this case at that time.

---

[2] Tennessee Rule of Civil Procedure 4.04, applicable to service on defendants within the State of Tennessee, similarly provides that service may be made,

> Upon a partnership or unincorporated association (including a limited liability company) which is named defendant under a common name, by delivering a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association.

Tenn. R. Civ. P. 4.04(3).

Pennymac recognizes that the 90-day time period for Plaintiff to serve Pennymac with process under Rule 4(m) has not yet elapsed as of the filing of this motion. However, in the event Plaintiff fails to properly serve Pennymac with process in accordance with Rule 4 following the expiration of this 90-day time period, Pennymac should be dismissed as a party-defendant in this case for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process, pursuant to Federal Rules 12(b)(2), (4), and (5).

C. <u>Plaintiff's Complaint Should be Dismissed for Failure to State a Claim Because the Criminal Statutes Cited by Plaintiff Do Not Provide Plaintiff with a Private Civil Cause of Action</u>.

Plaintiff's Complaint alleges that Pennymac and the other named defendants took unspecified actions that "constitute a violation of Plaintiff's rights under Tennessee Code Annotated § 39-17-308 (Harassment) and § 39-17-315 (Stalking)." ECF 1-1, p. 4, ¶ 5. These claims should be dismissed because the cited statutes are criminal statutes that do not provide Plaintiff with a private civil cause of action against Pennymac.

Tennessee Code Annotated § 39-17-308 provides, in pertinent part, as follows:

(a) A person commits an offense who intentionally:

> (1) Communicates a threat to another person, and the person communicating the threat:
>
>> (A) Intends the communication to be a threat of harm to the victim; and
>>
>> (B) A reasonable person would perceive the communication to be a threat of harm;
>
> (2) Communicates with another person without lawful purpose, anonymously or otherwise, with the intent that the frequency or means of the communication annoys, offends, alarms, or frightens the recipient and, by this action, annoys, offends, alarms, or frightens the recipient;

> (3) Communicates to another person, with intent to harass that person, that a relative or other person has been injured or killed when the communication is known to be false;
>
> (4) Communicates with another person or transmits or displays an image without legitimate purpose with the intent that the image is viewed by the victim by any method described in subdivision (a)(1) and the person:
>
>> (A) Maliciously intends the communication to be a threat of harm to the victim; and
>>
>> (B) A reasonable person would perceive the communication to be a threat of harm; or
>
> (5) Engages in bullying or cyber-bullying.

Tenn. Code Ann. § 39-17-308(a). There is no private civil right of action available for violations of Tennessee Code § 39-17-308, a criminal statute. *See Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2018 WL 7348026, at *6 (W.D. Tenn. Oct. 23, 2018) (citing *Molthan v. Vanderbilt Univ.*, No. 3:17-CV-00706, 2017 WL 1489099, at *3 (M.D. Tenn. Apr. 26, 2017) (no private right of action under T.C.A. § 39-17-308)), report and recommendation adopted in relevant part at 2019 WL 313203 (W.D. Tenn. Jan. 24, 2019). Accordingly, any claim asserted by Plaintiff based upon an alleged violation of Tennessee Code § 39-17-308 must be dismissed. *See id*.

Similarly, there is no private civil cause of action available for an alleged violation of Tennessee Code § 39-17-315. In determining whether a criminal statute provides for a private cause of action, Tennessee courts examine: (1) whether "the plaintiff [is] one of the class for whose especial [sic] benefit the statute was enacted," (2) whether "there [is] any indication of legislative intent, explicit or implicit, either to create or deny [a private cause of action]," and (3) whether "the private cause of action [is] consistent with the underlying purposes of the legislation." *Buckner v. Carlton*, 623 S.W.2d 102, 105 (Tenn. Ct. App. 1981), *superseded by statute on other grounds*, Act of May 24, 1984, Tenn. Pub. Acts, ch. 972, 1026, as recognized in *Lucas v. State*, 141

S.W.3d 121, 129, 137 (Tenn. Ct. App. 2004). Here, Plaintiff's Complaint contains no allegations that would support the conclusion that Plaintiff is a member of the class of persons sought to be protected under the anti-stalking statute or that the provision of a private civil cause of action to Plaintiff would be consistent with the purposes of the criminal anti-stalking statute. Accordingly, these claims must be dismissed.

> D. Plaintiff's Complaint Should be Dismissed in Any Event Due to Plaintiff's Failure to Allege Any Factual Allegations Regarding the Alleged Conduct of Pennymac.

Even if the aforementioned criminal statutes did provide Plaintiff with a private civil cause of action against Pennymac (which they do not), Plaintiff's Complaint completely fails to set forth *any* factual allegations regarding alleged actions or inactions of Pennymac that would support a viable claim for relief against Pennymac in this case. This failure renders the Complaint insufficient as a matter of law. *See White v. Colvin*, 2016 WL 2772241, at *2 (M.D. Tenn. May 17, 2016) ("Merely positing a theory of legal liability that is not supported by specific factual allegations does not state a claim for relief that survives a motion to dismiss, and complaint, even if filed *pro se*, is not saved from dismissal if it fails to state a plausible claim for relief." (citing *Iqbal*, 556 U.S. at 678-80)). Because Plaintiff's Complaint fails to meet the pleading standards mandated by *Iqbal*, *Twombly*, and Rule 8 for federal court pleadings, Plaintiff's Complaint must be dismissed for failure to state a claim. *See id.*

## CONCLUSION

Based on the foregoing, defendant PennyMac Loan Services, LLC respectfully requests that the Court **GRANT** the instant motion to dismiss and dismiss Pennymac from this action.

10
Case 3:25-cv-00288     Document 17     Filed 03/28/25     Page 10 of 12 PageID #: 55

DATED: March 28, 2025.                    Respectfully submitted,

                                                          **TROUTMAN PEPPER LOCKE LLP**

                                                          */s/Noah J. Mason*
                                                          Noah J. Mason
                                                          Tennessee Bar No. 034341
                                                          *noah.mason@troutman.com*
                                                          600 Peachtree Street NE, Suite 3000
                                                          Atlanta, GA 30308
                                                          (404) 870-4600 (Tel.)
                                                          *Attorney for Defendant PennyMac Loan Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I served the foregoing **DEFENDANT PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on the following parties first class U.S. Mail, postage prepaid:

> Dr. Regina Jordan-Sodiq, *pro se*
> 1757 Autumnwood Boulevard
> Clarksville, Tennessee 37042
> *Plaintiff*

> /s/Noah J. Mason
> Noah J. Mason
> Tennessee Bar No. 034341
> *Attorney for Defendant PennyMac Loan Services, LLC*