IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. REGINA JORDAN-SODIQ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:25-cv-00288 |
| v. ) | |
| ) | Judge Eli J. Richardson |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF HCA'S MOTION TO DISMISS

Plaintiff Dr. Regina Jordan-Sodiq ("Plaintiff"), proceeding *pro se*, alleges that dozens of individuals and entities, including two affiliate hospitals of Defendant HCA Health Services of Tennessee, Inc. ("HCA"), conspired to harass and "gang stalk" her over the past twenty years. This conspiracy, she claims, violated two of Tennessee's criminal statutes, and, for relief, she seeks a cornucopia of remedies, including full satisfaction of her car loan, the construction of a custom log home, and a formal public apology. (Compl., Doc. No. 1-1, at PageID 6–7.)

Even accounting for the lenience shown to *pro se* litigants, Plaintiff's slapdash Complaint must be dismissed. As a threshold matter, Plaintiff failed to properly serve HCA prior to this suit's removal from state court. Because the Constitution's Due Process Clause requires that even *pro se* litigants strictly adhere to the rules surrounding service of process, this fact alone requires this suit's dismissal. Fed. R. Civ. P. 12(b)(5). Had Plaintiff properly served HCA, however, her Complaint would still warrant dismissal for lack of

substance. Plaintiff's factual allegations amount to nothing more than unsupported legal conclusions, and her two causes of action — Tenn. Code Ann. §§ 39-17-308 and 39-17-315 — are criminal statutes that Plaintiff lacks the authority to enforce. So, setting aside issues of service, Plaintiff's Complaint also fails to state a plausible claim to relief. Fed. R. Civ. P. 12(b)(6). Absent effective service of process, bona fide factual allegations, or actionable legal claims, Plaintiff's Complaint is entirely inert. HCA therefore respectfully requests that this Court grant its Motion and dismiss Plaintiff's claims against it *with prejudice.*

## BACKGROUND

On January 31, 2025, Plaintiff filed a *pro se* civil action in the Montgomery County Circuit Court naming over two dozen defendants, including "Centennial Hospital Nashville, TN" and "Summit TriStar Hospital Clarksville, TN," two affiliate hospitals of HCA. (Compl., Doc. No. 1-1, at PageID 4.) In a conclusory manner, the Complaint alleges "harassment," "covert gang stalking," and a conspiracy among the Defendants "to engage in a pattern of behavior that constitutes harassment and covert gang stalking without the Plaintiff's consent or due process." (*Id.* ¶ 4, at PageID 6.) For causes of action, Plaintiff references Tenn. Code Ann. §§ 39-17-308 and 39-17-315, which are criminal statutes outlining the offenses of Harassment and Stalking, respectively.

Plaintiff's allegations of harassment, stalking, and conspiracy do not mention HCA or its affiliates by name, and nowhere in her Complaint does Plaintiff identify any actions or omissions by HCA or its affiliates specifically. The bulk of the Complaint is dedicated to Plaintiff's demands for relief, which include, among many other requests, full payment
2

of Plaintiff's debts, the provision of a fully functioning farm with animals, employees, a log house, and an "Aquaponic System and Greenhouse," and financial counseling to help Plaintiff "rebuild and manage [her] finances." (Compl., at PageID 6–7.) Although her demands are largely unconnected to her allegations, Plaintiff also seeks injunctive relief "to prevent further harassment and stalking" and a formal public apology for the Defendants' alleged harassment. (*Id.* at PageID 7.)

Included among the Defendants are the Social Security Administration and the United States Postal Service. (*Id.* at PageID 4.) On March 11, 2025, the United States of America removed this action, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, to the United States District Court for the Middle District of Tennessee on these Defendants' behalf. (Notice of Removal, Doc. No. 1, at PageID 1.) As of the filing of this Memorandum and accompanying Motion, Plaintiff has not moved for remand.

## ARGUMENT

**I.   When serving process on a Tennessee corporation by mail, the process server must serve the corporation's authorized agent and file the endorsed summons, an affidavit of compliance with the Rules, and the signed return receipt with the Court. Plaintiff did none of these things, so her attempted service on HCA was ineffective.**

Plaintiff's Complaint should be dismissed for ineffective service of process. *See* Fed. R. Civ. P. 12(b)(5). When serving process on a Tennessee corporation by mail, the individual serving process must serve the corporation's authorized agent or officer, endorse the summons, attest compliance with Tenn. R. Civ. P. 4, and file the signed return receipt with the Court. *See* Tenn. R. Civ. P. 4.03(2), 4.04(4). Because Plaintiff failed to satisfy

3

Case 3:25-cv-00288   Document 19   Filed 03/28/25   Page 3 of 12 PageID #: 63

these requirements, her attempted service of process on HCA was ineffective, and her Complaint must be dismissed. Fed. R. Civ. P. 12(b)(5).

"[T]he requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir.1987)). Quite the opposite, effective service of process is an indispensable precursor to this Court's exercise of personal jurisdiction, and only upon adequate service will a defendant's obligation to appear and respond to the complaint arise. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–51 (1999).

Where a Tennessee plaintiff attempts to effectuate service prior to removal, Tennessee law — specifically, Rule 4 of the Tennessee Rules of Civil Procedure — governs the adequacy of Plaintiff's attempted service. *See Genesis Diamonds, LLC v. John Hardy, Inc.*, 2016 WL 3478915, at *3 (M.D. Tenn. June 27, 2016); *see also* 4A Wright & Miller, *Federal Practice and Procedure* § 1082 ("[I]n determining the validity of service in the state court prior to removal, a federal court must apply the law of the state."). In that vein, Tennessee's courts require "strict compliance" with Rule 4's provisions to effectuate proper service. *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) ("Service of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure."). And neither a plaintiff's *pro se* status nor actual notice to the defendant abrogates Rule 4's requirements. *See Holmes v. Gonzalez*, 2010 WL 1408436, at *5 (E.D. Tenn. Apr. 2, 2010) (dismissing *pro se* complaint served by mail, despite actual notice to defendant, where service was non-compliant with Tenn. R. Civ. P. 4.03 and 4.04); *see also Hall v. Haynes*,

4

319 S.W.3d 564, 574 (Tenn. 2010) ("[A]ctual notice does not excuse the failure to serve process in compliance with our Rules of Civil Procedure.").

Service by mail on Tennessee corporations must adhere to the specific provisions in Tennessee Rules of Civil Procedure 4.03(2) and 4.04(4). Under Rule 4.03(2), service by mail is complete when the process server sends the clerk (and the clerk files) (1) the signed summons (complete with dates of mailing and return of the summons to and from the defendant), (2) the process server's affidavit of compliance with Rule 4, and (3) a return receipt signed by the defendant or its authorized agent. Tenn. R. Civ. P. 4.03(2). Additionally, under Rule 4.04(4), service upon a Tennessee corporation can be made only

> by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4).

Plaintiff failed to comply with any of the required procedures under Tennessee Rules of Civil Procedure 4.03(2) and 4.04(4), and her Complaint against HCA therefore must be dismissed. Fed. R. Civ. P. 12(b)(5); *Hall*, 319 S.W.3d at 574. As to Rule 4.03(2), Plaintiff failed to file a signed summons, failed to state on the summons when she mailed process or when she received a return receipt, failed to attest to her compliance with Rule 4, and failed to file a signed return receipt. Tenn. R. Civ. P. 4.03(2). As to Rule 4.04(4), Plaintiff merely mailed a copy of the summons and complaint by priority mail to the front desk of one of HCA's affiliate hospitals. Because Plaintiff failed to file a signed return receipt, it is unclear who received the mailed summons, whether that person signed for the

5

mailing, and whether that person was authorized to receive process on HCA's behalf. *See Hall*, 319 S.W.3d at 574 (service on corporate defendant by mail effective only if accepted by an individual with "specific authority to receive and accept service of process for the defendant"). Even assuming the person who received the summons and complaint was an HCA employee authorized to receive *mail* on the Company's behalf, that fact by itself would be insufficient to show effective service, as service on a corporation via its employee is effective only if the recipient employee is authorized to receive *process*. *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002). In any event, it is Plaintiff's burden to demonstrate adequate service by mail, and she has entirely failed to meet any of Rule 4's requirements. *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Because due process demands strict compliance with Rule 4, the Court can and should dismiss Plaintiff's Complaint for this reason alone. Fed. R. Civ. P. 12(b)(5).

II. **To state a plausible claim for relief, a plaintiff must plead facts sufficient for the court to reasonably infer that the defendant is liable for the misconduct alleged. Plaintiff does not plead any facts related to HCA or identify a cause action for which HCA can be held liable, so her Complaint fails to state a claim for relief, and it must be dismissed.**

Aside from Plaintiff's failure to properly serve HCA, Plaintiff's Complaint should also be dismissed because it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth a plausible claim for relief — that is, the complaint must allege facts sufficient, when taken as true, for the Court to reasonably infer that the defendant is liable for the wrongdoing alleged. *Lindke v. Tomlinson*, 31 F.4th 487, 495–96 (6th Cir. 2022). Because

6

Plaintiff fails to allege any facts related to HCA or, what's more, even identify a cause of action for which HCA can be held liable, the Court lacks a basis upon which it could reasonably infer that HCA committed any legally actionable misconduct. Plaintiff's Complaint therefore fails to state a plausible claim for relief and must be dismissed. Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lindke*, 31 F.4th at 495–96 (quoting *Middlebrooks v. Parker*, 15 F.4th 784, 789 (6th Cir. 2021)). A claim is plausible on its face when the plaintiff's version of the facts allows the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Middlebrooks*, 15 F.4th at 789).

In analyzing a Rule 12(b)(6) motion, the court must accept as true only the complaint's well-pleaded factual allegations, and allegations that amount to no more than legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To be sure, pleadings drafted by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). But while the court must "liberally construe" the allegations made in a *pro se* complaint, the court "cannot create a claim which a plaintiff has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1979)). Without question, "[i]t is the plaintiff, not

the court, who must set forth a coherent cause of action." *Molthan v. Vanderbilt Univ.*, 2017 WL 1489099, at *1 (M.D. Tenn. Apr. 26, 2017).

Here, Plaintiff fails to state a coherent cause of action against HCA for at least two reasons. For one, Plaintiff's Complaint contains no well-pled factual allegations against HCA (or any other defendant, for that matter) that the Court must accept as true. Reprinted in full, Plaintiff's factual claims are as follows:

> Since 2005 and continuing to the present, the Plaintiff has been subjected to harassment and covert gang stalking by the Defendants. The Defendants conspired to engage in a pattern of behavior that constitutes harassment and covert gang stalking without Plaintiff's consent or due process. The Plaintiff alleges that Fifth Third Bank participated in covert harassment as part of the gang stalking. As a result of the Defendants' actions, the Plaintiff suffered emotional, financial, and personal harm.

(Compl. ¶ 4.)

The first three sentences in this threadbare 'factual' recitation are nothing more than legal conclusions couched as facts. In alleging "harassment," "stalking," and a conspiracy to harass and stalk, Plaintiff merely restates the names of two Tennessee criminal offenses and then accuses the Defendants, absent any specificity, of committing and conspiring to commit those offenses. It goes without saying that the names and titles of statutory sections — criminal or otherwise — are not adequate substitutes for factual allegations, and the Court is under no obligation to accept Plaintiff's unsupported legal conclusions as true. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

After discarding these conclusory legal statements, the sole remaining allegation in the "Facts" portion of Plaintiff's Complaint is her assertion that, "[a]s a result of the

8

Defendants' actions, the Plaintiff suffered emotional, financial, and personal harm." (Compl., ¶ 4.) To the extent this contention is factual as opposed to legal, such a formless accusation of wrongdoing cannot support the weight of an entire complaint. *See Boxill v. O'Grady*, 935 F.3d 510, 517 (6th Cir. 2019) ("While the complaint need not contain 'detailed factual allegations,' it must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'") (quoting *Iqbal*, 556 U.S. at 678). To the extent the contention is instead a legal one, it is equally as conclusory, and thus flawed, as the three contentions that precede it. Whatever the case may be, the bottom line is that Plaintiff's Complaint lacks any bona fide facts that provide notice to HCA of the specific wrongdoing alleged. There are no facts in Plaintiff's Complaint that the Court must credit as true, and, for that reason, Plaintiff's Complaint is dead on arrival.

Even if it contained facts that the Court could credit as true, however, Plaintiff's Complaint — which is premised on HCA's alleged violation of two criminal statutes — would remain deficient for another reason: the absence of a valid cause of action. Tennessee law contains no general provision granting a private right of action to individual citizens to enforce the State's criminal code. On the contrary, "Tennessee law requires that private rights of action be *expressly provided for* in the relevant statute." *King v. Shoate*, 2023 WL 4188051, at *4 (E.D. Tenn. June 26, 2023) (citing Tenn. Code Ann. § 1-3-119) (emphasis added). So, to the extent Plaintiff brings a *civil* action for Defendants' alleged violation of *criminal* statutes, it is Plaintiff's burden to demonstrate the existence of a private right of action empowering her to bring such a claim. *Lowery v. Redmond*, 2022

9

Case 3:25-cv-00288   Document 19   Filed 03/28/25   Page 9 of 12 PageID #: 69

WL 1618218, at *6 (Tenn. Ct. App. May 23, 2022) (citing *Hardy v. Tournament Players Club at Southwind, Inc.*, 513 S.W.3d 427, 434 (Tenn. 2017)).

Plaintiff makes no effort to meet this burden, and for good reason — courts applying Tennessee law have repeatedly held that neither Tenn. Code Ann. § 39-17-308 nor § 39-17-315 provides a private right of action. *See Reid v. Pressley*, 2019 WL 5580216, at *1 n.1 (E.D. Tenn. Oct. 29, 2019); *Hastings v. Shelby Cnty. Gov't*, 2018 WL 7348026, at *6 (W.D. Tenn. Oct. 23, 2018), *report and recommendation adopted as modified*, 2019 WL 313203 (W.D. Tenn. Jan. 24, 2019); *Molthan*, 2017 WL 1489099, at *3; *Ragland v. F & M Koz, Inc.*, 2022 WL 945317, at *4 (W.D. Tenn. Mar. 29, 2022). Without an express provision providing a private right of action, the Court is powerless to read an implied right into either statute. *See Lowery*, 2022 WL 1618218, at *6 (citing Tenn. Code Ann. § 1-3-119). Plaintiff thus cannot bring a civil action to prosecute violations of the two statutes she cites in her Complaint, and her vague allegations of wrongdoing — in addition to lacking any factual support — lack an actionable legal right. Devoid of both facts and law, Plaintiff's Complaint must be dismissed. Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, the HCA respectfully moves for the dismissal of this matter with prejudice.

Respectfully submitted,


*/s/ Cole W. Schott*
Cole W. Schott (#040467)
W. Scott Sims (#017563)
SIMS|FUNK, PLC
3102 West End Ave., Suite 1100
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
cschott@simsfunk.com
ssims@simsfunk.com

*Attorneys for HCA*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by email pursuant to Tenn. R. Civ. P. 5.02(2)(a) this 28th day of March, 2025, upon the following:

| | |
|---|---|
| Dr. Regina Jordan-Sodiq<br>1757 Autumnwood Blvd.<br>Clarksville, TN  37042<br>G4818@yahoo.com<br><br>*Plaintiff pro se* | Noah J. Mason<br>TROUTMAN PEPPER LOCKE LLP<br>600 Peachtree St. NE, Suite 3000<br>Atlanta, GA  30308<br>noah.mason@troutman.com<br><br>*Attorney for Defendant PennyMac Loan Services, LLC* |
| Kimberly S. Veirs<br>Assistant United States Attorney<br>UNITED STATES ATTORNEY'S OFFICE<br>FOR THE MIDDLE DISTRICT OF TENNESSEE<br>719 Church St., Suite 3300<br>Nashville, TN  37203<br>kimberly.veirs@usdoj.gov<br><br>*Attorney for Social Security Administration and the United States Postal Service ("USA Defendants")* | John H. Dollarhide<br>Bo Murphy<br>BUTLER SNOW LLP<br>1320 Adams St., Suite 1400<br>Nashville, TN  37208<br>john.dollarhide@butlersnow.com<br>bo.murphy@butlersnow.com<br><br>*Attorneys for Defendant Regions Bank* |
| Jason W. Callen<br>K&L GATES LLP<br>501 Commerce St., Suite 1500<br>Nashville, TN  37203<br>jason.callen@klgates.com<br><br>*Attorney for Defendant Amazon.com, Inc.* | |

                                                    */s/ Cole W. Schott*
                                                  Cole W. Schott

4901-5042-0012, v. 6