# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DR. REGINA JORDAN-SODIQ, | ) |
| Plaintiff, | ) ) ) Civil Action Number 3:25-CV-00288 |
| v. | ) District Judge Eli Richardson ) Jury Demand |
| STATE OF TENNESSEE, *et al.*, | ) ) |
| Defendants. | ) |

## DEFENDANT FIFTH THIRD BANK'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

**COMES NOW** Defendant Fifth Third Bank, National Association ("Fifth Third" or "Defendant"), by and through counsel, files this memorandum of law in support of its Motion to Dismiss Plaintiff Dr. Regina Jordan-Sodiq's ("Plaintiff") Complaint and states as follows:

### I. Introduction

Plaintiff, who is proceeding *pro se*, has filed the instant Complaint, which alleges "harassment and covert gang stalking," against thirty-two defendants.[1] First, the Complaint warrants dismissal because it can only be characterized as a shotgun-style pleading. Second, Plaintiff asserts claims under Tennessee criminal statutes for harassment, T.C.A § 39-17-308, and stalking, T.C.A. § 39-17-315, for which there is no private right of action. But, even if Plaintiff was able to bring claims under the Tennessee criminal statutes, which she cannot, Plaintiff fails to articulate any facts that support Fifth Third harassed or stalked her. Finally, Plaintiff's claim for conspiracy should be dismissed because she does not plead the elements with particularity. Finally, Fifth Third was never properly served in this matter, and as such, the Complaint is also due to be

---

[1] On March 11, 2025, Defendants Social Security Administration and the U.S. Postal Service removed this case to this Court. On March 12, 2025, Fifth Third filed a Motion to Dismiss and a supporting memorandum in response to Plaintiff's Complaint in the Montgomery County Circuit Court. Fifth Third now files the instant Motion to Dismiss and supporting memorandum for consideration in this Court.

dismissed for insufficient service of process. For these reasons and those explained more fully herein, the Complaint is due to be dismissed, pursuant to Fed. R. Civ. P. 12 (b)(5) and(6).

## II. Factual Summary

In a shotgun-style pleading, Plaintiff asserts legally unviable claims for harassment, T.C.A §39-17-308, and stalking, §39-17-315, and civil conspiracy. Plaintiff's claims are brought against seemingly unrelated "defendants" collectively. Plaintiff asserts the following, which makes up the basis of her claims: "[s]ince 2005 and continuing to the present, the Plaintiff has been subjected to harassment and covert gang stalking by the Defendants." (*See* Compl., p. 3). Specifically against Fifth Third, Plaintiff alleges, "Fifth Third participated in the covert harassment as part of the gang stalking." *See id*. Plaintiff also cites T.C.A §39-17-308 and §39-17-315 as the authority for her harassment and stalking claims. *See id*. Plaintiff goes on to allege conspiracy claiming, "[t]he Defendants conspired to engage in a pattern of behavior that constitutes harassment and covert gang stalking without the Plaintiffs consent or due process." *Id*. Based on these allegations, Plaintiff's request for relief seeks, among other things, "Funding to Establish My Apothecary Business," "Setting Up an Aquaponic System and Greenhouse," "Log Cabin Built to My Design" and "Providing Farm Produce and Animals." (*See* Compl., p. 3-4).

## III. Standard of Review

### A. Failure to State A Claim Upon Which Relief Can Be Granted Standard.

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

### B. Insufficient Service of Process Standard

Proper service of process is required before a district court can properly exercise personal jurisdiction over a defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint due to insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). When a

defendant files a Rule 12(b)(5) motion to dismiss challenging sufficiency of service of process, the plaintiff bears the burden of proving that proper service was made. *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Where service of process is found to be ineffective, the court has discretion to either dismiss the action or to quash the service which has purportedly been made on the defendant. *Buck v. Union Trustees of Plumbers & Pipefitters Nat. Pension Fund of Plumbers & Pipefitters Int'l*, 70 F.R.D. 530 (E.D. Tenn. 1975). The typical remedy for failure to properly effect service of process is dismissal without prejudice. *Elkins v. Summit Cty., Ohio*, 2008 WL 622038, at *2 (N.D. Ohio Mar. 5, 2008). Additionally, Courts may consider "record evidence and uncontroverted affidavits" in determining a motion under 12(b)(5). *See Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755 (M.D. Tenn. 2021) (citing *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015) (quoting *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006)); *see also Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd,* 917 F.3d 471 (6th Cir. 2019) ("Because the pleadings themselves will typically shed no light on service issues, motions to dismiss [under Rule 12(b)(5)] need not be treated as motions for summary judgment even if they are supported by affidavits or other evidence outside the pleadings.")).

### IV. Legal Argument

### A. The Complaint's Lack of Clarity and Specificity is Enough, Alone To Justify Dismissal of the Complaint.

The Federal Rules of Civil Procedure and the U.S. Supreme Court have set pleading standards beneath which no complaint may travel. Even considering Plaintiff's *pro se* status, the Complaint is so generic and vague that it falls well below the standards articulated by Fed. R. Civ. P. Rule 8(a)(2) and in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2006). Plaintiff has failed to assert factual allegations that would raise their right to

relief beyond the speculative level. The majority of Plaintiff's allegations are directed against the thirty-two "defendants" generally, without specific mention of the individual defendants.[2] As such, it is impossible for Fifth Third to know which allegations are asserted against it. Plaintiff's lack of pleading clarity and specificity is enough, alone, to justify dismissal of the Complaint.

As discussed below, Plaintiff's Complaint is also substantively deficient. Even if all of Plaintiff's allegations are accepted as true for the purposes of this motion, the Complaint still fails to state any claim for relief against Fifth Third. Plaintiff does not even attempt to recite the elements of any cause of action against Fifth Third, which in any event would be inadequate to survive a motion to dismiss. Plaintiff's Therefore, this Court must dismiss Plaintiff's lawsuit as to Fifth Third, pursuant to Fed. R. Civ. P. 12(b)(6).

**B.   Plaintiff Fails to State A Claim Because the Criminal Statutes Do Not Provide a Private Right of Action.**

Plaintiff alleges claims for violations of criminal provisions for which there is no private cause of action. Tennessee law requires that private rights of action be expressly provided for in the relevant statute. *See King v. Shoate*, No. 20-CV-1145-SHM-CGC, 2023 WL 4188051, at *4 (W.D. Tenn. June 26, 2023) (citing Tenn. Code Ann. § 1-3-119). There is no indication that the Tennessee criminal statutes for harassment, T.C.A §39-17-308, or stalking, T.C.A. §39-17-315, have been construed to provide private rights of actions. Indeed, courts applying Tennessee law have dismissed claims brought for harassment and stalking by private individuals. *See Ragland v. F & M Koz, Inc.*, No. 221-cv-02530, 2022 WL 945317, at *4-5 (W.D. Tenn. Mar. 29, 2022)

---

[2] Plaintiff's claims are quintessential examples of the "shotgun" pleading style criticized by the federal courts within the Sixth Circuit. Though "shotgun pleading" comes in a variety of types, the characteristic unifying all types of shotgun pleadings is that they make it "virtually impossible for a defendant to know which allegations of fact are intended to support which claims for relief." *King v. G4S Secure Sols. (USA) Inc.*, No. 1:18 CV 448, 2019 WL 858672, at *4 (N.D. Ohio 2019) (citing *Kabir v. Postmaster Gen. United States Postal Serv.*, No. 2:09-cv-01061, 2011 WL 3812657, at *1 (S.D. Ohio 2011); *see also Bonner v. Equifax Info. Servs., LLC*, No. 5:20-CV-00175-TBR, 2021 WL 4392955, *2 (W.D. Ky. Sept. 24, 2021) ("A shotgun pleading is a pleading that 'fails to provide notice regarding which specific defendant is liable for which count.'").

(granting motion to dismiss because "individuals have no private right of action" under T.C.A. § 39-17-308); *Molthan v. Vanderbilt Univ.*, No. 3:17-cv-00706, 2017 WL 1489099, at *3 (M.D. Tenn. Apr. 26, 2017) (dismissing claims based on state criminal statutes, including T.C.A §39-17-308 and T.C.A. §39-17-315, because "they do not create private causes of action"). As such, Plaintiff's claims for criminal harassment and stalking warrant dismissal for this reason alone.

### C. **Plaintiff Cannot Establish a Claim for Harassment or Stalking.**

But even if the criminal statutes conferred a private right of action, which they do not, Plaintiff has not set forth any factual allegations that would show that Fifth Third "harassed" or "stalked" Plaintiff as contemplated under the statutes. Stalking is defined as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." T.C.A. § 39-17-315(a)(4), (b)(1). A person commits the offense of harassment when he intentionally "[c]ommunicates a threat to another person, and the person communicating the threat: (A) [i]ntends the communication to be a threat of harm to the victim; and (B) [a] reasonable person would perceive the communication to be a threat of harm." *See* T.C.A. § 39-17-308(a)(1)(A), (B).

Here, Plaintiff has failed to articulate sufficient factual allegations in order to state a claim for criminal harassment or stalking. Plaintiff does not even attempt to recite the elements of the causes of action against Fifth Third, which in any event would not survive a motion to dismiss. In support of her claims, Plaintiff relies on the conclusory assertion that "Fifth Third participated in the covert harassment as part of the gang stalking." *See* Compl., at p.3. Accordingly, Plaintiff cannot establish claims for criminal harassment or stalking, and the claims warrant dismissal.

60369995 v2

6

Case 3:25-cv-00288    Document 22    Filed 04/01/25    Page 6 of 10 PageID #: 85

Finally, while Plaintiff's request for damages is verbose, the only relief under T.C.A. § 39-17-315 is an order of protection. *See, e.g.*, *Purifoy v. Mafa*, 556 S.W.3d 170, 188–92 (Tenn. Ct. App. 2017) (affirming trial court's grant of an order of protection based on defendant's alleged violations of T.C.A. § 39-17-315). A person who believes they have been the victim of stalking can apply for an order of protection pursuant to §36-3-605. But the party seeking an order of protection must file a petition with the court showing good cause for issuing the order. Tenn. Code Ann. § 36-3-605. Good cause includes "[a]n immediate and present danger of abuse to the petitioner." *Id.*

Here, Plaintiff has not set forth a basis for the requested relief that she seeks. Plaintiff's request for relief elaborately seeks, among other things, "Funding to Establish My Apothecary Business," "Setting Up an Aquaponic System and Greenhouse," "Log Cabin Built to My Design" and "Providing Farm Produce and Animals." (*See* Compl., p. 3-4). Plaintiff has not set forth the reasoning behind the requested relief, nor has she claimed to have sought or followed the procedures to obtain a protective order. Therefore, Plaintiff cannot recover damages for violations of T.C.A § 39-17-315 or § 36-3-605. Accordingly, Plaintiff has failed to state a claim for damages.

### D. **Plaintiff Fails to Articulate Facts With Particularity to Support a Claim for Conspiracy.**

In order to state a claim for civil conspiracy under Tennessee law, a plaintiff must establish that there was: "(1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury." *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006) (citing *Morgan v. Brush Wellman, Inc.,* 165 F.Supp.2d 704, 720 (E.D.Tenn.2001)). Moreover, it is well settled under Tennessee law that claims of civil conspiracy must contain more: they must be pled with particularity. *McGee v. Best*, 106 S.W. 3d 48, 64 (Tenn.

Ct. App. 2002) ("Vague and conclusory allegations unsupported by material facts will not be sufficient" to state a claim).

Here, Plaintiff offers no facts to support a claim for conspiracy. Plaintiff fails to assert any of the required elements including that: there was an agreement between Fifth Third and another party; or that Fifth Third engaged in an unlawful action; or the unlawful act as committed by one or more conspirators. Plaintiff, instead, relies on the assertion: "[t]he Defendants conspired to engage in a pattern of behavior that constitutes harassment and covert gang stalking without the Plaintiffs consent or due process." Based on this allegation, Plaintiff cannot be found to have alleged conspiracy with particularity because she alleges the same allegation indiscriminately against all defendants. As a result, Plaintiff's claim for conspiracy warrants dismissal as it has not been plead with sufficient particularity.

### E. Plaintiff's Complaint Should Be Dismissed For Insufficient Service of Process.

Plaintiff's Complaint should be dismissed for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). When serving process on a foreign corporation by mail, the individual serving process must serve the corporation's authorized agent or officer, endorse the summons, attest compliance with Tenn. R. Civ. P. 4, and file the signed return receipt with the Court. *See* Tenn. R. Civ. P. 4.03(2), 4.04(4). Where a plaintiff attempts to effectuate service prior to removal, Rule 4 of the Tennessee Rules of Civil Procedure governs the adequacy of Plaintiff's attempted service. *See Genesis Diamonds, LLC v. John Hardy, Inc.*, 2016 WL 3478915, at *3 (M.D. Tenn. June 27, 2016); *see also* 4A Wright & Miller, *Federal Practice and Procedure* § 1082 ("[I]n determining the validity of service in the state court prior to removal, a federal court must apply the law of the state.").

Service by mail on foreign corporations must adhere to the specific provisions in Tennessee Rules of Civil Procedure 4.03(2) and 4.04(4). Under Rule 4.03(2), service by mail is complete when

the clerk files the (1) the signed summons including dates of mailing and return of the summons to and from the defendant, (2) the process server's affidavit of compliance with Rule 4, and (3) a return receipt signed by the defendant or its authorized agent. Tenn. R. Civ. P. 4.03(2). Additionally, under Rule 4.04(4), service upon a foreign corporation transacting business in Tennessee is made by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation. Tenn. R. Civ. P. 4.04(4).

Plaintiff failed to comply with any of the required procedures under Tennessee Rules of Civil Procedure 4.03(2) and 4.04(4), and her Complaint against Fifth Third therefore must be dismissed. Fed. R. Civ. P. 12(b)(5); *Hall*, 319 S.W.3d at 574. Plaintiff did not comply with Rule 4.03(2), because she did not file a signed summons with a statement of when she mailed process or received a return receipt; failed to attest to her compliance with Rule 4; and did not file a signed return receipt. And as to Rule 4.04(4), Plaintiff merely mailed a copy of the summons and complaint to one of Fifth Third's branches in Cincinnati, Ohio. Because Plaintiff failed to file a signed return receipt, it is unclear who received the mailed summons, who signed for the mailing, and whether that person was authorized to receive process. *See Hall*, 319 S.W.3d at 574 (service on corporate defendant by mail effective only if accepted by an individual with "specific authority to receive and accept service of process for the defendant"). In any event, it is Plaintiff's burden to demonstrate adequate service by mail, and she has failed to meet Rule 4's requirements. *See Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Accordingly, the Court should dismiss Plaintiff's Complaint pursuant to 12(b)(5).

60369995 v2

9

Case 3:25-cv-00288    Document 22    Filed 04/01/25    Page 9 of 10 PageID #: 88

## V. Conclusion

The court should dismiss the Complaint because it does not set forth any discernible basis upon which Fifth Third could be held liable to Plaintiff under any cognizable cause of action. For all the foregoing reasons, Fifth Third respectfully requests that this Court issue an Order dismissing Plaintiff's Complaint in its entirety, with prejudice, and for other such relief as this Court deems just and proper.

Respectfully submitted this 1st day of April, 2025.

>  */s/ Katherine R. Rogers*
> Katherine R. Rogers (TN BPR No. 039382)
> Burr & Forman, LLP
> 222 2nd Avenue South, Suite 2000
> Nashville, TN 37201
> 615-724-3200 (office)
> 615-724-3290 (fax)
> krogers@burr.com
>
> *Attorney for Fifth Third Bank*

## CERTIFICATE OF SERVICE

I certify that on April 1, 2025 a true and correct copy of the foregoing has been served via e-mail and/or U.S. Mail, first-class postage pre-paid upon:

> Dr. Regina Jordan-Sodiq
> 1757 Autumnwood Blvd.
> Clarksville, TN 37402
> G4818@yahoo.com

> */s/ Katherine R. Rogers*