IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DR. REGINA JORDAN-SODIQ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:25-cv-00288 |
| ) | Judge Eli Richardson |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT REGIONS BANK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PRO SE PLAINTIFF'S COMPLAINT**

Defendant Regions Bank ("Regions") respectfully moves this Honorable Court to dismiss this action with prejudice under Federal Rules of Civil Procedure 4, 8, and 12. In support of its Motion, Regions states as follows:

## I. INTRODUCTION

Plaintiff Dr. Regina Jordan-Sodiq ("Plaintiff"), acting *pro se*, brought this action against an assortment of 32 defendants. ECF 1-1. After initially filing the Complaint in state court, a Regions employee located at a Kingsport, Tennessee bank branch, who is **not** authorized to accept service of process for Regions, received the Complaint via certified mail. In her Complaint, Plaintiff vaguely and speciously relies on two criminal statutes (Tenn. Code Ann. §§ 39-17-308 and 39-17-315). Plaintiff fails to aver any discernable allegations against Regions. Regions filed a Motion to Dismiss with the Montgomery County Circuit Court on March 5, 2025. Plaintiff filed a response to Regions' Motion to Dismiss on March 11, 2025.[1] Defendants Social Security

---

[1] Plaintiff's Response to Region's Montgomery County Circuit Court Motion to Dismiss contained facts not in her original Complaint (ECF 1-1). Plaintiff's Response further stated: "from

Administration and United States Postal Service removed the case to this Honorable Court on March 17, 2025, prior to the Montgomery County Circuit Court's resolution of Regions' Motion to Dismiss.

While Regions understands and sympathizes with the fact that Plaintiff is appearing before this Court *pro se*, she is not immune from following the pleading standards. Plaintiff's lack of coherent factual allegations incorporating a cogent legal theory of liability makes this matter ripe for dismissal. Accordingly, this Court should grant Regions' Motion to Dismiss in accordance with Federal Rules of Civil Procedure 4, 8, and 12.

## II. STANDARD OF REVIEW

Proper notice by sufficient service of process is a cornerstone of fair litigation. "Constitutional due process requires proper service of process in order for a federal court to obtain and exercise personal jurisdiction over a defendant." *Taylor v. Stanley Works*, No. 4:01-CV-120, 2002 WL 32058966, at *3 (E.D. Tenn. 2002) (citing *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co.,* 484 U.S. 97, 104 (1987)). Without proper service of process, defendants may be found responsible for causes of action they are otherwise completely unaware of without due process. *See Id.*

Fed. R. Civ. P. 4(h) governs the service of a corporation within the United States. Rule 4(h) requires service to be either, "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

---

approximately 2005 to 2008, Plaintiff, Dr. Regina Jordan-Sodiq, was subjected to a conservatorship imposed by Regions Bank. . .." Accordingly, by Plaintiff's own admissions, her baseless allegations against Regions are, at best, 17 years old. 17 years is clearly outside of any relevant statute of limitations timeframe, and just another reason why her allegations against Regions must be dismissed.

service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Our federal courts have further held that "service on an unauthorized agent is not effective under Rule 4(h)." *Greene v. PTS Of Am., LLC*, No. 3:15-00145, 2016 WL 1701964, at *2 (M.D. Tenn. 2016) (finding that the signature of a bookkeeper and receptionist was not enough to bind the company).

Fed. R. Civ. P. 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must articulate some basis for relief and provide more than base-less legal conclusions. *See Thigpen v. Kane*, No. 3:17-CV-00919, 2017 WL 3868282, at *1 (M.D. Tenn. 2017) (*see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. A complaint must be dismissed under 12(b)(6) if it should "fail to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Twombly*, 550 U.S. at 570. A motion to dismiss should be granted if it appears that "the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Id*.

Further, Fed. R. Civ. P. 12(b)(5) authorizes federal courts to dismiss complaints for failure to comply with service requirements under Fed. R. Civ. P. 4. *See Sutton v. Penny Mac Loan Servs., LLC*, No. 2:23-CV-00064, 2025 WL 611061 (M.D. Tenn. 2025).

### III. BACKGROUND

On January 31, 2025, Plaintiff filed her Complaint naming "Regions Bank of Kingsport, TN"[2] among one of the many defendants. (Compl. [1-1], pg. 2.) The Complaint fails to specifically

---

[2] There is no legal entity in Tennessee by the name of "Regions Bank of Kingsport, TN."

3

allege facts supporting a cause of action against Regions. Plaintiff claims in her "Facts" paragraph that "Since 2005" the amalgamation of defendants have been subjecting her to "harassment and covert gang stalking" without her "consent or due process." (*Id.* at p. 4, ¶ 4.)

Plaintiff fails to allege any facts whatsoever that support these threadbare allegations. In fact, the Complaint only specifically avers a wrong by one defendant, Fifth Third Bank. (*Id.* at p. 4, ¶ 4.) Moreover, Plaintiff purports her legal claims are based of two statutory causes of action, "Tennessee Code Annotated § 39-17-308 (Harassment) and § 39-17-315 (Stalking)." (*Id.* at p. 4, ¶ 5.)

Accordingly, Regions is unable to discern what facts Plaintiff has alleged against it that would entitle her to relief against Regions. Regions further states that the causes of action averred by Plaintiff are criminal in nature, and not viable as civil bases for relief.

## IV. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed under Fed. R. Civ. P. 12(b)(5) for Failure to Comply with Rule Fed. R. Civ. P. 4.

The Complaint should be dismissed for failure to properly serve Regions. As stated above, Plaintiff was required to serve a Regions agent that is authorized to receive service of process. *See* Fed. R. Civ. P. 4(h). While it is common for Plaintiffs to serve registered agents for corporate defendants, service is deficient when made against an employee not authorized to accept service of process. *See* Fed. R. Civ. P. 4(h)(1).

In this case, Plaintiff curiously sent the summons and the Complaint via certified mail to the Kingsport branch of Regions. The Regions employee that signed for the summons and Complaint was not authorized to accept service on behalf of Regions Bank as defined by Fed. R. Civ. P. 4. Accordingly, the Plaintiff has failed to meet her burden to effect service of process and her Complaint against Regions should be dismissed.

4

Plaintiff could have accessed the publicly-available Tennessee Secretary of State's website to find that Regions' registered agent for service of process is "Corporation Service Company, 2908 Poston Ave, Nashville, Tennessee 37203-1312." Plaintiff's failure to serve the registered agent or an officer or managing agent makes service of process ineffective, and Regions should be dismissed under Fed. R. Civ. P. 12(b)(5).

**B. Plaintiff's Complaint Should Be Dismissed Because It Fails to Comply with Fed. R. Civ. P. 8(a)(2).**

The Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8. The Complaint specifically fails in several ways. First, the Complaint is completely devoid of factual allegations providing a basis for relief. Plaintiff is required to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint is vague, confusing, and utterly barren of cogent facts upon which Regions can base a response.

Second, the Complaint is confusing and unclear as to what law, right, or duty Regions is alleged to have violated. Plaintiff has completely failed to provide any factual allegations that form the basis of a cognizable legal wrong perpetrated by Regions, as she is required to do. In fact, Plaintiff fails to allege whether she was ever a Regions customer (which Regions has no record of).

**C. Plaintiff's Complaint Should Be Dismissed under Fed. R. Civ. P. 12(b)(6).**

Plaintiff's Complaint mostly contains various requests for relief (like being owed funding for her "apothecary business," purchasing acreage for her, building a log cabin and paying "startup salaries" for future employees over a five-year period), whilst being completely without a factual basis for such requested relief. Federal courts require that a complaint must include enough factual allegations to "raise a right to relief above a speculative level.'" *Twombly*, 550 U.S. at 570. Plaintiff has simply failed to raise any factual allegations that support a theory of recovery.

At best, the Complaint is a conclusory document that fails to state a theory of wrong or recovery. Accordingly, Plaintiff has completely failed to "state a claim to relief that is plausible on its face" and, thus, the Complaint is fatally deficient on several counts and should be dismissed. *See Twombly*, 550 U.S. at 570.

Plaintiff has merely stated a lengthy list of defendants, exceptionally vague "facts," legally baseless "legal claims," "damages" unsupportable by law, and a detailed list of extravagant and frivolous "Relief Sought." (*See generally* Compl. [1-1].) Plaintiff alleges that she was somehow wronged by the many defendants, but completely fails to provide factual support, and thus the Complaint should not survive a Fed. R. Civ. P. 12(b)(6) motion.

Lastly, Plaintiff's asserted statutory legal claims are not civil causes of action. Her only cited causes of action are for "Tennessee Code Annotated § 39-17-308 (Harassment) and § 39-17-315 (Stalking)." (Compl. [1-1], p. 4, ¶ 5.) Tennessee does not recognize private causes of action for damages relating to criminal statutes. *See Bowden Bldg. Corp. v. Tennessee Real Estate Com'n*, 15 S.W.3d 434 (Tenn. Ct. App. 1999); *see also Molthan v. Vanderbilt University*, No. 3:17-CV-00706, 2017 WL 1489099 at *3 (M.D. Tenn. 2017) (stating that Tenn. Code Ann. §§ 39-17-308 and 39-17-315, among others, "do not create private causes of action"). Stated differently, the ability to sue in civil court for a violation of a criminal statute in Tennessee is generally limited to situations where the statute explicitly provides for a private cause of action. *See Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 855 (Tenn. 2010). Therefore, Plaintiff's Complaint must be dismissed as her only cited legal causes of action are legally inactionable, and she is unable to recover under them.

## CONCLUSION

For the foregoing reasons, Regions respectfully moves for the dismissal of this matter in its entirety *with prejudice*.

Submitted this, the 3rd day of April 2025.

Respectfully submitted,

By: /s/ *Bo Murphy*
John H. Dollarhide (BPR #40041)
Bo Murphy (BPR #34367)
BUTLER SNOW LLP
1320 Adams Street, Suite 1400
Nashville, TN 37208
(T) 615-651-6700
(F) 615-651-6701
(e) john.dollarhide@butlersnow.com
(e) bo.murphy@butlersnow.com

*Attorneys for Regions Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, a copy of the foregoing Memorandum of Law has been filed with the Court and sent via U.S. Mail, postage prepaid, to:

Dr. Regina Jordan-Sodiq
1757 Autumnwood Blvd.
Clarksville, TN 37042
*Pro Se Plaintiff*

*/s/ Bo Murphy*
Bo Murphy