Amended

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

Case No.: 3:25-cv-00288  Judge Eli Richardson  Jury Demand

Dr. Regina Jordan-Sodiq, Plaintiff, v. Regions Bank, Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### Introduction

Plaintiff, Dr. Regina Jordan-Sodiq, respectfully submits this response opposing Defendant Regions Bank's motion to dismiss under Federal Rules of Civil Procedure 12(b)(5), 8, and 12(b)(6). Defendant's arguments mischaracterize the claims, rely on procedural technicalities, and fail to address the substantive merits of Plaintiff's allegations. Plaintiff contends that this Court should deny Defendant's motion to dismiss **with prejudice**, as such a dismissal would unfairly and permanently foreclose Plaintiff's ability to seek redress for the harm caused by Defendant's actions.

Plaintiff has demonstrated compliance with procedural requirements, established the sufficiency of her claims under Rule 8, and provided a factual and legal basis for relief under Tennessee law. Plaintiff further asserts that the procedural deficiencies raised by Defendant have been promptly addressed in good faith, and dismissal is unwarranted. Accordingly, Plaintiff prays that the Court allow this matter to proceed to discovery and adjudication on the merits.

### Complaint Against Regions Bank

Regions Bank, formerly known as AmSouth Bank, collaborated with the Department of Veteran Affairs to unlawfully impose a conservatorship over Plaintiff's veteran disability benefits. The conservatorship was established without legal justification or Plaintiff's consent, allowing Defendant to take payments for their services directly from Plaintiff's disability benefits.

Additionally, Assistant Vice President Betty J. Johnson of Regions Bank deliberately returned to sender the summons and complaint served upon her. This act demonstrates a disregard for legal procedure and reinforces Plaintiff's claim of procedural obstruction by Defendant.

Plaintiff asserts that Regions Bank's actions caused substantial financial and emotional harm and violated her rights as a recipient of veteran disability benefits. The complaint challenges the legality of the conservatorship and seeks accountability for the misconduct perpetuated by Defendant in coordination with the Department of Veteran Affairs.

### Notice of Service

Plaintiff respectfully submits this Notice of Service confirming that Defendant Regions Bank has been properly served in accordance with Federal Rules of Civil Procedure.

1. **Service at Kingston Branch Office:** On March 11, 2025, Plaintiff served Regions Bank's Kingston branch office. Documentation, including certified mail receipts and proof of delivery, is attached as **Exhibit A**.
2. **Service on Registered Agent:** On April 15, 2025, Plaintiff served Defendant's registered agent, Corporation Service Company, located at 2908 Poston Avenue, Nashville, TN 37203-1312, via USPS Certified Mail. Proof of this delivery, including tracking details and receipts, is attached as **Exhibit B**.

Plaintiff affirms that all steps were taken in good faith and with diligence to comply with the procedural rules governing service of process.

## Addressing Service of Process (Rule 12(b)(5))

1. **Service Efforts and Documentation:** Plaintiff has made diligent efforts to serve Defendant. On March 11, 2025, Plaintiff served Regions Bank's Kingston branch office. Documentation, including certified mail receipts and proof of delivery, is attached as **Exhibit A**.

   Recognizing procedural concerns raised by Defendant regarding service on the registered agent, Plaintiff took immediate corrective action. On April 15, 2025, Plaintiff re-served the summons and complaint on Regions Bank's registered agent, Corporation Service Company, located at 2908 Poston Avenue, Nashville, TN 37203-1312, via USPS Certified Mail. Proof of this delivery is also included as **Exhibit B**.

2. **Good Faith Compliance:** Any procedural missteps were unintentional and promptly rectified. Plaintiff acted in good faith to ensure compliance with Rule 4(h). Plaintiff respectfully requests that the Court exercise discretion and leniency to recognize these efforts and preserve the merits of the case.

## Addressing Pleading Standards (Rule 8)

1. **Specific Allegations:** Plaintiff's complaint contains detailed factual allegations that establish a plausible basis for relief. These include:
   - Defendant's failure to fulfill fiduciary responsibilities.
   - Defendant's collaboration with the Department of Veteran Affairs to impose an unlawful conservatorship.
   - Defendant's Assistant Vice President returning to sender the summons and complaint, obstructing legal process.
2. **Meeting Rule 8 Standards:** Plaintiff's complaint meets the Federal Rules of Civil Procedure Rule 8(a) standard by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." The allegations offer a clear narrative of Defendant's actions and their harmful effects on Plaintiff, sufficient to notify Defendant of the claims and grounds for relief.

## Responding to Substantive Claims (Rule 12(b)(6))

1. **Adequate Factual Allegations:** Plaintiff's claims of harm caused by Defendant's actions are supported by factual details, including:
    - Emotional and financial harm arising from Defendant's actions and omissions.
    - Defendant's collaboration with the Department of Veteran Affairs to impose a conservatorship without legal basis.
2. **Legal Basis for Claims:** Plaintiff's claims are grounded in valid causes of action under Tennessee law, including:
    - **Negligence:** Defendant breached its duty of care, causing foreseeable harm.
    - **Intentional and Negligent Infliction of Emotional Distress:** Defendant's reckless and intentional behavior caused Plaintiff severe emotional distress.
    - **Civil Conspiracy:** Defendant collaborated with third parties to harm Plaintiff, meeting the elements of civil conspiracy under Tennessee law.
3. **Statute of Limitations:** Plaintiff refutes Defendant's assertion regarding the statute of limitations. Plaintiff's claims are timely, as ongoing harm and delayed discovery of Defendant's actions extend the actionable timeframe.

## Conclusion

For the reasons stated above, Plaintiff, Dr. Regina Jordan-Sodiq, respectfully requests that this Honorable Court deny Defendant Regions Bank's motion to dismiss **with prejudice**. Defendant's motion mischaracterizes the facts and legal grounds of Plaintiff's claims, and Plaintiff has demonstrated the sufficiency of her complaint under Rules 4, 8, and 12(b)(6).

Plaintiff contends that dismissal with prejudice is unwarranted and would unjustly foreclose her ability to seek redress for the harm caused by Defendant's actions. Plaintiff has rectified any procedural deficiencies in good faith and provided a substantive legal and factual basis to proceed. Accordingly, Plaintiff prays that the Court deny the motion to dismiss and allow this matter to proceed to discovery and adjudication on the merits.

In the event the Court identifies any further procedural or substantive deficiencies, Plaintiff respectfully requests leave to amend the complaint to address such issues in the interests of justice.

## Affidavit of Service

I, Dr. Regina Jordan-Sodiq, being duly sworn, declare under penalty of perjury as follows:

1. On March 11, 2025, I served Regions Bank's Kingston branch office with the summons and complaint.
2. On April 15, 2025, I re-served the summons and complaint on Regions Bank's registered agent, Corporation Service Company, located at 2908 Poston Avenue, Nashville, TN 37203-1312, via USPS Certified Mail. Tracking details and receipts confirming delivery are attached as **Exhibit D**.
3. I affirm that all steps were taken in good faith and with diligence to comply with procedural rules.

Signed this 11 day of April, 2025.

Dr. Regina Jordan-Sodiq Pro Se Plaintiff

Notary:

```
STATE OF TENNESSEE
COUNTY OF MONTGOMERY
SWORN TO AND SUBSCRIBED BEFORE ME THIS
____11____ DAY OF ___April___, 20 25
_____[signature]_____
NOTARY'S SIGNATURE & SEAL
MY COMMISSION EXPIRES  5/3/26
```

**Certificate of Service**

I hereby certify that on this 15 day of April, 2025, a copy of the foregoing was served on Defendant Regions Bank's counsel of record, Butler Snow LLP, via USPS Certified Mail. Proof of service is attached as **Exhibit C**.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) Response opposing Regions Bank Motion to Dismiss has been served on:

(Name) Kimberly S. Veirs
(Address) 219 Church Street
(Address) Suite 3300, Nashville TN 37203

(Name) Katherine R. Rogers
(Address) Burr & Forman, LLP
(Address) 222 Second Ave South, Suite 2000
Nashville TN 37201

(Name) Stanley Mitchell Ross
(Address) 308 S. 2nd St
(Address) Clarksville TN 37040

(Name) Jason W. Callen
(Address) K&L Gates LLP
(Address) 501 Commerce Street
Suite 1500, Nashville TN 37203

(Name) Tracey P. Knight
(Address) 308 S. 2nd Street
(Address) Clarksville TN 37040

(Name) Bo Christopher Murphy
(Address) Butler Snow LLP, Nashville Building
(Address) 1320 Adams St, Suite 1400
Nashville TN 37208

(Name) Noah Jordan Mason
(Address) 600 Peachtree Street, NE, Suite 3000
(Address) Atlanta GA 30308

(Name) John H Dollarhide
(Address) Butler Snow LLP
(Address) 150 3rd Avenue South Suite 1600
Nashville TN 37201

(Name) Cole William Schott
(Address) 3102 West End Ave, Suite 1100
(Address) Nashville TN 37203

on the _____ day of _____ 20__.

Continue—

_____
Signature

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) _Response Opposing Regions Bank Motion to Dismiss_ has been served on:

(Name) W. Scott Sims
(Address) 3102 West End Avenue, Suite 1100
(Address) Nashville TN 37203

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

on the 14th / 15th day of April, 2025.

_____
Signature