*Amended*

# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

Dr. Regina Jordan-Sodiq, Plaintiff, v. State of Tennessee, et al., Defendants.

Case No. 3:25-CV-00288 Judge Eli Richardson Jury Demand

## PLAINTIFF'S RESPONSE TO NAVY FEDERAL CREDIT UNION'S MOTION TO DISMISS

**Introduction** Plaintiff, Dr. Regina Jordan-Sodiq, respectfully submits this response opposing Defendant Navy Federal Credit Union's ("Navy") Motion to Dismiss. Plaintiff addresses each of Navy's contentions systematically to demonstrate the sufficiency of her claims, the appropriateness of the court's jurisdiction, and the adequacy of her service of process. Plaintiff further objects to Navy's request for dismissal with prejudice, which is unwarranted under both law and equity. Plaintiff respectfully requests this Honorable Court deny Defendant's motion.

It is noteworthy that Katherine Rogers, representing Navy Federal Credit Union, also serves as legal counsel for Defendant Fifth Third Bank, which raises procedural and representational nuances relevant to this case.

**I. Service of Process** Plaintiff asserts that service was properly executed in compliance with Tenn. R. Civ. P. 4.03(2) and 4.04(4). Plaintiff served process to Navy Federal Credit Union's registered agent in Tennessee, The Corporation Service Company, located at **265 Brookview Centre Way, Suite 203, Knoxville, TN 37919**. Evidence of service includes confirmation request receipts, proof of mailing, return on service of summons by mail (Exhibit C), USPS summon receipts (Exhibit D #1 and #2), USPS receipts (#9410 8310 0935 5003 0010 04 and #9410 8301 0935 5003 3651 51; Exhibits E1 and E2), and Affidavit, Notice of Service, and Certificate of Service. Enclosed are Plaintiff's responses dated March 14, 2025 (Exhibit A), and April 3, 2025 (Exhibit B).

Defendant's allegations regarding service lack merit and do not justify dismissal under Rule 12(b)(5).

### 1. Good Faith and Diligence

- Plaintiff acted in good faith throughout the service process and promptly addressed any confusion regarding Defendant's registered service address and jurisdictional transitions. Plaintiff respectfully requests the Court's discretion in recognizing these efforts.
- Any perceived delay in service resulted from confusion regarding Defendant's registered service address and jurisdictional transitions upon case removal. Plaintiff acted promptly to address these challenges and confirms that corrected service efforts are now underway to eliminate any outstanding procedural deficiencies.

### 2. Affidavit of Service
Plaintiff includes her sworn affidavit attesting to the steps taken to serve Defendant within the required timeframe.

**3. Request for Clarification** To prevent future procedural issues, Plaintiff respectfully requests that Defendant specify the precise location designated for service of process to eliminate ambiguity and delays.

Should this Honorable Court find any procedural deficiencies in service, Plaintiff respectfully requests leave to correct such deficiencies pursuant to Fed. R. Civ. P. Rule 4(m), which permits time to cure errors in service.

**II. Specificity in Claims** Contrary to Navy's assertions, Plaintiff's Complaint provides sufficient factual allegations to state a claim against Navy. Plaintiff specifically identifies Navy's role in acts of harassment and covert gang-stalking that caused harm to Plaintiff, distinguishing Navy's actions from those of other defendants.

Evidence supporting Plaintiff's claims includes Exhibit 'C,' a Navy Federal Credit Union brochure addressed to "Mr. Joshua A. Graves" at 1757 Autumnwood Blvd, Clarksville, TN 37042, received on April 10, 2025. Plaintiff is the sole owner of this property, purchased as a new dwelling in 2014. Additionally, Plaintiff has been a member of Navy Federal Credit Union since 1994, as demonstrated in Exhibit 'D.' Navy Federal Credit Union maintains accurate records of its members' identities and addresses, confirming that the designation of "Mr. Joshua A. Graves" is fictitious.

Plaintiff asserts that this falsification was a deliberate act by the defendants to harass, intimidate, and engage in coordinated gang-stalking against Plaintiff.

Plaintiff's allegations comply with Tenn. R. Civ. P. 8.01, requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, Tennessee courts recognize the need for leniency in construing pro se pleadings to ensure access to justice (Steele v. Bradley, 684 S.W.2d 375, Tenn. App. 1984).

**III. Legal Basis for Claims** Defendant argues that Tenn. Code Ann. §39-17-308 and §39-17-315 do not provide private rights of action. Plaintiff counters that while these statutes are criminal in nature, the conduct described—harassment and stalking—provides grounds for related civil claims under tort law, such as intentional infliction of emotional distress (IIED) and invasion of privacy. Plaintiff reserves the right to pursue additional claims addressing the harmful and unlawful actions of Navy.

Moreover, Plaintiff notes that Navy's conduct falls under actionable civil claims, and further discovery will substantiate these allegations.

**IV. Conspiracy Allegations** Defendant contends that Plaintiff's conspiracy allegations lack particularity. Plaintiff clarifies that under Tennessee law, a conspiracy claim requires:

1. **Common Design**: An agreement among defendants to engage in harassment and intimidation.
2. **Concerted Actions**: Coordinated activities by Navy and others to achieve unlawful objectives.

3. **Overt Acts**: Specific actions taken in furtherance of the conspiracy, including harassment directed at Plaintiff.
4. **Resulting Injury**: Tangible and emotional harm suffered by Plaintiff as a result of the conspiracy.

Plaintiff's Complaint satisfies these elements. Moreover, pro se litigants are entitled to leniency in pleadings, and Plaintiff seeks discovery to further substantiate these claims.

**V. Response to Request for Dismissal With Prejudice** Defendant's request for dismissal with prejudice is unjustified. Dismissal with prejudice is a severe remedy reserved for cases where amendment or correction would be futile. Plaintiff contends her claims are legally and factually viable, and any deficiencies—if found—can be addressed through amendment or clarification.

Plaintiff respectfully requests this Honorable Court deny Defendant's request for dismissal with prejudice and allow Plaintiff to proceed to discovery or grant leave to amend if necessary. Dismissal without prejudice would be the appropriate remedy if any corrections are required.

**VI. Requested Relief** Plaintiff's requested relief is directly tied to the damages incurred as a result of Defendant's conduct, including:

- Compensatory damages for financial loss resulting from unauthorized transactions.
- Emotional distress and harm caused by harassment and covert gang stalking.
- Other tangible losses related to Defendant's actions.

Plaintiff respectfully requests this Honorable Court uphold her right to seek appropriate relief for the harm suffered.

**CONCLUSION** For the reasons stated above, Plaintiff respectfully requests this Honorable Court deny Defendant Navy Federal Credit Union's Motion to Dismiss, reject their request for dismissal with prejudice, and allow the case to proceed. Defendant's reliance on repetitive procedural arguments demonstrates inefficiency and fails to address the substantive claims at issue. Plaintiff has complied with procedural requirements and continues to maintain transparency and integrity throughout this process. In the alternative, Plaintiff requests leave to amend the Complaint to address any deficiencies identified by the Court.

**CERTIFICATE OF SERVICE** I certify that on this 15th day of April 2025, a true and correct copy of the foregoing Response to Navy Federal Credit Union's Motion to Dismiss was served via:

1. **USPS Certified Mail** with confirmation receipt requested.
2. **Email Delivery** to:
   - Katherine R. Rogers, Burr & Forman, LLP, 222 2nd Avenue South, Suite 2000, Nashville, TN 37201, krogers@burr.com.
   - The Corporation Service Company, 265 Brookview Centre Way, Suite 203, Knoxville, TN 37919.

**NOTICE OF SERVICE** To: Katherine R. Rogers Burr & Forman, LLP, 222 2nd Avenue South, Suite 2000, Nashville, TN 37201; krogers@burr.com. And The Corporation Service Company, 265 Brookview Centre Way, Suite 203, Knoxville, TN 37919.

Plaintiff Dr. Regina Jordan-Sodiq hereby provides notice to the Court and opposing counsel of service of the attached Response to Navy Federal Credit Union's Motion to Dismiss, along with related exhibits. Service of the attached documents has been completed via:

1. **USPS Certified Mail** with confirmation receipt requested, sent on April 15, 2025.
2. **Email Delivery** to the email address on record: krogers@burr.com.

Enclosed within this filing are Plaintiff's responses dated March 14, 2025, and April 3, 2025, along with subsequent affidavit attesting to compliance with Tennessee Rules of Civil Procedure. Supporting documents, including return receipts and USPS mailing records, are attached for verification.

**AFFIDAVIT OF SERVICE** I, Dr. Regina Jordan-Sodiq, being duly sworn, declare as follows:

1. **Service of Process Compliance**: On April 15, 2025, I affirm that the Complaint and Summons were properly served on Navy Federal Credit Union via their registered agent, The Corporation Service Company, located at **265 Brookview Centre Way, Suite 203, Knoxville, TN 37919.**
2. **Certified Mail with Confirmation Receipts**: A confirmation receipt request to verify delivery has been retained as proof of service.
3. **Certificate of Service**: I certify that a true and correct copy of the foregoing document was mailed and emailed to Katherine R. Rogers, Burr & Forman LLP, and Navy Federal Credit Union's registered agent on April 15, 2025.
4. **Compliance with Tennessee Law**: I affirm that this

Date: April 15, 2025

Respectfully submitted,

Dr. Regina Jordan-Sodiq Pro Se
1757 Autumnwood Blvd Clarksville, TN 37042

**Notary:**

STATE OF TENNESSEE
COUNTY OF MONTGOMERY
SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ DAY OF _____, 20__
NOTARY'S SIGNATURE & SEAL
MY COMMISSION EXPIRES

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) Response to Navy Federal Credit Union Motion to Dismiss has been served on:

(Name) Kimberly S. Veirs
(Address) 219 Church Street
(Address) Suite 3300, Nashville TN 37203

(Name) Katherine R. Rogers
(Address) Burr & Forman, LLP
(Address) 222 Second Ave South, Suite 2000
Nashville TN 37201

(Name) Stanley Mitchell Ross
(Address) 308 S. 2nd St
(Address) Clarksville TN 37040

(Name) Jason W. Callen
(Address) K&L Gates LLP
(Address) 501 Commerce Street
Suite 1500, Nashville TN 37203

(Name) Tracey R. Knight
(Address) 308 S. 2nd Street
(Address) Clarksville TN 37040

(Name) D. Christopher Murphy
(Address) Butler Snow LLP, Nashville Building
(Address) 1320 Adams St, Suite 1400
Nashville TN 37208

(Name) Noah Jordan Mason
(Address) 600 Peachtree Street, NE, Suite 3000
(Address) Atlanta GA 30308

(Name) John H Dollarhide
(Address) Butler Snow LLP
(Address) 150 3rd Avenue South Suite 1600
Nashville TN 37201

(Name) Cole William Schott
(Address) 3102 West End Ave, Suite 1100
(Address) Nashville TN 37203

on the _____ day of _____ 20___.

Continue— _____
Signature

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) _Response to Navy Federal Credit Union Motion to Dismiss_ has been served on:

(Name) W. Scott Sims
(Address) 3102 West End Avenue, Suite 1100
(Address) Nashville TN 37203

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

on the 14th/15th day of April, 2025.

_____
Signature