UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. REGINA JORDAN-SODIQ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action Number 3:25-CV-00288 ) District Judge Eli Richardson ) Jury Demand |
| STATE OF TENNESSEE, *et al.*, | ) ) |
| Defendants. | ) |

**DEFENDANT NAVY FEDERAL CREDIT UNION'S REPLY TO PLAINTIFF'S RESPONSES TO ITS MOTION TO DISMISS**

Defendant Navy Federal Credit Union ("Navy Federal") files this Reply to Plaintiff Regina Jordan-Sodiq's ("Plaintiff") Responses in Opposition to Navy Federal's Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

## I. Introduction

In response to Navy Federal's Motion to Dismiss, Plaintiff has filed three briefs. Plaintiff's first response brief, filed on April 8th, was certainly authorized by L.R. 7.01(a)(3), which permits a party to file a response brief within fourteen (14) days of service of a Motion. (ECF 27). Plaintiff's second response brief, filed on April 14th, and a third amended response brief, filed on April 15th, were not permitted as the local rules do not contemplate multiple response briefs. (ECF 36; ECF 44). Nevertheless, Plaintiff's response briefs do not adequately address the arguments raised in Navy Federal's Motion to Dismiss, and Plaintiff's Complaint warrants dismissal, pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

**A. Plaintiff's Complaint Warrants Dismissal for Failure to State A Claim Upon Which Relief Can Granted.**

Plaintiff's responses to Navy Federal's Motion to Dismiss only reinforce that she has no plausible claim against Navy Federal. In her responses, Plaintiff does not point to any specific

factual allegations against Navy Federal in support of her claims. Instead, Plaintiff relies on the conclusory assertion that the "Complaint specifically identifies Navy Federal's roles in acts of harassment and covert gang stalking." (ECF 27 at p. 1; ECF 36 at p. 2). Plaintiff also goes on to claim she provided "factual specificity, distinguishing Navy's actions from other defendants," but Plaintiff's Complaint was on its face devoid of any specific allegations against Navy Federal. (*Id.*) Moreover, Plaintiff does not recite the elements of criminal harassment or stalking, nor does Plaintiff argue that the criminal statutes contain private rights of action. And in support of her argument as to Civil Conspiracy, Plaintiff recites threadbare causes of action, which is insufficient to survive a Motion to Dismiss. As such, Plaintiff's Complaint warrants dismissal pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted.

**B.      Plaintiff's Complaint Should Be Dismissed For Insufficient Service of Process.**

Additionally, Plaintiff submits that serving process on addresses unrelated to Navy Federal constituted adequate service. Under Tenn. R. Civ. P. 4.04(4), service upon a foreign corporation must be made by serving an officer or managing agent thereof; the chief agent in the county wherein the action is brought; or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation. Plaintiff alleges to have served process on the Corporation Service Company at 265 Brookview Centre Way, Suite 203 Knoxville, TN 37919. (ECF 27 at p. 1; ECF 36 at p. 3). Plaintiff also lists another address, which is stricken by handwriting, of 2000 West 10th Street, Suite 1000, Knoxville TN 37917. (ECF 27 at p. 1). Plaintiff has not met her burden of showing that service by mail meets the requirements of Tenn. R. Civ. P. 4.04(4) by listing two addresses. Moreover Plaintiff has failed to file a signed return receipt, and it is therefore unclear who received and signed for the mailed summons. Therefore, the Court should dismiss Plaintiff's Complaint pursuant to 12(b)(5).

### C. Plaintiff Cannot Assert Additional Claims in Her Response Brief.

In her Complaint, Plaintiff asserted claims for criminal harassment, covert gang stalking, and conspiracy. Yet, Plaintiff's response references claims under tort law, such as intentional infliction of emotional distress and invasion of privacy. (*See* ECF 36 at p. 2). Additionally, Plaintiff raises new factual allegations regarding her status as a member of Navy Federal, and purports to have attached multiple exhibits in support of her claims. (*See* ECF 36 at p. 1-2). It is well established that a plaintiff may not raise new claims or allegations in opposition to a defendant's motion to dismiss. *See Guzman v. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (declining to review claim made for first time in response to defendants' motion to dismiss because when ruling on a motion under 12(b)(6), "courts consider whether the complaint states a claim upon which relief could be granted, not whether the plaintiff has stated–or could state–such a claim elsewhere."); *Kumar v. U.S. Bank Nat'l Assoc.*, 555 F. App'x 490, 492 (6th Cir. 2014) (holding that plaintiff's "failure to raise this claim in the amended complaint or to seek leave to amend forecloses its consideration here"); *Newman v. Encore Cap. Grp.*, *No. 16-CV-11395*, 2017 WL 3479510, at *17 (E.D. Mich. Aug. 14, 2017) ("Plaintiffs cannot cure deficiencies in their Amended Complaint through new allegations in their response to Defendants' motion to dismiss."). Because the claims for intentional infliction of emotional distress and invasion of privacy were not asserted in Plaintiff's Complaint, the claim may not be considered when asserted for the first time in Plaintiff's response brief. Moreover, Plaintiff's allegations regarding her status as a member of Navy Federal, a "Mr. Graves," and the multiple exhibits referenced (but not attached) should similarly not be considered. The court should therefore decline to consider Plaintiff's newly raised legal arguments and factual allegations in her response briefs.

D. **Conclusion**

WHEREFORE, for the reasons set forth herein, Navy Federal requests its Motion to Dismiss Plaintiff's Complaint be granted and Plaintiff's claims dismissed with prejudice.

Respectfully submitted this 15 day of April, 2025.

        */s/ Katherine R. Rogers*
Katherine R. Rogers (TN BPR No. 039382)
Burr & Forman, LLP
222 2nd Avenue South, Suite 2000
Nashville, TN 37201
615-724-3200 (office)
615-724-3290 (fax)
krogers@burr.com

*Attorney for Navy Federal Credit Union*

## CERTIFICATE OF SERVICE

I certify that on April 15, 2025 a true and correct copy of the foregoing has been served via the Court's CM/ECF System, e-mail and/or U.S. Mail, first-class postage pre-paid upon:

Dr. Regina Jordan-Sodiq
1757 Autumnwood Blvd.
Clarksville, TN 37402
G4818@yahoo.com

Kimberly S. Veirs
U. S. Attorney's Office (Nashville)
Middle District of Tennessee
719 Church Street, Suite 3300
Nashville, TN 37203
kimberly.veirs@usdoj.gov

Jason W. Callen
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, TN 37203
jason.callen@klgates.com

Bo Christopher Murphy
Butler Snow LLP (Nashville Office)
Neuhoff Building
1320 Adams Street, Suite 1400
Nashville, TN 37208
bo.murphy@butlersnow.com

John H. Dollarhide
Butler Snow LLP
150 3rd Avenue S., Suite, 1600
Nashville, TN 37201
john.dollarhide@butlersnow.com

Noah Jordan Mason
Troutman Pepper Locke LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
noah.mason@troutman.com

Cole William Schott
W. Scott Sims
Sims Funk, PLC
3102 West End Ave., Suite 1100
Nashville, TN 37203
Email: cschott@simsfunk.com

*/s/   Katherine R. Rogers*