# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, TENNESSEE

**Case No.: CC-25-CV-170**

Dr. Regina Jordan-Sodiq, Pro Se 1757 Autumnwood Blvd Clarksville, TN 37042 Plaintiff,

v.

Fifth Third Bank 38 Fountain Square Plaza Cincinnati, OH 45263 Defendant.

## RESPONSE TO FIFTH THIRD BANK'S MOTION TO DISMISS

**INTRODUCTION:** This case transcends procedural disputes—it represents a fight for accountability and justice in the face of harassment that has inflicted profound emotional trauma. Plaintiff Dr. Regina Jordan-Sodiq respectfully opposes Defendant Fifth Third Bank's Motion to Dismiss and asserts that her complaint meets all legal standards for relief. Defendant's motion fundamentally fails to address the targeted actions that caused harm and significantly impacted Plaintiff's dignity, well-being, and peace of mind.

**1. JURISDICTIONAL BASIS:** Fifth Third Bank operates within Tennessee through its Nashville branch, which necessitated Plaintiff's business dealings in the absence of a local Clarksville branch. This substantial and purposeful presence firmly establishes this Court's jurisdiction. Furthermore, Defendant's representatives directly interacted with Plaintiff in ways that contributed to her harm, further reinforcing this Court's authority to adjudicate this matter.

**2. TRAUMA FROM HARASSMENT AND TARGETED ACTIONS:** Plaintiff endured systematic harassment from Fifth Third Bank, initiated by their representatives in 2022, and ongoing to 2024. Of particular note, a representative referred to Plaintiff as "Cody"—a name that bears no connection to her identity when transferring the call to another representative. This action marked the beginning of a relentless and targeted campaign of unsolicited communications, including calls and texts, all addressed to "Cody."

Being reduced to the name "Cody" was not merely a clerical error; it was a deliberate and degrading act that stripped Plaintiff of her dignity. This dehumanizing treatment caused emotional distress, disrupted her daily life, and undermined her professional identity. The unsolicited communications, which persisted even after Plaintiff's attempts to correct the issue, exacerbated her emotional trauma. Evidence of these communications, including text message records, substantiates these claims.

Defendant's actions—including repeated misuse of "Cody" in communications—constitute deliberate acts that caused emotional distress and disrupted Plaintiff's daily life, as evidenced by Exhibits A, B, and C, attached records, which provide a clear timeline of events and substantiate the claims of harassment.

**3. SPECIFICITY AND CLARITY OF ALLEGATIONS:** Contrary to Defendant's assertions, Plaintiff has presented specific, detailed allegations that directly link Fifth Third Bank to her

harm. Each incident is supported by factual context, such as the timeline of events, the persistent misidentification, and the documented unsolicited communications. These allegations meet the requirements of Tennessee Rule of Civil Procedure 8.01, which necessitates a short and plain statement of the claim sufficient to inform Defendant of the nature of the claims against them.

**4. DISPROVING "SHOTGUN-STYLE PLEADING" CLAIMS:** Defendant's characterization of Plaintiff's complaint as a "shotgun-style pleading" is baseless. Plaintiff's claims are structured, concise, and supported by factual details specific to Fifth Third Bank. Each argument is tailored to address Defendant's role in the harassment and clearly delineates the harm caused by their actions.

**5. CIVIL CONSPIRACY AND INTENTIONAL ACTIONS:** Defendant's actions not only satisfy the elements of civil conspiracy under Tennessee law but also align with the patterns of conduct described in **T.C.A. § 39-17-308 (Harassment)** and **T.C.A. § 39-17-315 (Stalking).** The coordination of unsolicited communications, the repeated use of the name "Cody," and the deliberate disregard for Plaintiff's identity demonstrate a calculated intent to harass and harm. These actions were not random or incidental but part of a broader pattern of behavior designed to undermine Plaintiff's emotional and psychological well-being.

**RELIEF SOUGHT:** Plaintiff's claims are grounded in well-established civil law principles, including negligence, intentional infliction of emotional distress, and invasion of privacy—recognized bases for relief under Tennessee law. Defendant's reliance on criminal statutes, such as **T.C.A. § 39-17-315,** is misplaced. Plaintiff seeks redress for the profound and ongoing harm caused by Defendant's actions, which are amply supported by the evidence provided.

**CONCLUSION:** This case is about more than just legal arguments—it is about restoring dignity and holding Fifth Third Bank accountable for their actions. Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety and allow the case to proceed to ensure that justice is served.

**CERTIFICATE OF SERVICE:** I, **Dr. Regina Jordan-Sodiq,** certify that a true and correct copy of the foregoing document has been sent via U.S. Mail and/or email to:

Katherine R. Rogers Burr & Forman, LLP 222 2nd Avenue South, Suite 2000 Nashville, TN 37201 615-724-3200 (office) 615-724-3290

Date: March 21, 2025

Dr. Regina Jordan-Sodiq, Pro Se
1757 Autumnwood Blvd Clarksville, TN 37042
G4818@yahoo.com ; (931) 561-2546

- o **Exhibit A**: Text message dated 2022-2024 addressing Plaintiff as Regina then ongoing as "Cody."
- o **Exhibit B**: Continuation of messages, including job offers and insurance details.
- o **Exhibit C**: Evidence of unsolicited calls and texts over an extended period.

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, TENNESSEE

Case No.: CC-25-CV-170

## DR. REGINA JORDAN-SODIQ, Plaintiff, v. Fifth Third Bank, Defendant.

## RESPONSE TO FIFTH THIRD BANK'S MOTION TO DISMISS

**INTRODUCTION** Plaintiff Dr. Regina Jordan-Sodiq ("Plaintiff") respectfully submits this response in opposition to Defendant Fifth Third Bank's ("Defendant") Motion to Dismiss. Defendant's reliance on repetitive procedural arguments imposes undue burdens on Plaintiff and distracts from the substantive issues at the heart of this case. Additionally, Defendant's request for dismissal **with prejudice** is wholly inappropriate, as Plaintiff's claims are substantiated by evidence and procedurally sound. For the reasons outlined below, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss in its entirety.

## ARGUMENT

**1. Defendant's Procedural Strategy Undermines Judicial Efficiency** Defendant's repeated motions and reliance on similar procedural arguments create inefficiencies and place unnecessary financial and logistical burdens on Plaintiff. This litigation tactic distracts from addressing the substantive claims presented by Plaintiff and lacks a genuine effort to engage with the merits of the case. Courts disfavor motions that fail to contribute meaningfully to resolving legal disputes, particularly those employing redundant arguments.

**2. Dismissal with Prejudice Is Inappropriate and Unjustified** Defendant's request for dismissal **with prejudice** aims to permanently bar Plaintiff's claims, a severe measure typically reserved for cases lacking merit or procedural validity. Plaintiff's complaint, however, is well-supported by substantive evidence and meets all procedural requirements.

Dismissal with prejudice is particularly unjustified where claims have not been fully and fairly adjudicated on their merits. Plaintiff has presented clear and specific allegations regarding systematic harassment, intentional emotional distress, and procedural inequities, each substantiated by compelling evidence. To grant dismissal with prejudice in this context would be contrary to the principles of fairness and justice that underlie the judicial system.

**3. Plaintiff's Compliance with Tennessee Statutes Highlights Good Faith** Plaintiff has complied with all procedural requirements, including submitting filings via USPS-confirmed mail, to ensure adherence to Tennessee statutes. Plaintiff's diligence reflects her commitment to justice and the integrity of this process. Defendant's reliance on regular mail and the repetitive nature of their filings contrasts sharply with Plaintiff's efforts, further underscoring Plaintiff's credibility and dedication.

**4. Defendant's Motion Fails to Introduce New or Substantive Claims** Defendant's recycled arguments are insufficient to warrant dismissal. Plaintiff's complaint articulates clear and specific claims of systematic harassment, intentional emotional distress, and procedural

inequities, all supported by compelling evidence. The Tennessee Rules of Civil Procedure, specifically Rule 8.01, are satisfied by Plaintiff's concise statement of claims, which informs Defendant of the case's nature and grounds for relief.

**5. Jurisdictional Evidence Establishes This Court's Authority** Defendant's operational presence within Tennessee, including its Nashville branch, firmly establishes this Court's jurisdiction under the Tennessee Long-Arm Statute (Tenn. Code Ann. § 20-2-214). Plaintiff's business dealings with Defendant were necessitated by the absence of a local branch in Clarksville, and Defendant's direct interactions with Plaintiff further validate this Court's authority to adjudicate these claims.

**CONCLUSION** For the reasons stated above, Plaintiff respectfully requests this Court deny Defendant Fifth Third Bank's Motion to Dismiss, reject their request for dismissal **with prejudice**, and allow the case to proceed. Defendant's reliance on repetitive procedural arguments demonstrates inefficiency and fails to address the substantive claims at issue

**CERTIFICATE OF SERVICE:** I, **Dr. Regina Jordan-Sodiq,** certify that a true and correct copy of the foregoing document has been sent via U.S. Mail and/or email to:

Katherine R. Rogers Burr & Forman, LLP 222 2nd Avenue South, Suite 2000 Nashville, TN 37201 615-724-3200 (office) 615-724-3290

Date: April 2, 2025

Dr. Regina Jordan-Sodiq, Pro Se
1757 Autumnwood Blvd Clarksville, TN 37042
G4818@yahoo.com ; (931) 561-2546

contribute meaningfully to resolving legal disputes, particularly those employing redundant arguments.

- **Incorporation of Previous Response** In addition to this response, Plaintiff incorporates the March 21, 2025, and April 2, 2025, responses previously filed with the Court. These responses articulate Plaintiff's initial rebuttals and procedural adherence, which remain relevant to countering Defendant's claims. Including this prior filing further demonstrates Plaintiff's consistent efforts to engage transparently and in good faith with this litigation process. A summons and complaint will be sent to Fifth Third Bancorp's registered agent in Tennessee, listed as Corporation Service Company, with their address being: **10200 David Taylor Drive, Suite 200, Nashville, TN 37212.**

- **Defendant's Motion Fails to Introduce New or Substantive Claims** Defendant's recycled arguments are insufficient to warrant dismissal. Plaintiff's complaint articulates clear and specific claims of systematic harassment, intentional emotional distress, and procedural inequities, all supported by compelling evidence. The Tennessee Rules of Civil Procedure, specifically Rule 8.01, are satisfied by Plaintiff's concise statement of claims, which informs Defendant of the case's nature and grounds for relief. Defendant's failure to engage substantively with Plaintiff's claims demonstrates their reliance on procedural avoidance rather than addressing the issues raised.

- **Dismissal with Prejudice Is Inappropriate and Unjustified** Defendant's request for dismissal with prejudice aims to permanently bar Plaintiff's claims, a severe measure typically reserved for cases lacking merit or procedural validity. Plaintiff's complaint, however, is well-supported by substantive evidence and meets all procedural requirements. Dismissal with prejudice is particularly unjustified where claims have not been fully and fairly adjudicated on their merits. Plaintiff has presented clear and specific allegations regarding systematic harassment, intentional emotional distress, and procedural inequities, each substantiated by compelling evidence. To grant dismissal with prejudice in this context would be contrary to the principles of fairness and justice that underlie the judicial system.

- **Plaintiff's Compliance with Tennessee Statutes Highlights Good Faith** Plaintiff has complied with all procedural requirements, including submitting filings via USPS-confirmed mail, and notarizing affidavits and has a PACER account. Plaintiff's diligence reflects her commitment to justice and the integrity of this process. Defendant's reliance on regular mail and the repetitive nature of their filings contrasts sharply with Plaintiff's efforts, further underscoring Plaintiff's credibility and dedication.
  1. **Affidavit of Service**: Plaintiff includes her sworn Affidavit, Notice of Service, and Certificate of Service, attesting to the steps taken to serve Defendant within the required timeframe. And the signed Return on Service of summons by mail, responses dated March 21st , 2025 exhibit A and April 2nd, 2025, exhibit B, and USPS confirmation receipt #9410 8301 0935 5003 1450 50 as exhibit C.

2. **Request for Clarification**: To prevent future procedural issues, Plaintiff respectfully requests that Defendant specify the precise location designated for service of process to eliminate ambiguity and delays.

- **Defendant's Motion Fails to Introduce New or Substantive Claims** Defendant's recycled arguments are insufficient to warrant dismissal. Plaintiff's complaint articulates clear and specific claims of systematic harassment, intentional emotional distress, and procedural inequities, all supported by compelling evidence. The Tennessee Rules of Civil Procedure, specifically **Rule 8.01**, are satisfied by Plaintiff's concise statement of claims, which informs Defendant of the case's nature and grounds for relief. Defendant's failure to engage substantively with Plaintiff's claims demonstrates their reliance on procedural avoidance rather than addressing the issues raised.

- **Jurisdictional Evidence Establishes This Court's Authority** Defendant's operational presence within Tennessee, including its Nashville branch, firmly establishes this Court's jurisdiction under the Tennessee Long-Arm Statute **(Tenn. Code Ann. § 20-2-214)**. Plaintiff's business dealings with Defendant were necessitated by the absence of a local branch in Clarksville, and Defendant's direct interactions with Plaintiff further validate this Court's authority to adjudicate these claims.

**CONCLUSION** For the reasons stated above, Plaintiff respectfully requests this Honorable Court deny Defendant Fifth Third Bank's Motion to Dismiss, **reject** their request for **dismissal with prejudice,** and allow the case to proceed. Defendant's reliance on repetitive procedural arguments demonstrates inefficiency and fails to address the substantive claims at issue. Plaintiff has complied with procedural requirements and continues to maintain transparency and integrity throughout this process. In the alternative, Plaintiff requests leave to amend the Complaint to address any deficiencies identified by the Court.

**CERTIFICATE OF SERVICE** I, Dr. Regina Jordan-Sodiq, certify that a true and correct copy of the foregoing document has been sent via U.S. Mail and/or email to:

1. Fifth Third Bancorp's registered agent in Tennessee, listed as Corporation Service Company, with their address being: **10200 David Taylor Drive, Suite 200, Nashville, TN 37212.**
2. Katherine R. Rogers Burr & Forman, LLP 222 2nd Avenue South, Suite 2000 Nashville, TN 37201 615-724-3200 (office) 615-724-3290; krogers@burr.com

**AFFIDAVIT OF SERVICE** I, Dr. Regina Jordan-Sodiq, being duly sworn, declare as follows:

1. **Service of Process Compliance**: On April 2025, I sent a copy of the Defendant Fifth Third Bank's Motion via USPS Certified Mail with confirmation receipt requested. A confirmation receipt request to verify delivery has been retained as proof of service.
2. **Certificate of Service**: I, Dr. Regina Jordan-Sodiq, certify that a true and correct copy of the foregoing document was mailed and emailed to Katherine R. Rogers, Burr & Forman LLP, 222 2nd Avenue South, Suite 2000, Nashville, TN 37201, on April 2, 2025. Fifth

Third Bancorp's registered agent in Tennessee, listed as Corporation Service Company, : **10200 David Taylor Drive, Suite 200, Nashville, TN 37212.**

3. This attests to when mailing occurred in compliance with Tennessee law.
4. **PACER Account**: I now have an account to ensure compliance and transparency in my filings.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: April 11, 2025

Respectfully submitted,

Dr. Regina Jordan-Sadiq Pro Se
1757 Autumnwood Blvd Clarksville, TN 37042

Notary:

JAMIE LOU JACKSON
STATE OF TENNESSEE
NOTARY PUBLIC
MONTGOMERY COUNTY

STATE OF TENNESSEE
COUNTY OF MONTGOMERY
SWORN TO AND SUBSCRIBED BEFORE ME THIS
11 DAY OF April , 20 25
NOTARY'S SIGNATURE & SEAL
MY COMMISSION EXPIRES 5/13/26

*Amended*
~~FILED~~

# UNITED STATES DISTRICT COURT
### for the

2005 APR 16 PM 4: 04

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

|  |  |
|---|---|
| Dr.Regina Jordan-Sodiq | ) |
|  | ) |
|  | ) |
|  | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:25-CV-00288  *Judge El. Richardson* |
| State of Tennessee, et.al., Defendants and Fifth Third Bank Defendant | ) |
|  | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Corporation Service Company (Registered Agent)
~~Fifth Third Bank~~
~~10200 David Taylor Drive~~ *wng* 300 Montvue Road
~~Suite 200~~ Knoxville TN 37919
Nashville, TN 37212

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  APR 1 5 2025

*Signature of Clerk or Deputy Clerk*

SERVICE COPY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) Response to Fifth Third Bank
has been served on: Motion to Dismiss

(Name) Kimberly S. Veirs
(Address) 214 Church Street
(Address) Suite 3500, Nashville TN 37203

(Name) Catherine R. Roggs
(Address) Bass, Berry & Freeman, LLP
(Address) 222 Second Ave South, Suite 2000
Nashville TN 37201
(Name) Stanley Mitchell Ross
(Address) 306 S. 2nd St
(Address) Clarksville TN 37040

(Name) Jason W. Callen
(Address) K & L Gates LLP
(Address) 501 Commerce Street
Suite 1500, Nashville TN 37203
(Name) Tracey P. Knight
(Address) 308 S. 2nd Street
(Address) Clarksville TN 37040

(Name) Do Christopher Murphy
(Address) Butler Snow LLP, Nashville Building
(Address) 1320 Adams St, Suite 1400
Nashville TN 37208
(Name) Noah Jordan Mason
(Address) 600 Peachtree Street, NE, Suite 3000
(Address) Atlanta GA 30308

(Name) John H Dollarhide
(Address) Butler Snow LLP
(Address) 150 3rd Avenue South Suite 1600
Nashville TN 37201
(Name) Cole William Schott
(Address) 3102 West End Ave, Suite 1100
(Address) Nashville TN 37203

on the _____ day of _____ 20_____   Continue —

_____
Signature

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) _Response to Fifth Third Bank_
has been served on:

(Name)     W. Scott Sims
(Address)   3102 West End Avenue, Suite 1100
(Address)   Nashville TN 37203

(Name)
(Address)
(Address)

(Name)
(Address)
(Address)

(Name)
(Address)
(Address)

(Name)
(Address)
(Address)

(Name)
(Address)
(Address)

(Name)
(Address)
(Address)

(Name)
(Address)
(Address)

(Name)
(Address)
(Address)

(Name)
(Address)
(Address)

on the 15th day of April, 2025

_____
Signature

_Amended_

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Dr.Regina Jordan-Sodiq | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. 3:25-CV-00288  _Judge E. Richardson_ |
| State of Tennessee, et.al., Defendants and Fifth Third Bank Defendant | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Corporation Service Company (Registered Agent)
~~Fifth Third Bank~~
~~10200 David Taylor Drive~~  _~~RA~~ 300 Montvue Road_
~~Suite 200~~  _Knoxville TN 37919_
~~Nashville, TN 37212~~

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: **APR 1 5 2025**

_Signature of Clerk or Deputy Clerk_

SERVICE COPY

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, TENNESSEE

Case No.: CC-25-CV-170

## DR. REGINA JORDAN-SODIQ, Plaintiff, v. Fifth Third Bank, Defendant.

## RESPONSE TO FIFTH THIRD BANK'S MOTION TO DISMISS

**INTRODUCTION** Plaintiff Dr. Regina Jordan-Sodiq ("Plaintiff") respectfully submits this response in opposition to Defendant Fifth Third Bank's ("Defendant") Motion to Dismiss. Defendant's reliance on repetitive procedural arguments imposes undue burdens on Plaintiff and distracts from the substantive issues at the heart of this case. Additionally, Defendant's request for dismissal **with prejudice** is wholly inappropriate, as Plaintiff's claims are substantiated by evidence and procedurally sound. For the reasons outlined below, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss in its entirety.

## ARGUMENT

**1. Defendant's Procedural Strategy Undermines Judicial Efficiency** Defendant's repeated motions and reliance on similar procedural arguments create inefficiencies and place unnecessary financial and logistical burdens on Plaintiff. This litigation tactic distracts from addressing the substantive claims presented by Plaintiff and lacks a genuine effort to engage with the merits of the case. Courts disfavor motions that fail to contribute meaningfully to resolving legal disputes, particularly those employing redundant arguments.

**2. Dismissal with Prejudice Is Inappropriate and Unjustified** Defendant's request for dismissal **with prejudice** aims to permanently bar Plaintiff's claims, a severe measure typically reserved for cases lacking merit or procedural validity. Plaintiff's complaint, however, is well-supported by substantive evidence and meets all procedural requirements.

Dismissal with prejudice is particularly unjustified where claims have not been fully and fairly adjudicated on their merits. Plaintiff has presented clear and specific allegations regarding systematic harassment, intentional emotional distress, and procedural inequities, each substantiated by compelling evidence. To grant dismissal with prejudice in this context would be contrary to the principles of fairness and justice that underlie the judicial system.

**3. Plaintiff's Compliance with Tennessee Statutes Highlights Good Faith** Plaintiff has complied with all procedural requirements, including submitting filings via USPS-confirmed mail, to ensure adherence to Tennessee statutes. Plaintiff's diligence reflects her commitment to justice and the integrity of this process. Defendant's reliance on regular mail and the repetitive nature of their filings contrasts sharply with Plaintiff's efforts, further underscoring Plaintiff's credibility and dedication.

**4. Defendant's Motion Fails to Introduce New or Substantive Claims** Defendant's recycled arguments are insufficient to warrant dismissal. Plaintiff's complaint articulates clear and specific claims of systematic harassment, intentional emotional distress, and procedural

harm. Each incident is supported by factual context, such as the timeline of events, the persistent misidentification, and the documented unsolicited communications. These allegations meet the requirements of Tennessee Rule of Civil Procedure 8.01, which necessitates a short and plain statement of the claim sufficient to inform Defendant of the nature of the claims against them.

**4. DISPROVING "SHOTGUN-STYLE PLEADING" CLAIMS:** Defendant's characterization of Plaintiff's complaint as a "shotgun-style pleading" is baseless. Plaintiff's claims are structured, concise, and supported by factual details specific to Fifth Third Bank. Each argument is tailored to address Defendant's role in the harassment and clearly delineates the harm caused by their actions.

**5. CIVIL CONSPIRACY AND INTENTIONAL ACTIONS:** Defendant's actions not only satisfy the elements of civil conspiracy under Tennessee law but also align with the patterns of conduct described in **T.C.A. § 39-17-308 (Harassment)** and **T.C.A. § 39-17-315 (Stalking)**. The coordination of unsolicited communications, the repeated use of the name "Cody," and the deliberate disregard for Plaintiff's identity demonstrate a calculated intent to harass and harm. These actions were not random or incidental but part of a broader pattern of behavior designed to undermine Plaintiff's emotional and psychological well-being.

**RELIEF SOUGHT:** Plaintiff's claims are grounded in well-established civil law principles, including negligence, intentional infliction of emotional distress, and invasion of privacy— recognized bases for relief under Tennessee law. Defendant's reliance on criminal statutes, such as **T.C.A. § 39-17-315**, is misplaced. Plaintiff seeks redress for the profound and ongoing harm caused by Defendant's actions, which are amply supported by the evidence provided.

**CONCLUSION:** This case is about more than just legal arguments—it is about restoring dignity and holding Fifth Third Bank accountable for their actions. Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety and allow the case to proceed to ensure that justice is served.

**CERTIFICATE OF SERVICE:** I, **Dr. Regina Jordan-Sodiq**, certify that a true and correct copy of the foregoing document has been sent via U.S. Mail and/or email to:

Katherine R. Rogers Burr & Forman, LLP 222 2nd Avenue South, Suite 2000 Nashville, TN 37201 615-724-3200 (office) 615-724-3290

Date: March 21, 2025

Dr. Regina Jordan-Sodiq, Pro Se
1757 Autumnwood Blvd Clarksville, TN 37042
G4818@yahoo.com ; (931) 561-2546

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, TENNESSEE

**Case No.: CC-25-CV-170**

Dr. Regina Jordan-Sodiq, Pro Se 1757 Autumnwood Blvd Clarksville, TN 37042 Plaintiff,

v.

Fifth Third Bank 38 Fountain Square Plaza Cincinnati, OH 45263 Defendant.

## RESPONSE TO FIFTH THIRD BANK'S MOTION TO DISMISS

**INTRODUCTION:** This case transcends procedural disputes—it represents a fight for accountability and justice in the face of harassment that has inflicted profound emotional trauma. Plaintiff Dr. Regina Jordan-Sodiq respectfully opposes Defendant Fifth Third Bank's Motion to Dismiss and asserts that her complaint meets all legal standards for relief. Defendant's motion fundamentally fails to address the targeted actions that caused harm and significantly impacted Plaintiff's dignity, well-being, and peace of mind.

**1. JURISDICTIONAL BASIS:** Fifth Third Bank operates within Tennessee through its Nashville branch, which necessitated Plaintiff's business dealings in the absence of a local Clarksville branch. This substantial and purposeful presence firmly establishes this Court's jurisdiction. Furthermore, Defendant's representatives directly interacted with Plaintiff in ways that contributed to her harm, further reinforcing this Court's authority to adjudicate this matter.

**2. TRAUMA FROM HARASSMENT AND TARGETED ACTIONS:** Plaintiff endured systematic harassment from Fifth Third Bank, initiated by their representatives in 2022, and ongoing to 2024. Of particular note, a representative referred to Plaintiff as "Cody"—a name that bears no connection to her identity when transferring the call to another representative. This action marked the beginning of a relentless and targeted campaign of unsolicited communications, including calls and texts, all addressed to "Cody."

Being reduced to the name "Cody" was not merely a clerical error; it was a deliberate and degrading act that stripped Plaintiff of her dignity. This dehumanizing treatment caused emotional distress, disrupted her daily life, and undermined her professional identity. The unsolicited communications, which persisted even after Plaintiff's attempts to correct the issue, exacerbated her emotional trauma. Evidence of these communications, including text message records, substantiates these claims.

Defendant's actions—including repeated misuse of "Cody" in communications—constitute deliberate acts that caused emotional distress and disrupted Plaintiff's daily life, as evidenced by Exhibits A, B, and C, attached records, which provide a clear timeline of events and substantiate the claims of harassment.

**3. SPECIFICITY AND CLARITY OF ALLEGATIONS:** Contrary to Defendant's assertions, Plaintiff has presented specific, detailed allegations that directly link Fifth Third Bank to her

- o **Exhibit A**: Text message dated 2022-2024 addressing Plaintiff as Regina then ongoing as "Cody."
- o **Exhibit B**: Continuation of messages, including job offers and insurance details.
- o **Exhibit C**: Evidence of unsolicited calls and texts over an extended period.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) _Response to Fifth Third Bank Motion to Dismiss_ has been served on:

(Name) W. Scott Sims
(Address) 3102 West End Avenue, Suite 1100
(Address) Nashville TN 37203

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

on the 15th day of April, 2025

_____
Signature

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) _Response to Fifth Third Bank Motion to Dismiss_ has been served on:

(Name) _W. Scott Sims_
(Address) _3102 West End Avenue, Suite 1100_
(Address) _Nashville TN 37203_

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

on the _15th_ day of _April_, _2025_

_____
Signature

*Amended*

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Dr.Regina Jordan-Sodiq | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:25-CV-00288 *Judge Et. Richardson* |
| State of Tennessee, et.al., Defendants and Fifth Third Bank Defendant | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Corporation Service Company (Registered Agent)
~~Fifth Third Bank~~
~~10200 David Taylor Drive~~      300 Montvue Road
~~Suite 200~~
~~Nashville, TN 37212~~       Knoxville TN 37919

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  **APR 1 5 2025**

*Signature of Clerk or Deputy Clerk*

SERVICE COPY



Amended

FILED

## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**Dr. Regina Jordan-Sodiq, Plaintiff,** v. **State of Tennessee, et al., Defendants, and Fifth Third Bank, Defendant.**

Case No. 3:25-CV-00288 Judge Eli Richardson Jury Demand

### RESPONSE TO FIFTH THIRD BANK'S MOTION TO DISMISS

**INTRODUCTION** Plaintiff Dr. Regina Jordan-Sodiq ("Plaintiff") respectfully submits this response in opposition to Defendant Fifth Third Bank's ("Defendant") Motion to Dismiss. Defendant's reliance on repetitive procedural arguments imposes undue burdens on Plaintiff and distracts from the substantive issues at the heart of this case. Additionally, Defendant's request for dismissal with prejudice is wholly inappropriate, as Plaintiff's claims are substantiated by evidence and procedurally sound. For the reasons outlined below, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss in its entirety. While the court has administratively closed this case, Plaintiff emphasizes that Defendant's pending motion requires a timely and substantive response to ensure procedural integrity. Plaintiff's obligation to address Defendant's arguments remains essential in preserving transparency, fairness, and adherence to judicial processes.

### NOTICE OF SERVICE

To: Katherine R. Rogers Burr & Forman, LLP 222 2nd Avenue South, Suite 2000 Nashville, TN 37201 and Corporation Service Company (Registered Agent) , 10200 David Taylor Drive, Suite 200, Nashville, TN 37212.

Plaintiff Dr. Regina Jordan-Sodiq hereby provides notice to the Court and opposing counsel of service of the attached response to Defendant Fifth Third Bank's Motion to Dismiss, along with related exhibits. Service has been executed via:

1. **USPS Certified Mail** with confirmation receipt requested, sent on April   , 2025.
2. **Email Delivery** to the email address on record: katherine.rogers@burr.com.

Enclosed within this filing are the March 21st 2025 and April 2nd 2025 response and subsequent affidavit attesting to compliance with Tennessee Rules of Civil Procedure. Attached documentation includes the return receipt and USPS mailing record for verification.

### ARGUMENT

- **Defendant's Procedural Strategy Undermines Judicial Efficiency** Defendant's repeated motions and reliance on similar procedural arguments create inefficiencies and place unnecessary financial and logistical burdens on Plaintiff. This litigation tactic distracts from addressing the substantive claims presented by Plaintiff and lacks a genuine effort to engage with the merits of the case. Courts disfavor motions that fail to

contribute meaningfully to resolving legal disputes, particularly those employing redundant arguments.

- **Incorporation of Previous Response** In addition to this response, Plaintiff incorporates the March 21, 2025, and April 2, 2025, responses previously filed with the Court. These responses articulate Plaintiff's initial rebuttals and procedural adherence, which remain relevant to countering Defendant's claims. Including this prior filing further demonstrates Plaintiff's consistent efforts to engage transparently and in good faith with this litigation process. A summons and complaint will be sent to Fifth Third Bancorp's registered agent in Tennessee, listed as Corporation Service Company, with their address being: **10200 David Taylor Drive, Suite 200, Nashville, TN 37212.**

- **Defendant's Motion Fails to Introduce New or Substantive Claims** Defendant's recycled arguments are insufficient to warrant dismissal. Plaintiff's complaint articulates clear and specific claims of systematic harassment, intentional emotional distress, and procedural inequities, all supported by compelling evidence. The Tennessee Rules of Civil Procedure, specifically Rule 8.01, are satisfied by Plaintiff's concise statement of claims, which informs Defendant of the case's nature and grounds for relief. Defendant's failure to engage substantively with Plaintiff's claims demonstrates their reliance on procedural avoidance rather than addressing the issues raised.

- **Dismissal with Prejudice Is Inappropriate and Unjustified** Defendant's request for dismissal with prejudice aims to permanently bar Plaintiff's claims, a severe measure typically reserved for cases lacking merit or procedural validity. Plaintiff's complaint, however, is well-supported by substantive evidence and meets all procedural requirements. Dismissal with prejudice is particularly unjustified where claims have not been fully and fairly adjudicated on their merits. Plaintiff has presented clear and specific allegations regarding systematic harassment, intentional emotional distress, and procedural inequities, each substantiated by compelling evidence. To grant dismissal with prejudice in this context would be contrary to the principles of fairness and justice that underlie the judicial system.

- **Plaintiff's Compliance with Tennessee Statutes Highlights Good Faith** Plaintiff has complied with all procedural requirements, including submitting filings via USPS-confirmed mail, and notarizing affidavits and has a PACER account. Plaintiff's diligence reflects her commitment to justice and the integrity of this process. Defendant's reliance on regular mail and the repetitive nature of their filings contrasts sharply with Plaintiff's efforts, further underscoring Plaintiff's credibility and dedication.
    1. **Affidavit of Service**: Plaintiff includes her sworn Affidavit, Notice of Service, and Certificate of Service, attesting to the steps taken to serve Defendant within the required timeframe. And the signed Return on Service of summons by mail, responses dated March 21st , 2025 exhibit A and April 2nd, 2025, exhibit B, and USPS confirmation receipt #9410 8301 0935 5003 1450 50 as exhibit C.

2. **Request for Clarification**: To prevent future procedural issues, Plaintiff respectfully requests that Defendant specify the precise location designated for service of process to eliminate ambiguity and delays.

- **Defendant's Motion Fails to Introduce New or Substantive Claims** Defendant's recycled arguments are insufficient to warrant dismissal. Plaintiff's complaint articulates clear and specific claims of systematic harassment, intentional emotional distress, and procedural inequities, all supported by compelling evidence. The Tennessee Rules of Civil Procedure, specifically **Rule 8.01**, are satisfied by Plaintiff's concise statement of claims, which informs Defendant of the case's nature and grounds for relief. Defendant's failure to engage substantively with Plaintiff's claims demonstrates their reliance on procedural avoidance rather than addressing the issues raised.

- **Jurisdictional Evidence Establishes This Court's Authority** Defendant's operational presence within Tennessee, including its Nashville branch, firmly establishes this Court's jurisdiction under the Tennessee Long-Arm Statute **(Tenn. Code Ann. § 20-2-214)**. Plaintiff's business dealings with Defendant were necessitated by the absence of a local branch in Clarksville, and Defendant's direct interactions with Plaintiff further validate this Court's authority to adjudicate these claims.

**CONCLUSION** For the reasons stated above, Plaintiff respectfully requests this Honorable Court deny Defendant Fifth Third Bank's Motion to Dismiss, **reject** their request for **dismissal with prejudice,** and allow the case to proceed. Defendant's reliance on repetitive procedural arguments demonstrates inefficiency and fails to address the substantive claims at issue. Plaintiff has complied with procedural requirements and continues to maintain transparency and integrity throughout this process. In the alternative, Plaintiff requests leave to amend the Complaint to address any deficiencies identified by the Court.

**CERTIFICATE OF SERVICE** I, Dr. Regina Jordan-Sodiq, certify that a true and correct copy of the foregoing document has been sent via U.S. Mail and/or email to:

1. Fifth Third Bancorp's registered agent in Tennessee, listed as Corporation Service Company, with their address being: **10200 David Taylor Drive, Suite 200, Nashville, TN 37212.**
2. Katherine R. Rogers Burr & Forman, LLP 222 2nd Avenue South, Suite 2000 Nashville, TN 37201 615-724-3200 (office) 615-724-3290; krogers@burr.com

**AFFIDAVIT OF SERVICE** I, Dr. Regina Jordan-Sodiq, being duly sworn, declare as follows:

1. **Service of Process Compliance**: On April 2, 2025, I sent a copy of the Defendant Fifth Third Bank's Motion via USPS Certified Mail with confirmation receipt requested. A confirmation receipt request to verify delivery has been retained as proof of service.
2. **Certificate of Service**: I, Dr. Regina Jordan-Sodiq, certify that a true and correct copy of the foregoing document was mailed and emailed to Katherine R. Rogers, Burr & Forman LLP, 222 2nd Avenue South, Suite 2000, Nashville, TN 37201, on April 2, 2025. Fifth

Third Bancorp's registered agent in Tennessee, listed as Corporation Service Company, : **10200 David Taylor Drive, Suite 200, Nashville, TN 37212.**

3.  This attests to when mailing occurred in compliance with Tennessee law.
4.  **PACER Account**: I now have an account to ensure compliance and transparency in my filings.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: April 1, 2025

Respectfully submitted,

Dr. Regina Jordan-Sadiq Pro Se
1757 Autumnwood Blvd Clarksville, TN 37042

Notary:

STATE OF TENNESSEE
COUNTY OF MONTGOMERY

SWORN TO AND SUBSCRIBED BEFORE ME THIS

____ DAY OF _____, 20 25

NOTARY'S SIGNATURE & SEAL

MY COMMISSION EXPIRES 5/13/26

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) Response to Fifth Third Bank
has been served on: Motion to Dismiss

(Name) Kimberly S. Veirs
(Address) 219 Church Street
(Address) Suite 3300, Nashville TN 37203

(Name) Katherine R. Rogers
(Address) Burr & Forman, LLP
(Address) 222 Second Ave South, Suite 2000
(Name) Nashville TN 37201
(Address) Stanley Mitchell Ross
(Address) 306 S 2nd St
(Address) Clarksville TN 37040

(Name) Jason W. Callen
(Address) K&L Gates LLP
(Address) 501 Commerce Street
(Name) Suite 1500, Nashville TN 37203
(Address) Tracey K Knight
(Address) 306 S 2nd Street
(Address) Clarksville TN 37040

(Name) D. Christopher Murphy
(Address) Butler Snow LLP, Nashville Building
(Address) 1320 Adams St, Suite 1400
(Name) Nashville TN 37208
(Address) Noah Jordan Mason
(Address) 600 Peachtree Street, NE, Suite 3000
(Address) Atlanta GA 30308

(Name) John H Dollarhide
(Address) Butler Snow LLP
(Address) 150 3rd Avenue South, Suite 1600
(Name) Nashville TN 37201
(Address) Cole William Schott, Suite 1100
(Address) 3102 West End Ave, Suite 1100
(Address) Nashville TN 37203

on the _____ day of _____ 20___   Continue —

_____
Signature

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) _Response to Fifth Third_
_Bank_
has been served on:

(Name)      _W. Scott Sims_
(Address)   _3102 West End Avenue, Suite 1100_
(Address)   _Nashville TN 37203_

(Name)      _____
(Address)   _____
(Address)   _____

(Name)      _____
(Address)   _____
(Address)   _____

(Name)      _____
(Address)   _____
(Address)   _____

(Name)      _____
(Address)   _____
(Address)   _____

(Name)      _____
(Address)   _____
(Address)   _____

(Name)      _____
(Address)   _____
(Address)   _____

(Name)      _____
(Address)   _____
(Address)   _____

(Name)      _____
(Address)   _____
(Address)   _____

(Name)      _____
(Address)   _____
(Address)   _____

on the _15th_ day of _April_, 20_25_

_____
Signature

*Amended*

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Dr.Regina Jordan-Sodiq | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:25-CV-00288 *Judge R. Richardson* |
| State of Tennessee, et.al., Defendants and Fifth Third Bank Defendant | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Corporation Service Company (Registered Agent)
~~Fifth Third Bank~~
~~10200 David Taylor Drive~~
~~Suite 200~~
~~Nashville, TN 37212~~

*300 Montvue Road
Knoxville TN 37919*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: **APR 1 5 2025**

_____
*Signature of Clerk or Deputy Clerk*

SERVICE COPY


Amended

FILED

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

**Dr. Regina Jordan-Sodiq, Plaintiff,** v. **State of Tennessee, et al., Defendants, and Fifth Third Bank, Defendant.**

Case No. 3:25-CV-00288 Judge Eli Richardson Jury Demand

## RESPONSE TO FIFTH THIRD BANK'S MOTION TO DISMISS

**INTRODUCTION** Plaintiff Dr. Regina Jordan-Sodiq ("Plaintiff") respectfully submits this response in opposition to Defendant Fifth Third Bank's ("Defendant") Motion to Dismiss. Defendant's reliance on repetitive procedural arguments imposes undue burdens on Plaintiff and distracts from the substantive issues at the heart of this case. Additionally, Defendant's request for dismissal with prejudice is wholly inappropriate, as Plaintiff's claims are substantiated by evidence and procedurally sound. For the reasons outlined below, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss in its entirety. While the court has administratively closed this case, Plaintiff emphasizes that Defendant's pending motion requires a timely and substantive response to ensure procedural integrity. Plaintiff's obligation to address Defendant's arguments remains essential in preserving transparency, fairness, and adherence to judicial processes.

## NOTICE OF SERVICE

To: Katherine R. Rogers Burr & Forman, LLP 222 2nd Avenue South, Suite 2000 Nashville, TN 37201 and Corporation Service Company (Registered Agent), 10200 David Taylor Drive, Suite 200, Nashville, TN 37212.

Plaintiff Dr. Regina Jordan-Sodiq hereby provides notice to the Court and opposing counsel of service of the attached response to Defendant Fifth Third Bank's Motion to Dismiss, along with related exhibits. Service has been executed via:

1. **USPS Certified Mail** with confirmation receipt requested, sent on April , 2025.
2. **Email Delivery** to the email address on record: katherine.rogers@burr.com.

Enclosed within this filing are the March 21st 2025 and April 2nd 2025 response and subsequent affidavit attesting to compliance with Tennessee Rules of Civil Procedure. Attached documentation includes the return receipt and USPS mailing record for verification.

## ARGUMENT

- **Defendant's Procedural Strategy Undermines Judicial Efficiency** Defendant's repeated motions and reliance on similar procedural arguments create inefficiencies and place unnecessary financial and logistical burdens on Plaintiff. This litigation tactic distracts from addressing the substantive claims presented by Plaintiff and lacks a genuine effort to engage with the merits of the case. Courts disfavor motions that fail to

contribute meaningfully to resolving legal disputes, particularly those employing redundant arguments.

- **Incorporation of Previous Response** In addition to this response, Plaintiff incorporates the March 21, 2025, and April 2, 2025, responses previously filed with the Court. These responses articulate Plaintiff's initial rebuttals and procedural adherence, which remain relevant to countering Defendant's claims. Including this prior filing further demonstrates Plaintiff's consistent efforts to engage transparently and in good faith with this litigation process. A summons and complaint will be sent to Fifth Third Bancorp's registered agent in Tennessee, listed as Corporation Service Company, with their address being: **10200 David Taylor Drive, Suite 200, Nashville, TN 37212.**


- **Defendant's Motion Fails to Introduce New or Substantive Claims** Defendant's recycled arguments are insufficient to warrant dismissal. Plaintiff's complaint articulates clear and specific claims of systematic harassment, intentional emotional distress, and procedural inequities, all supported by compelling evidence. The Tennessee Rules of Civil Procedure, specifically Rule 8.01, are satisfied by Plaintiff's concise statement of claims, which informs Defendant of the case's nature and grounds for relief. Defendant's failure to engage substantively with Plaintiff's claims demonstrates their reliance on procedural avoidance rather than addressing the issues raised.

- **Dismissal with Prejudice Is Inappropriate and Unjustified** Defendant's request for dismissal with prejudice aims to permanently bar Plaintiff's claims, a severe measure typically reserved for cases lacking merit or procedural validity. Plaintiff's complaint, however, is well-supported by substantive evidence and meets all procedural requirements. Dismissal with prejudice is particularly unjustified where claims have not been fully and fairly adjudicated on their merits. Plaintiff has presented clear and specific allegations regarding systematic harassment, intentional emotional distress, and procedural inequities, each substantiated by compelling evidence. To grant dismissal with prejudice in this context would be contrary to the principles of fairness and justice that underlie the judicial system.

- **Plaintiff's Compliance with Tennessee Statutes Highlights Good Faith** Plaintiff has complied with all procedural requirements, including submitting filings via USPS-confirmed mail, and notarizing affidavits and has a PACER account. Plaintiff's diligence reflects her commitment to justice and the integrity of this process. Defendant's reliance on regular mail and the repetitive nature of their filings contrasts sharply with Plaintiff's efforts, further underscoring Plaintiff's credibility and dedication.
    1. **Affidavit of Service**: Plaintiff includes her sworn Affidavit, Notice of Service, and Certificate of Service, attesting to the steps taken to serve Defendant within the required timeframe. And the signed Return on Service of summons by mail, responses dated March 21st , 2025 exhibit A and April 2nd, 2025, exhibit B, and USPS confirmation receipt #9410 8301 0935 5003 1450 50 as exhibit C.

2. **Request for Clarification**: To prevent future procedural issues, Plaintiff respectfully requests that Defendant specify the precise location designated for service of process to eliminate ambiguity and delays.

- **Defendant's Motion Fails to Introduce New or Substantive Claims** Defendant's recycled arguments are insufficient to warrant dismissal. Plaintiff's complaint articulates clear and specific claims of systematic harassment, intentional emotional distress, and procedural inequities, all supported by compelling evidence. The Tennessee Rules of Civil Procedure, specifically **Rule 8.01**, are satisfied by Plaintiff's concise statement of claims, which informs Defendant of the case's nature and grounds for relief. Defendant's failure to engage substantively with Plaintiff's claims demonstrates their reliance on procedural avoidance rather than addressing the issues raised.

- **Jurisdictional Evidence Establishes This Court's Authority** Defendant's operational presence within Tennessee, including its Nashville branch, firmly establishes this Court's jurisdiction under the Tennessee Long-Arm Statute **(Tenn. Code Ann. § 20-2-214)**. Plaintiff's business dealings with Defendant were necessitated by the absence of a local branch in Clarksville, and Defendant's direct interactions with Plaintiff further validate this Court's authority to adjudicate these claims.

**CONCLUSION** For the reasons stated above, Plaintiff respectfully requests this Honorable Court deny Defendant Fifth Third Bank's Motion to Dismiss, **reject** their request for **dismissal with prejudice,** and allow the case to proceed. Defendant's reliance on repetitive procedural arguments demonstrates inefficiency and fails to address the substantive claims at issue. Plaintiff has complied with procedural requirements and continues to maintain transparency and integrity throughout this process. In the alternative, Plaintiff requests leave to amend the Complaint to address any deficiencies identified by the Court.

**CERTIFICATE OF SERVICE** I, Dr. Regina Jordan-Sodiq, certify that a true and correct copy of the foregoing document has been sent via U.S. Mail and/or email to:

1. Fifth Third Bancorp's registered agent in Tennessee, listed as Corporation Service Company, with their address being: **10200 David Taylor Drive, Suite 200, Nashville, TN 37212.**
2. Katherine R. Rogers Burr & Forman, LLP 222 2nd Avenue South, Suite 2000 Nashville, TN 37201 615-724-3200 (office) 615-724-3290; krogers@burr.com

**AFFIDAVIT OF SERVICE** I, Dr. Regina Jordan-Sodiq, being duly sworn, declare as follows:

1. **Service of Process Compliance**: On April 5, 2025, I sent a copy of the Defendant Fifth Third Bank's Motion via USPS Certified Mail with confirmation receipt requested. A confirmation receipt request to verify delivery has been retained as proof of service.
2. **Certificate of Service**: I, Dr. Regina Jordan-Sodiq, certify that a true and correct copy of the foregoing document was mailed and emailed to Katherine R. Rogers, Burr & Forman LLP, 222 2nd Avenue South, Suite 2000, Nashville, TN 37201, on April 2, 2025. Fifth

Third Bancorp's registered agent in Tennessee, listed as Corporation Service Company, : **10200 David Taylor Drive, Suite 200, Nashville, TN 37212.**

3. This attests to when mailing occurred in compliance with Tennessee law.

4. **PACER Account**: I now have an account to ensure compliance and transparency in my filings.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: April 1, 2025

Respectfully submitted,

Dr. Regina Jordan-Sadiq Pro Se
1757 Autumnwood Blvd Clarksville, TN 37042

Notary:

STATE OF TENNESSEE
COUNTY OF MONTGOMERY
SWORN TO AND SUBSCRIBED BEFORE ME THIS
____ DAY OF ____, 20 25
_____
NOTARY'S SIGNATURE & SEAL
MY COMMISSION EXPIRES __5/13/26__

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the (pleading) Response to Fifth Third Bank
has been served on: Motion to Dismiss

(Name) Kimberly S. Veirs
(Address) 219 Church Street
(Address) Suite 3000, Nashville TN 37203

(Name) Katherine R. Rosss
(Address) Bass & Freeman, LLP
(Address) 222 Second Ave South, Suite 2000
(Name) Nashville TN 37201
(Name) Stanley Mitchell Ross
(Address) 306 S. 2nd St
(Address) Clarksville TN 37040

(Name) Jason W. Callen
(Address) K&L Gates LLP
(Address) 501 Commerce Street
(Name) Suite 1500, Nashville TN 37203
(Name) Tracey R. Knight
(Address) 306 S 2nd Street
(Address) Clarksville TN 37040

(Name) Bo Christopher Murphy
(Address) Butler Snow LLP, Nashville Building
(Address) 1320 Adams St, Suite 1400
(Name) Nashville TN 37208
(Name) Noah Jordan Mason
(Address) 600 Peachtree Street, NE, Suite
(Address) Atlanta GA 30308          3000

(Name) John H Dollarhide
(Address) Butler Snow LLP
(Address) 150 3rd Avenue South, Suite 1600
(Name) Nashville TN 37201
(Name) Cole William Schott
(Address) 3102 West End Ave, Suite 1100
(Address) Nashville TN 37203

on the _____ day of _____ 20____

Continue —

_____
Signature

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) _Response to Fifth Third Bank_ has been served on:

(Name) _W. Scott Sims_
(Address) _3102 West End Avenue, Suite 1100_
(Address) _Nashville TN 37203_

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

on the _15th_ day of _April_, 20_25_ _____

Signature

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

**Dr. Regina Jordan-Sodiq**, Plaintiff,

v.

**Case Number:** 3:25-cv-00288 **Judge:** Eli J. Richardson

**Adaugo Asouzo, Ahae Woo, Darlene Solorzano, Ernest Ike, Glen Castano, Jennifer Harvey, Kristen Ritter, Melissa Servidio, Olufunke Konigbagbe, PennyMac Loan Services, LLC, Queens City Disposal (Clarksville, TN), Tennova Hospital (Clarksville, TN), Centennial Hospital (Nashville, TN), Summit Tri-Star Hospital (Clarksville, TN), Sam's Club (Clarksville, TN), Clarksville Police Department, Alice Lynn Bryner, Christina Jackson, Danita Brown, Tamara Denise Marshall, Stephen Browne, Amazon.com, Inc. (Wilma Rudolph Boulevard, Clarksville, TN), Kristen Nutt Smith, Kathy Russell, Shoe Carnival (Clarksville, TN), Regions Bank (Kingsport, TN, and affiliates), Betty J. Johnson, Austin Peay State University, Social Security Administration, United States Postal Service, State of Tennessee, Fifth Third Bank, Walmart, and Orlando Menz**, Defendants.

## NOTICE OF CONSENT TO MAGISTRATE JUDGE

I, Dr. Regina Jordan-Sodiq, Plaintiff in the above-captioned case, hereby declare that I consent to having the Magistrate Judge preside over this case in its entirety, including trial and final judgment.

This document is submitted in accordance with the Notice of Consent and Reference to a Magistrate Judge provided by the Court.

Respectfully submitted,

Dr. Regina Jordan-Sodiq

Date: 3/21/25

# UNITED STATES DISTRICT COURT
for the
## MIDDLE DISTRICT OF TENNESSEE

Regina Jordan-Sodiq

Plaintiff,

v.

Case No.: 3:25-cv-00288

Social Security Administration, et al.

Defendant,

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| Dr. Regina Jordan Sodiq | R.J. Sodiq | 3/21/25 |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

**DO NOT FILE THIS FORM UNLESS ALL PARTIES CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE.** When filing the Notice of Consent, in the CM/ECF filing system, use the event listed under Notices, Notice of Consent of the Parties.

# U.S. District Court
## Middle District of Tennessee (Nashville)
## CIVIL DOCKET FOR CASE #: 3:25-cv-00288

Jordan-Sodiq v. Social Security Administration et al          Date Filed: 03/11/2025
Assigned to: District Judge Eli J. Richardson               Jury Demand: None
Cause: 28:1441 Notice of Removal-Other Statutory Actions     Nature of Suit: 890 Other Statutory Actions
                                                            Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Dr. Regina Jordan-Sodiq**                  represented by   **Regina Jordan-Sodiq**
                                                            1757 Autumnwood Blvd.
                                                            Clarksville, TN 37042
                                                            PRO SE

V.

**Defendant**

**Social Security Administration**           represented by   **Kimberly S. Veirs**
                                                            U. S. Attorney's Office (Nashville)
                                                            Middle District of Tennessee
                                                            719 Church Street
                                                            Suite 3300
                                                            Nashville, TN 37203
                                                            615-736-5151
                                                            Fax: 615-401-6626
                                                            Email: kimberly.veirs@usdoj.gov
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**United States Postal Service**             represented by   **Kimberly S. Veirs**
*Post Office in Clarksville, TN*                             (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**State of Tennessee**

**Defendant**

**Fifth Third Bank**

**Defendant**

**Walmart**
*on Wilma Rudolph Boulevard, Self Checkout*
*Employee, 02/24/2023*

**Defendant**

**Orlando Menz**

**Defendant**

Original

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**

**Dr. Regina Jordan-Sodiq,** Plaintiff,

v.

**Case Number:** 3:25-cv-00288 **Judge:** Eli J. Richardson

**Adaugo Asouzo, Ahae Woo, Darlene Solorzano, Ernest Ike, Glen Castano, Jennifer Harvey, Kristen Ritter, Melissa Servidio, Olufunke Konigbagbe, PennyMac Loan Services, LLC, Queens City Disposal (Clarksville, TN), Tennova Hospital (Clarksville, TN), Centennial Hospital (Nashville, TN), Summit Tri-Star Hospital (Clarksville, TN), Sam's Club (Clarksville, TN), Clarksville Police Department, Alice Lynn Bryner, Christina Jackson, Danita Brown, Tamara Denise Marshall, Stephen Browne, Amazon.com, Inc. (Wilma Rudolph Boulevard, Clarksville, TN), Kristen Nutt Smith, Kathy Russell, Shoe Carnival (Clarksville, TN), Regions Bank (Kingsport, TN, and affiliates), Betty J. Johnson, Austin Peay State University, Social Security Administration, United States Postal Service, State of Tennessee, Fifth Third Bank, Walmart, and Orlando Menz,** Defendants.

**NOTICE OF CONSENT TO MAGISTRATE JUDGE**

I, Dr. Regina Jordan-Sodiq, Plaintiff in the above-captioned case, hereby declare that I consent to having the Magistrate Judge preside over this case in its entirety, including trial and final judgment.

This document is submitted in accordance with the Notice of Consent and Reference to a Magistrate Judge provided by the Court.

Respectfully submitted,

Dr. Regina Jordan-Sodiq

Date: 3/21/25

# UNITED STATES DISTRICT COURT
### for the
# MIDDLE DISTRICT OF TENNESSEE

Regina Jordan–Sodiq

                                      Plaintiff,

v.
                                                        Case No.: 3:25–cv–00288

Social Security Administration, et al.

                                     Defendant,

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post–trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| Dr. Regina Jordan. Sodiq | *[signature]* Sodiq | 3/21/25 |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
                            *District Judge's signature*

_____
                            *Printed name and title*

**DO NOT FILE THIS FORM UNLESS ALL PARTIES CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE.** When filing the Notice of Consent, in the CM/ECF filing system, use the event listed under Notices, Notice of Consent of the Parties.

# U.S. District Court
## Middle District of Tennessee (Nashville)
## CIVIL DOCKET FOR CASE #: 3:25-cv-00288

Jordan-Sodiq v. Social Security Administration et al
Assigned to: District Judge Eli J. Richardson
Cause: 28:1441 Notice of Removal-Other Statutory Actions

Date Filed: 03/11/2025
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Dr. Regina Jordan-Sodiq**                  represented by  **Regina Jordan-Sodiq**
                                                           1757 Autumnwood Blvd.
                                                           Clarksville, TN 37042
                                                           PRO SE

V.

**Defendant**

**Social Security Administration**           represented by  **Kimberly S. Veirs**
                                                           U. S. Attorney's Office (Nashville)
                                                           Middle District of Tennessee
                                                           719 Church Street
                                                           Suite 3300
                                                           Nashville, TN 37203
                                                           615-736-5151
                                                           Fax: 615-401-6626
                                                           Email: kimberly.veirs@usdoj.gov
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**United States Postal Service**             represented by  **Kimberly S. Veirs**
*Post Office in Clarksville, TN*                            (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**State of Tennessee**

**Defendant**

**Fifth Third Bank**

**Defendant**

**Walmart**
*on Wilma Rudolph Boulevard, Self Checkout
Employee, 02/24/2023*

**Defendant**

**Orlando Menz**

**Defendant**

https://tnmd-ecf.sso.dcn/cgi-bin/DktRpt.pl?588901199762047-L_1_0-1                          1/4

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

**Dr. Regina Jordan-Sodiq**, Plaintiff,

v.

**Case Number:** 3:25-cv-00288 **Judge:** Eli J. Richardson

**Adaugo Asouzo, Ahae Woo, Darlene Solorzano, Ernest Ike, Glen Castano, Jennifer Harvey, Kristen Ritter, Melissa Servidio, Olufunke Konigbagbe, PennyMac Loan Services, LLC, Queens City Disposal (Clarksville, TN), Tennova Hospital (Clarksville, TN), Centennial Hospital (Nashville, TN), Summit Tri-Star Hospital (Clarksville, TN), Sam's Club (Clarksville, TN), Clarksville Police Department, Alice Lynn Bryner, Christina Jackson, Danita Brown, Tamara Denise Marshall, Stephen Browne, Amazon.com, Inc. (Wilma Rudolph Boulevard, Clarksville, TN), Kristen Nutt Smith, Kathy Russell, Shoe Carnival (Clarksville, TN), Regions Bank (Kingsport, TN, and affiliates), Betty J. Johnson, Austin Peay State University, Social Security Administration, United States Postal Service, State of Tennessee, Fifth Third Bank, Walmart, and Orlando Menz,** Defendants.

## NOTICE OF CONSENT TO MAGISTRATE JUDGE

I, Dr. Regina Jordan-Sodiq, Plaintiff in the above-captioned case, hereby declare that I consent to having the Magistrate Judge preside over this case in its entirety, including trial and final judgment.

This document is submitted in accordance with the Notice of Consent and Reference to a Magistrate Judge provided by the Court.

Respectfully submitted,

Dr. Regina Jordan-Sodiq

Date: 3/21/25

# UNITED STATES DISTRICT COURT
### for the
# MIDDLE DISTRICT OF TENNESSEE

Regina Jordan–Sodiq

Plaintiff,

v.

Case No.: 3:25–cv–00288

Social Security Administration, et al.

Defendant,

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post–trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| Dr. Regina Jordan Sodiq | R.J. Sodiq | 3/21/25 |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

**<u>DO NOT FILE THIS FORM UNLESS ALL PARTIES CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE.</u>** When filing the Notice of Consent, in the CM/ECF filing system, use the event listed under Notices, <u>Notice of Consent of the Parties.</u>

# U.S. District Court
## Middle District of Tennessee (Nashville)
## CIVIL DOCKET FOR CASE #: 3:25-cv-00288

Jordan-Sodiq v. Social Security Administration et al
Assigned to: District Judge Eli J. Richardson
Cause: 28:1441 Notice of Removal-Other Statutory Actions

Date Filed: 03/11/2025
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

### Plaintiff

**Dr. Regina Jordan-Sodiq**    represented by    **Regina Jordan-Sodiq**
1757 Autumnwood Blvd.
Clarksville, TN 37042
PRO SE

V.

### Defendant

**Social Security Administration**    represented by    **Kimberly S. Veirs**
U. S. Attorney's Office (Nashville)
Middle District of Tennessee
719 Church Street
Suite 3300
Nashville, TN 37203
615-736-5151
Fax: 615-401-6626
Email: kimberly.veirs@usdoj.gov
*ATTORNEY TO BE NOTICED*

### Defendant

**United States Postal Service**    represented by    **Kimberly S. Veirs**
*Post Office in Clarksville, TN*    (See above for address)
*ATTORNEY TO BE NOTICED*

### Defendant

**State of Tennessee**

### Defendant

**Fifth Third Bank**

### Defendant

**Walmart**
*on Wilma Rudolph Boulevard, Self Checkout
Employee, 02/24/2023*

### Defendant

**Orlando Menz**

### Defendant