IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

FILED
2025 [APR 17] PM 4:00
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Plaintiff(s): Dr. Regina Jordan-Sodiq

v.

Defendant(s): Social Security Administration et. al. and Regions Bank

Case Number: 3:25-CV-00288
Judge: Judge Eli Richardson
Magistrate Judge: _____

(Type of Pleading) Response to Defendant Regions Bank Motion to Dismiss

Exhibit D Summons CC-25-CV-170 Return of Service dated 3/5/25

_(Signature)_

Regina Jordan-Sady
(Print Name)

_____
_____

(Address & Telephone Number, if any)

| Circuit Court Montgomery County Clarksville Tennessee | **CIVIL SUMMONS** | Case Number CC-25-CV-170 |
|---|---|---|

Dr. Regina Jordan-Says vs. Regions Bank et al

**Serve On:**
Name: Regions Bank    Address: 420 West Center Street, Kingsport TN, 37660

Serve By: ___ Montgomery Co Sheriff's Dept    ___ Secretary of State    ___ Comm of Insurance    _X_ Other (Specify) Certified Return Receipt

You are hereby summoned to defend a civil action filed against you in Circuit Court, Montgomery County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 1/31/25

_____
Wendy Davis, Clerk / Deputy Clerk

Attorney for Plaintiff: _____

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state case number on list.

## CERTIFICATION (IF APPLICABLE)

I, Wendy Davis, Circuit Court Clerk of Montgomery County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
Wendy Davis, Clerk / Deputy Clerk

**SERVICE RETURN:** Please execute this summons and make your return within ninety days of issuance as provided by law.

I certify that I have served this summons and complaint as follows: _____

I certify that I was unable to serve the summons and complaint because: _____

Date: _____    By: _____
Officer, Title/Process Server

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on 2/5/25, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant Regions Bank on 3/5/25. I received the return receipt, which had been signed by Aspen Defendant Motion to Dismiss. The return receipt is attached to this original summons to be filed by the Court Clerk.

_____
Plaintiff's Attorney (or Person Authorized to Serve Process) — Jordi Pro Se

SWORN TO AND SUBSCRIBED BEFORE ME
THIS ___ DAY OF _____, 20___.

_____
Notary Public / Deputy Clerk (Comm. Expires _____)
(Attach return receipt on back)

ADA – If you have a disability and require assistance, please contact 931-555-5113

Rev. 2/21

*Exhibit A*

# Response to Defendant Regions Bank's Motion to Dismiss

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, TENNESSEE

DR. REGINA JORDAN-SODIQ, Plaintiff, v. STATE OF TENNESSEE, et al., Defendants.

Case No.: CC-25-CV-170

PLAINTIFF'S RESPONSE TO DEFENDANT REGIONS BANK'S MOTION TO DISMISS

Plaintiff, Dr. Regina Jordan-Sodiq, respectfully submits this Response opposing Defendant Regions Bank's Motion to Dismiss.

**Introduction** Plaintiff, Dr. Regina Jordan-Sodiq, respectfully submits this response opposing Defendant Regions Bank's Motion to Dismiss and requests that this Honorable Court deny the motion in its entirety. The Defendant's Motion to Dismiss is without merit and fails to establish sufficient grounds for dismissal under Tennessee Rules of Civil Procedure. Plaintiff contends that the motion lacks merit and that the claims raised in the Complaint are both legally and factually sufficient to proceed.

1. **Factual Background**:

From approximately 2005 to 2008, Plaintiff, Dr. Regina Jordan-Sodiq, was subjected to a conservatorship imposed by Regions Bank (formerly AmSouth Bank) and its employee, Betty J. Johnson, without Plaintiff's consent or due process of law. This conservatorship was enforced under false pretenses, resulting in significant emotional, financial, personal, professional, and health-related harm to the Plaintiff.

The Plaintiff believes that Regions Bank and its employees conspired with the Department of Veterans Affairs to impose this illegal conservatorship, employing community gang-stalking tactics to which the Plaintiff has been subjected for decades. Despite numerous attempts to seek resolution, the Plaintiff has not received any satisfactory response or remedial action from Regions Bank.

Regions Bank's actions violated the Plaintiff's rights under the **Tennessee Conservatorship Act**, which requires adherence to due process and transparency in establishing and administering conservatorships. Additionally, Regions Bank's conduct may have breached federal **consumer protection statutes**, including those enforced by the **Federal Deposit Insurance Corporation (FDIC)**, which mandate fair and lawful treatment of consumers by financial institutions.

As a result of the false and forced conservatorship, the Plaintiff experienced the following impacts:

1. **Emotional Distress**: Severe anxiety and emotional distress, affecting the Plaintiff's mental health and daily life.
2. **Financial Loss**: Substantial financial harm, including lost income and legal expenses.
3. **Personal Hardship**: Strain on personal relationships and disruptions in the Plaintiff's personal life.
4. **Professional Setbacks**: Adverse effects on the Plaintiff's career, leading to job loss and missed professional opportunities.
5. **Health Decline**: Detrimental effects on the Plaintiff's physical health, necessitating medical care.

The Plaintiff asserts that Regions Bank's actions constitute violations of federal and state laws, including but not limited to the **Tennessee Conservatorship Act** and relevant **consumer protection statutes** designed to safeguard individuals from exploitative financial practices.

**Argument** a. The Defendant misapplies the rules under Tennessee Rules of Civil Procedure. b. Plaintiff's Complaint sufficiently alleges causes of action and satisfies all pleading requirements. c. Specific arguments addressing the claims in their motion to dismiss:

**1. Jurisdiction** Regions Bank argues that this Court lacks jurisdiction; however, this Court does have jurisdiction over the matter. The events in question occurred in Tennessee, and Regions Bank and its employees conducted business in this state. Additionally, the Plaintiff resides in Tennessee, further affirming the appropriateness of jurisdiction.

**2. Sufficiency of Pleading** Regions Bank contends that Plaintiff's Complaint fails to meet pleading requirements under Rule 8.01. This argument is without merit. The Plaintiff's Complaint clearly identifies the defendants, provides a detailed timeline of events, describes the harm suffered, and alleges violations of the Tennessee Conservatorship Act and federal consumer protection statutes. These details satisfy the notice pleading standard.

**3. Failure to State a Claim** Defendant argues that the Complaint fails to state a claim under Rule 12.02. However, Plaintiff has sufficiently alleged the necessary elements to state a claim for relief. Plaintiff has clearly stated how the forced conservatorship violated the Tennessee Conservatorship Act and how Regions Bank's actions caused significant harm to the Plaintiff.

2. **In Conclusion:** For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant Regions Bank's Motion to Dismiss and permit this case to proceed.

Respectfully submitted,

Dr. Regina Jordan-Sodiq

1757 Autumnwood Blvd. Clarksville, TN 37042

Pro Se Plaintiff

## Certificate of Service

I hereby certify that on March 11, 2025, a true and correct copy of the foregoing **Plaintiff's Response to Defendant Regions Bank's Motion to Dismiss** was served upon the following via **email** and **U.S. Mail, Certified, Return Receipt Requested**:

**Bo Murphy** Butler Snow LLP 1320 Adams Street, Suite 1400 Nashville, TN 37208
bo.murphy@butlersnow.com

**Michael J. Banks** Banks Law Firm 108 S. Washington Avenue, Brownsville, TN 38012;
michael@bankslawfirm.net

**Date:** March 11, 2025

Signature:

Dr. Regina Jordan-Sodiq Pro Se Plaintiff