IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DR. REGINA JORDAN-SODIQ, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-CV-00288 |
| | : | |
| v. | : | |
| | : | |
| THE STATE OF TENNESSEE, *et al.*, | : | |

## DEFENDANT PENNYMAC LOAN SERVICES, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Local Civil Rule 7.01(4), Defendant PennyMac Loan Services, LLC ("Pennymac") files this Reply Brief in support of its Motion to Dismiss the Complaint (Dkt. 1-1, pp. 2-5) filed by *pro se* Plaintiff Dr. Regina Jordan-Sodiq ("Plaintiff"), showing this Honorable Court as follows:

## REPLY

Plaintiff has filed two (2) briefs in response to Pennymac's Motion to Dismiss. *See* Dkt. 37, 42. However, putting aside the impropriety of serving two response briefs under this Court's Local Rules (LR 7.01(3)), neither of the responses addresses Plaintiff's failure to perfect due and proper service on Pennymac in accordance with the Tennessee, and later, Federal Rules of Civil Procedure, nor do the responses address Plaintiff's failure to plead a plausible claim for relief against Pennymac in this action.

A. Service Issues

Plaintiff's responses allege that Plaintiff served Pennymac's registered agent for service of process in Tennessee (CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919) via certified mail on March 17, 2025. Dkt. 37, pp. 1-2; Dkt. 42, pp. 1-2. However, as of March 17, 2025, this case was pending in this Court, not the Circuit Court of Montgomery County,

1

Tennessee, where the case originated. *See* Dkt. 1 (Notice of Removal filed March 11, 2025). No Summons was issued to Pennymac by this Court until April 14, 2025. Dkt. 33. As a result, because Plaintiff did not perfect proper service on Pennymac prior to the removal of this case to this Court, it was not possible for Plaintiff to properly serve Pennymac with process (via certified mail or otherwise) on March 17, 2025. Plaintiff's claims to the contrary are without merit.[1]

B. Failure to State a Claim

Plaintiff's responses argue that "the factual allegations [in Plaintiff's complaint] substantiate actionable causes of action under Tennessee civil law." Dkt. 37, p. 3; Dkt. 42, p. 3. Plaintiff further contends that the complaint "specifically alleges" claims for the intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy." *Id.* However, a review of Plaintiff's Complaint reveals no such claims for relief, nor any factual allegations to support such claims for relief. Dkt. 1-1, pp. 2-5. Even if Plaintiff's responses contained additional facts not contained in Plaintiff's Complaint that could plausibly support a viable claim for relief (which they do not), a plaintiff cannot "'amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.'" *Waskul v. Washtenaw County Community Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (quoting *Bates v. Green Farms Condo Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020)).

As shown in Pennymac's Motion to Dismiss (Dkt. 16, 17), the criminal statutes cited by Plaintiff in the Complaint (T.C.A. § 39-17-308 and T.C.A. § 39-17-315) do not provide for a private

---

[1] Pennymac recognizes that the 90-day time period for Plaintiff to serve Pennymac with process under Rule 4(m) has not yet elapsed as of the filing of this brief. However, in the event Plaintiff fails to properly serve Pennymac with process in accordance with Rule 4 following the expiration of this 90-day time period, Pennymac should be dismissed as a party-defendant in this case for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process, pursuant to Federal Rules 12(b)(2), (4), and (5).

civil cause of action. Dkt. 17, pp. 8-9. Further, neither the Complaint nor Plaintiff's responses to Pennymac's Motion to Dismiss (Dkt. 37, 42) contains any factual allegations regarding the alleged actions or inactions of Pennymac. Plaintiff's Complaint fails to comply with the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), or Federal Rule of Civil Procedure 8. As a result, Plaintiff's Complaint should be dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, defendant PennyMac Loan Services, LLC respectfully requests that the Court **GRANT** Pennymac's Motion to Dismiss (Dkt. 16, 17), and dismiss Pennymac from this action.

DATED: April 18, 2025.	Respectfully submitted,

**TROUTMAN PEPPER LOCKE LLP**

*/s/Noah J. Mason*
Noah J. Mason
Tennessee Bar No. 034341
*noah.mason@troutman.com*
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 870-4600 (Tel.)
*Attorney for Defendant PennyMac Loan Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, I served the foregoing **DEFENDANT PENNYMAC LOAN SERVICES, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on the following parties first class U.S. Mail, postage prepaid:

>Dr. Regina Jordan-Sodiq, *pro se*
>1757 Autumnwood Boulevard
>Clarksville, Tennessee 37042
>*Plaintiff*

>>*/s/Noah J. Mason*
>>Noah J. Mason
>>Tennessee Bar No. 034341
>>*Attorney for Defendant PennyMac Loan Services, LLC*