UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. REGINA JORDAN-SODIQ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action Number 3:25-CV-00288 |
| v. | ) District Judge Eli Richardson |
| | ) Jury Demand |
| STATE OF TENNESSEE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT FIFTH THIRD BANK'S REPLY TO PLAINTIFF'S RESPONSES TO MOTION TO DISMISS**

Defendant Fifth Third Bank, National Association ("Fifth Third" or "Defendant") files this Reply to Plaintiff Regina Jordan-Sodiq's ("Plaintiff") Responses in Opposition to Fifth Third's Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

**I. Introduction**

In response to Fifth Third's Motion to Dismiss, Plaintiff has filed three briefs. Plaintiff's first response brief, filed on April 14th, was certainly authorized by L.R. 7.01(a)(3), which permits a party to file a response brief within fourteen (14) days of service of a Motion. (ECF 38). Plaintiff's amended response brief, filed on April 15th, and a second amended response brief, filed on April 17th, were not permitted as the local rules do not contemplate multiple response briefs. (ECF 40; ECF 47). Nevertheless, Plaintiff's response briefs do not adequately address the arguments raised in Fifth Third's Motion to Dismiss, and Plaintiff's Complaint warrants dismissal, pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

**II. Reply**

**A. Plaintiff Cannot Assert Additional Claims in Her Response Brief.**

In her Complaint, Plaintiff asserted claims for criminal harassment, covert gang stalking, and conspiracy. Yet, Plaintiff's amended response briefs reference claims under tort law, such as

intentional infliction of emotional distress, negligence, and invasion of privacy. (*See* ECF 38 at p. 2; ECF 40 at p. 2). Additionally, Plaintiff raises new factual allegations regarding alleged unsolicited communications with Fifth Third, which she did not include in her Complaint, and purports to have attached multiple exhibits in support of her claims. (*See* ECF 47 at p. 1-2). It is well established that a plaintiff may not raise new claims or allegations in opposition to a defendant's motion to dismiss. *See Guzman v. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (declining to review claim made for first time in response to defendants' motion to dismiss because when ruling on a motion under 12(b)(6), "courts consider whether the complaint states a claim upon which relief could be granted, not whether the plaintiff has stated–or could state–such a claim elsewhere."); *Kumar v. U.S. Bank Nat'l Assoc.*, 555 F. App'x 490, 492 (6th Cir. 2014) (holding that plaintiff's "failure to raise this claim in the amended complaint or to seek leave to amend forecloses its consideration here"); *Newman v. Encore Cap. Grp.*, *No. 16-CV-11395*, 2017 WL 3479510, at *17 (E.D. Mich. Aug. 14, 2017) ("Plaintiffs cannot cure deficiencies in their Amended Complaint through new allegations in their response to Defendants' motion to dismiss."). Because the claims for intentional infliction of emotional distress, negligence, and invasion of privacy were not asserted in Plaintiff's Complaint, the claim may not be considered when asserted for the first time in Plaintiff's response briefs. Moreover, Plaintiff's allegations regarding the unsolicited communications with Fifth Third and the multiple exhibits referenced (but not attached) should similarly not be considered. The court should therefore decline to consider Plaintiff's newly raised legal arguments and factual allegations in her response briefs.

    **B.**    <u>**Plaintiff's Complaint Still Fails to State a Claim Upon Which Relief Can be Granted.**</u>

Even if this Court considered the newly raised allegations in Plaintiff's Second Amended Response Brief, Plaintiff still cannot state a claim for harassment, conspiracy, or stalking. Plaintiff

does not recite the elements of criminal harassment or stalking nor does Plaintiff argue that the criminal statutes contain private rights of action. And in support of her arguments, Plaintiff alleges new factual allegations that Fifth Third allegedly harassed her hrough repeated use of the name "Cody," which is even if true, is insufficient to state a claim for harassment. (ECF 47 at p. 1-2). As such, Plaintiff's Complaint warrants dismissal pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted.

### III. Plaintiff's Complaint Should Be Dismissed For Insufficient Service of Process.

Additionally, Plaintiff submits that serving process on addresses unrelated to Fifth Third constituted adequate service. Under Tenn. R. Civ. P. 4.04(4), service upon a foreign corporation must be made by serving an officer or managing agent thereof; the chief agent in the county wherein the action is brought; or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation. Plaintiff alleges to have attached several exhibits showing service on Fifth Third, yet fails to attach said exhibits. (ECF 38 at p 2). In her Amended Response, Plaintiff concedes that service has not properly been made, and stating that a copy of the Summons and Complaint "will be sent to Fifth Third Bancorp's registered agent." (ECF 40 at p 2). Plaintiff has not met her burden of showing that service by mail meets the requirements of Tenn. R. Civ. P. 4.04(4). Moreover, Plaintiff has failed to file a signed return receipt, and it is therefore unclear who received and signed for the mailed summons. Therefore, the Court should dismiss Plaintiff's Complaint pursuant to 12(b)(5).

### IV. Conclusion

WHEREFORE, for the reasons set forth herein, Fifth Third requests its Motion to Dismiss Plaintiff's Complaint be granted and Plaintiff's claims dismissed with prejudice.

Respectfully submitted this 21st day of April, 2025.

/s/ Katherine R. Rogers
Katherine R. Rogers (TN BPR No. 039382)
Burr & Forman, LLP
222 2nd Avenue South, Suite 2000
Nashville, TN 37201
615-724-3200 (office)
615-724-3290 (fax)
krogers@burr.com

*Attorney for Fifth Third Bank, National Association*

**CERTIFICATE OF SERVICE**

I certify that on April 21, 2025 a true and correct copy of the foregoing has been served via the Court's CM/ECF System, e-mail and/or U.S. Mail, first-class postage pre-paid upon:

Dr. Regina Jordan-Sodiq
1757 Autumnwood Blvd.
Clarksville, TN 37402
G4818@yahoo.com

Kimberly S. Veirs
U. S. Attorney's Office (Nashville)
Middle District of Tennessee
719 Church Street, Suite 3300
Nashville, TN 37203
kimberly.veirs@usdoj.gov

Jason W. Callen
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, TN 37203
jason.callen@klgates.com

Bo Christopher Murphy
Butler Snow LLP (Nashville Office)
Neuhoff Building
1320 Adams Street, Suite 1400
Nashville, TN 37208
bo.murphy@butlersnow.com

John H. Dollarhide
Butler Snow LLP
150 3rd Avenue S., Suite 1600
Nashville, TN 37201
john.dollarhide@butlersnow.com

Noah Jordan Mason
Troutman Pepper Locke LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
noah.mason@troutman.com

Cole William Schott
W. Scott Sims
Sims Funk, PLC
3102 West End Ave., Suite 1100
Nashville, TN 37203
cschott@simsfunk.com

Stanley Mitchell Ross
Tracy P. Knight
Mitchell Ross Rocconi, PLLC
308 S. 2nd Street
Clarksville, TN 37040
tpknight@mrrmlaw.com

Christopher B. Fowler
Kay Griffin, PLLC
222 Second Ave. North, Ste 340-M
Nashville, TN 37201
chris.fowler@kaygriffin.com

/s/ Katherine R. Rogers