# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

FILED
2025 APR 22 PM 3: 59
MIDDLE DISTRICT COURT
MIDDLE DISTRICT OF TN

**Regina Jordan-Sodiq, Plaintiff v. State of Tennessee, et al., Defendants and Shoe Carnival**

**Civil Action No.: 3:25-CV-00288 District Judge: Eli Richardson**

## PLAINTIFF'S RESPONSE TO DEFENDANT SHOE CARNIVAL'S MOTION TO DISMISS

**INTRODUCTION** Plaintiff, Regina Jordan-Sodiq, respectfully submits this Response in Opposition to Defendant Shoe Carnival, Inc.'s Motion to Dismiss, filed pursuant to Rules 12(b)(6) and 12(b)(5) of the Federal Rules of Civil Procedure. Defendant's arguments lack merit, and Plaintiff respectfully requests that this Court deny the Motion in its entirety.

**PROCEDURAL BACKGROUND** On January 31, 2025, Plaintiff filed a Complaint alleging that multiple Defendants, including Shoe Carnival, Inc., engaged in conduct constituting harassment, stalking, and covert gang stalking. Plaintiff seeks damages pursuant to T.C.A. § 39-17-308 (harassment) and T.C.A. § 39-17-315 (stalking). Service of process was completed on April 22, 2025, via USPS confirmation receipt confirmation.

**NOTICE OF SERVICE** Plaintiff Dr. Regina Jordan-Sodiq hereby provides notice to the Court and opposing counsel of service of the attached response to Defendant Shoe Carnival Motion to Dismiss, along with related exhibits.

Plaintiff hereby certifies that the Response, Summons and Complaint was served upon Defendant Shoe Carnival, Inc. through its registered agent, CT Corporation System, located at 300 Montvue Rd, Knoxville, TN 37919, and upon Defendant's counsel, Tracy P. Knight, via USPS confirmation receipt requested.

## ARGUMENT

1. **Rule 12(b)(6) - Failure to State a Claim**
   - **Legal Standard**: Rule 12(b)(6) requires courts to evaluate whether the facts alleged in the complaint establish a plausible claim for relief (*Ashcroft v. Iqbal*, 556 U.S. 662; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544).
   - **Counter-Arguments**: Plaintiff's Complaint provides detailed factual allegations demonstrating a pattern of harassment and stalking. The statutory claims are substantiated by T.C.A. §39-17-308 and §39-17-315, which define harassment and stalking as repeated or continuing conduct causing emotional distress or fear.
   - **Community Gang Stalking**: Plaintiff alleges a coordinated effort by Defendants to engage in gang stalking, defined as a "course of conduct" under T.C.A. §39-17-315, involving repeated monitoring, surveillance, and intimidation. These actions meet the statutory definition of stalking and harassment.
   - **Illegal Hypnotic Suggestions and Programming**: Plaintiff asserts that Defendants employed methods to manipulate behavior through coercive

psychological techniques. While Tennessee law does not explicitly address hypnotic programming, Plaintiff argues that such conduct constitutes harassment under T.C.A. §39-17-308, as it involves repeated unconsented contact and reckless disregard for emotional distress.

2. **Rule 12(b)(5) - Insufficient Service of Process**
   - **Legal Standard**: Service of process for corporations must comply with Tenn. R. Civ. P. 4.04(4), which requires delivery to an officer or the corporation's registered agent. Courts may allow plaintiffs to cure procedural deficiencies under Tenn. R. Civ. P. 4.07.
   - **Plaintiff's Compliance**: Defendant Shoe Carnival claims Plaintiff failed to serve its registered agent and instead mailed the summons and complaint to its Clarksville store. Plaintiff asserts that this effort was made in good faith to notify the Defendant of the pending action. If the Court identifies a deficiency in service, Plaintiff respectfully requests leave to cure under Rule 4.07, ensuring compliance with Tenn. R. Civ. P. 4.

3. **Dismissal with Prejudice is Unwarranted**
   - Dismissal with prejudice is a severe sanction reserved for repeated violations or willful misconduct. Plaintiff has acted in good faith and asserts valid claims deserving resolution on the merits. Should the Court identify any procedural deficiencies, Plaintiff respectfully requests leave to amend the Complaint or cure service.

**CONCLUSION** For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Shoe Carnival, Inc.'s Motion to Dismiss with prejudice. While Plaintiff believes the claims are properly stated and supported, should the Court identify any deficiencies, Plaintiff respectfully requests leave to amend the Complaint or cure any procedural issues.

Accordingly, Plaintiff prays that this Court deny Defendant's motion in its entirety and grant such further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE** I, Dr. Regina Jordan-Sodiq, certify that a true and correct copy of the foregoing document has been sent via U.S. Mail and/or email to:

   - Tracy P. Knight, at 308 South Second Street, Clarksville, TN 37040, **Telephone:** (931) 552-1480; (931) 552-0086; **Email:** tpk@tmrlegal.com

   - and the registered agent, CT Corporation System, at 300 Montvue Rd, Knoxville, TN 37919, via USPS certified mail with return receipt requested, on April 22, 2025.

**AFFIDAVIT OF SERVICE** I, Regina Jordan-Sodiq, hereby affirm under penalty of perjury that the summons and Complaint were served upon Defendant Shoe Carnival, Inc. through its registered agent, CT Corporation System, located at 300 Montvue Rd, Knoxville, TN 37919, and upon Defendant's counsel, Tracy P. Knight, at 308 South Second Street, Clarksville, TN 37040, via USPS certified mail with return receipt requested, on April 22, 2025.

Respectfully submitted,

**Dr. Regina Jordan-Sodiq** Pro Se Plaintiff

Notary and date: