UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. REGINA JORDAN-SODIQ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number 3:25-CV-00288 |
| v. ) | District Judge Eli Richardson |
| ) | Jury Demand |
| STATE OF TENNESSEE, ET AL., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT SHOE CARNIVAL'S REPLY TO
## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Pursuant to L.R.7.01(a)(4), Shoe Carnival, Inc. ("Shoe Carnival"), one of many defendants in this matter, files this Reply to Plaintiff Regina Jordan-Sodiq's ("Plaintiff") Response to Shoe Carnival's Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

### I.      Introduction

In response to Shoe Carnival's Motion to Dismiss, Plaintiff filed a timely response. Plaintiff's response brief, filed on April 22, 2025, was authorized by L.R. 7.01(a)(3), which permits a party to file a response brief within fourteen (14) days of service of a Motion. However, Plaintiff's response brief does not adequately address the arguments raised in Shoe Carnival's Motion to Dismiss, therefore Plaintiff's Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

A. **Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.**

Plaintiff's response to Shoe Carnival's Motion to Dismiss further illustrates that she has no plausible claim against Shoe Carnival. In her responsive brief, Plaintiff does not point to a single factual allegation against Shoe Carnival in support of her claims. Instead, Plaintiff relies on additional vague and conclusory assertions that Defendant engaged in "Illegal Hypnotic Suggestions and Programming" and further asserts that "Defendants employed methods to manipulate behavior through coercive psychological techniques." The Plaintiff asserts that Shoe Carnival engaged in "reckless disregard for emotional distress" by using "hypnotic programming." Notably, Plaintiff's Complaint was on its face devoid of any specific allegations against Shoe Carnival. Additionally, Plaintiff does not recite the elements of criminal harassment or stalking, nor does Plaintiff argue that the criminal statutes referenced contain private rights of action. As such, Plaintiff's Complaint warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

B. **Plaintiff's Complaint should be dismissed for insufficient service of process.**

Additionally, Plaintiff alleges to have properly served process on Shoe Carnival's Tennessee Registered Agent, CT Corporation Systems as well as Shoe Carnival's counsel of record in this matter. Respectfully, as of the date of drafting and filing of this reply, neither has been properly served with process in this matter. Plaintiff has not met her burden of illustrating that service by mail meets the requirements of Tenn. R. Civ. P. 4.04(4). Moreover, there is no filed signed return receipt by the Plaintiff. Therefore, this Honorable Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(5).

**C. Plaintiff may not assert additional facts or claims in her responsive brief.**

In her Complaint, Plaintiff asserts claims for criminal harassment, covert gang stalking, and conspiracy. Additionally, Plaintiff raises new factual allegations in her response brief and makes the vague and thinly veiled allegation of the new claim of Intentional Infliction of Emotional Distress. It is well established that a plaintiff may not raise new claims or allegations in opposition to a Defendant's Motion to Dismiss. *See Guzman v. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (declining to review claim made for first time in response to defendant's motion to dismiss as when ruling on a motion under 12(b)(6), "courts consider whether the complaint states a claim upon which relief could be granted, not whether the plaintiff has stated – or could state – such a claim elsewhere."); *Kumar v. U.S. Bank Nat'l Assoc.*, 555 F. App'x 490, 492 (6th Cir. 2014) (holding that plaintiff's "failure to raise this claim in the amended complaint to seek leave to amend forecloses its consideration here"); *Newman v. Encore Cap. Grp.*, No. 16-CV-11395, 2017 WL 3479510, at *17 (E.D. Mich. Aug. 14, 2017) ("Plaintiffs cannot cure deficiencies in their Amended Complaint through new allegations in their response to Defendant' motion to dismiss.") Because the veiled claim of intentional infliction of emotional distress was not asserted in Plaintiff's Complaint, the claim may not be considered when asserted for the first time in Plaintiff's response brief. The Court should therefore decline to consider Plaintiff's newly raised facts and legal arguments set forth in her response brief.

**II. Conclusion**

WHEREFORE, for the reasons set forth herein, Shoe Carnival requests its Motion to Dismiss Plaintiff's Complaint be granted and Plaintiff's claims dismissed with prejudice.

Respectfully submitted on this the 24th day of April, 2025.

                                                              MITCHELL ROSS ROCCONI, PLLC

                                                    */s/ Tracy P. Knight*
                                             Tracy P. Knight, BPRN 032210
                                             Stanley M. Ross, BPRN 026564
                                             Attorneys for Defendant Shoe Carnival, Inc.
                                             308 South Second Street
                                             Clarksville, Tennessee 37040
                                             (931) 552-1480 telephone
                                             (931) 552-0086 facsimile
                                             tpknight@mrrlegal.com
                                             sross@mrrlegal.com

## **CERTIFICATE OF SERVICE**

       I, Tracy P. Knight, hereby certify that a true and exact copy of the foregoing Reply to Plaintiff's Response has been served via the Court's CM/ECF System, USPS Mail and or electronically on this the 24th day of April, 2025.

Dr. Regina Jordan-Sodiq
1757 Autumnwood Drive
Clarksville, Tennessee 37042
G4818@yahoo.com

Kimberly S. Veirs
U.S. Attorney's Office (Nashville)
Middle District of Tennessee
719 Church Street, Suite 3300
Nashville, TN 37203
Kimberly.veirs@usdoj.gov

Katherine R. Rogers
Burr and Forman, LLP
222 2nd Avenue South, Suite 2000
Nashville, TN 37201
krogers@burr.com

Jason Callen
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, TN 37203
jason.callen@klgates.com

4

Bo Christopher Murphy
Butler Snow LLP (Nashville Office)
Neuhoff Building
1320 Adams Street, Suite 1400
Nashville, TN 37208
bo.murphy@butlersnow.com

Cole William Schott
W. Scott Sims
Sims Funk, PLC
3102 West End Ave., Suite 1100
Nashville, TN 37203
cschott@simsfunk.com

Noah Jordan Mason
Troutman Pepper Locke LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
noah.mason@troutman.com

Christopher B. Fowler
222 Second Ave. North
Suite 340-M
Nashville, TN 37201
cfowler@kaygriffen.com

           */s/ Tracy P. Knight*
           Tracy P. Knight