IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. REGINA JORDAN-SODIQ, | ) |
| | ) |
| Plaintiff, | ) Case No.: 3:25-cv-00288 |
| | ) JUDGE RICHARDSON |
| v. | ) MAGISTRATE JUDGE NEWBERN |
| | ) |
| THE STATE OF TENNESSEE, *et al.*, | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The United States of America, by and through the Acting United States Attorney and the undersigned Assistant United States Attorneys, on behalf of the United States Postal Service, the Social Security Administration, and Social Security Administration employees Orlando Menez and Lywana Dollar in their official capacities, file this memorandum in support of their motion to dismiss the Plaintiff's Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). For the reasons discussed below, the motion should be granted.

## BACKGROUND

*Pro se* Plaintiff Dr. Regina Jordan-Sodiq filed a complaint in the Circuit Civil Court for Montgomery County, Tennessee, on or about January 31, 2025. DE 1, Exhibit A. Defendants United States Postal Service and the Social Security Administration removed this case from the State court pursuant to the provisions of 28 U.S.C. §§ 1442(a)(1) and 1446, on March 11, 2025. *See* DE 1 (Notice of Removal). In her State court complaint, Plaintiff alleges that "[t]his is a civil action seeking damages and other relief for harassment and covert gang stalking imposed on the Plaintiff by the Defendants," which include in addition to these moving defendants the State of Tennessee, the Clarksville Police Department, several banks, hospitals and corporations and their employees.

## APPLICABLE LAW

A motion under Rule 12(b)(5) challenges a plaintiff's failure to complete service of process. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). Service is "the means by which a federal court gives notice to the defendant and asserts jurisdiction over him…." *Id.*, 694 F.3d at 659. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.") (*abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411, 416 n.1 (2022)). Indeed, rather than being "some mindless technicality," proper service of process is an essential prerequisite to the Court gaining personal jurisdiction over the defendant. *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). A defendant's actual notice of a suit is immaterial; if the plaintiff fails to complete service on him, the "district court is without jurisdiction to render judgment against the defendant." *Ecclesiastical Ord. of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988); *see King*, 694 F.3d at 655; *Friedman*, 929 F.2d at 1156.

A plaintiff is responsible for serving the summons and complaint in accordance with Federal Rule of Civil Procedure 4. Service upon a United States agency and its employees is governed by Rule 4(i). When suing either a United States agency or an employee of such an agency in his/her official capacity, a plaintiff must serve the United States by sending a copy of the summons and complaint to the Attorney General of the United States and the United States Attorney's Office in the district where the action is brought, in addition to sending a copy of the summons and complaint to the employee. Fed. R. Civ. P. 4(i)(1)-(2); *Ecclesiastical Ord. of the Ism of Am, Inc.*, 845 F.2d at 116.

> Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) also provides that the court may "order that service be made within a specified time." *Id.*
>
> In a case removed from state court, the time for service under Rule 4(m) begins to run on the date of removal. *Cowan v. Am. Med. Sys., Inc.*, 411 F. Supp.2d 717,721 (E.D. Mich. 2006) (internal citations omitted).

*Griffis v. Brunk*, 2022 WL 1509117, at *2 (M.D. Tenn., May 12, 2022) (Holmes, M.J.) (Report and Recommendation adopted by *Griffis v. Brunk*, 2022 WL 2349146) (Campbell, J.)). This case was removed on March 11, 2025. Plaintiff's 90 days in which to serve these moving defendants ran on June 9, 2025.

"The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint, and the burden is also on [her] to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King*, 694 F.3d at 655.

## ARGUMENT

Plaintiff has not served the moving defendants because she has not complied with the requirements under Rule 4(i)(1) requiring service upon the United States within the 90 days following removal from State court proscribed by Rule 4(m). In fact, as evidenced by the docket, no summonses have been issued to any of these moving defendants by the Clerk's Office. Because Plaintiff has failed to serve the Attorney General under Rule 4(i)(1)(B) and the U.S. Attorney's Office for the Middle District of Tennessee under Rule 4(i)(1)(A), she has not properly served the United States. *See Ross v. Soc. Sec. Admin. United States of Am.*, 2023 WL 6178443, at *4 (W.D. Tenn., Sept. 21, 2023) (the plaintiff's failure to make service on the Attorney General under Rule 4(i)(1)(B) means she has not served the United States); *McBratnie v. Rettig*, 2022 WL 18958901,

at *7 (E.D. Mich., Sept. 14, 2022) (dismissing claim against federal tax judge for failure to serve the U.S. Attorney's Office and Attorney General).

When filing suit against a United States employee in his/her official capacity, a plaintiff must serve the United States and send a copy of the summons and of the complaint by registered or certified mail to the employee. Fed. R. Civ. P. 4(i)(1)-(2). Where service is not perfected on the United States, the employee defendants have not been properly served in their official capacities.[1]

Plaintiff cannot meet her burden to establish either proper service. *See Shires v. Magnavox Co.*, 74 F.R.D. 373, 377 (E.D. Tenn. 1977). Accordingly, the Court should dismiss the Complaint against these moving defendants under Rule 12(b)(5) for insufficient service of process. Plaintiff's *pro se* status does not absolve her from following the Federal Rules of Civil Procedure. "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "*pro se* parties must follow the same rules of procedure that govern other litigants." *Stuart C. Irby Co. v. Thompson Brown, Inc.*, 2018 WL 3326813, at *2 (M.D. Tenn. June 20, 2018) (collecting cases). "Ordinary civil litigants proceeding *pro se* are not entitled to special treatment." *Id.* The moving defendants are unwilling to waive proper service, and until Plaintiff perfects service, the Court lacks personal jurisdiction over them.

Finally, there is no "good cause" for Plaintiff's failure to serve any of the moving defendants. Plaintiff has not requested summonses for these defendants from the Clerk's Office in the six months since this case was removed from State court.

---

[1] If Plaintiff is suing the federal employee defendants in their individual capacities, proper service has not been effectuated because this requires service upon both the United States and upon each individual under Rule 4(e), (f) or (g). Fed. R. Civ. P. 4(i)(3).

## CONCLUSION

Based on the foregoing, Plaintiff has failed to serve the moving defendants according to Federal Rule of Civil Procedure 4, and Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney

By: s/ Mark H. Wildasin
KIMBERLY S. VEIRS, B.P.R. #034811
MARK H. WILDASIN, B.P.R. #015082
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, TN 37203-3870
Telephone: (615) 736-5151
Email: kimberly.veirs@usdoj.gov
mark.wildasin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2025, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system and email. If not registered, a copy was sent by United States First Class Mail and Certified Mail, receipt #9589 0710 5270 1268 0816 30, postage prepaid, to the following:

Dr. Regina Jordan-Sodiq
1757 Autumnwood Blvd,
Clarksville, TN 37042

*Pro se Plaintiff*

s/ Mark H. Wildasin
MARK H. WILDASIN
Assistant United States Attorney