# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Dr. Regina Jordan-Sodiq, ) | Case No.: 3:25-cv-00288 |
| **Plaintiff** ) | Judge Eli Richardson |
| ) | |
| v. ) | |
| THE STATE OF TENNESSEE, ) | |
| et al.,Orlando Menez, Lywana Dollar ) | MAGISTRATE JUDGE NEWBERN, |
| **Defendants.** ) | **Jury Demand** |

## PLAINTIFF'S RESPONSE TO MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff Dr. Regina Jordan-Sodiq respectfully submits this Response to the Defendants' Memorandum in Support of Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## I. PRELIMINARY CLARIFICATION

Contrary to Defendants' assertion, service of summons and complaint was duly initiated through Montgomery County Circuit Court, prior to removal. All parties were appropriately named and notified at the point of filing, and service documents were placed into circulation in alignment with Tennessee procedural standards.

The **removal of the case to federal court on March 11, 2025** does not void the effectiveness of initial service. Plaintiff was compelled under duress to *repeat service* post-removal, an act not necessitated by lack of diligence, but by administrative interference and misdirection surrounding the processing of summons.

## II. VALID NOTICE AND JURISDICTION

Defendants had **actual notice** of this litigation and have engaged procedurally since removal, which itself functions as acknowledgment of the judicial process. Federal precedent acknowledges that while formal service may hold technical import, courts may also recognize notice and participation as indicators of jurisdiction where no prejudice has been proven.

Any defects in process, if present, are attributable to **delays and obfuscation** created by systemic barriers, and not to negligence or procedural indifference on Plaintiff's part.

## III. PRO SE STATUS IS NOT VOID OF INTENTION OR LEGAL AGENCY

Though Plaintiff proceeds pro se, her filings reflect clarity of intent, legal understanding, and procedural pursuit. The invocation of pro se status as cause for dismissal belies both the spirit of procedural fairness and the urgency encoded in the claims.

## IV. SPIRITUAL AND FREQUENCY HARMS SHOULD NOT BE NULLIFIED BY TECHNICALITY

The claims in this suit are not abstract. They speak to harassment, covert gang stalking, and spiritual violation enacted through institutional mimicry and surveillance. These injuries carry real consequence—not just energetic, but reputational, personal, and ancestral.

Dismissal on procedural grounds is not neutral—it is part of the same ritual silencing Plaintiff identifies in her complaint. The attempt to collapse sovereign truth through delay protocol is itself a form of continuation.

## V. CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court:

- **Deny the Motion to Dismiss**
- Recognize original service as valid under Tennessee procedural law
- Acknowledge systemic obstruction surrounding reservice events
- Allow the case to proceed on its merits rather than collapse under procedural mimicry

## CERTIFICATE OF SERVICE

I hereby certify that on **July 20, 2025**, a copy of the foregoing *Plaintiff's Response To Memorandum In Support Of Motion To Dismiss* was filed electronically. A copy was sent via the Court's Electronic Filing System to registered counsel of record.

**Kimberly S. Veirs** Assistant United States Attorney Email: kimberly.veirs@usdoj.gov

**Mark H. Wildasin** Assistant United States Attorney Email: mark.wildasin@usdoj.gov 719 Church Street, Suite 3300 Nashville, TN 37203-3870

Attorneys for Defendants United States Postal Service, Social Security Administration, Orlando Menez and Lywana Dollar (in official capacities).

This the 21st day of July, 2025.

Respectfully submitted,
/s/ Dr. Regina Jordan-Sodiq

Dr. Regina Jordan-Sodiq Pro Se Plaintiff
1757 Autumnwood Blvd, Clarksville, TN 37042
Phone: (931) 561-2546; Email: G4818@yahoo.com