## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| Dr. Regina Jordan-Sodiq, **Plaintiff** | ) ) ) | Case No.: 3:25-cv-00288 Judge Eli Richardson |
| v. THE STATE OF TENNESSEE, **et al., Defendants** United States Postal Service, Social Security Administration, Orlando Menez, Lywana Dollar | ) ) ) ) ) ) ) | MAGISTRATE JUDGE NEWBERN **Jury Demand** |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(5) INSUFFICIENT SERVICE OF PROCESS

Plaintiff Dr. Regina Jordan-Sodiq, proceeding pro se, respectfully submits this response in opposition to the Motion to Dismiss filed by the State of Tennessee et.al., on behalf of the United States Postal Service, the Social Security Administration, and SSA employees Orlando Menez and Lywana Dollar.

This case arises from a pattern of harassment, covert surveillance, and coordinated interference involving federal and state entities. Plaintiff filed her complaint in state court, and Defendants removed the case under 28 U.S.C. § 1442(a)(1). Now, they seek dismissal under Rule 12(b)(5) for alleged deficiencies in service. Plaintiff responds with layered rebuttal and a prayer for curative relief.

### I. SERVICE OF PROCESS IS CURABLE UNDER RULE 4(i)(4) AND RULE 4(m)

Defendants argue that Plaintiff failed to serve the Attorney General and the U.S. Attorney's Office within 90 days of removal. Plaintiff acknowledges the procedural requirements under Rule 4(i)(1), but respectfully invokes Rule 4(i)(4), which allows the Court to grant additional time to cure service defects when suing the United States or its employees.
"The court must allow a party a reasonable time to cure its failure to serve…" — Fed. R. Civ. P. 4(i)(4)

Plaintiff also invokes Rule 4(m), which permits the Court to extend the time for service upon a showing of good cause or equitable discretion.

### II. PLAINTIFF HAS ACTED IN GOOD FAITH AND REQUESTS EQUITABLE RELIEF

Plaintiff made diligent efforts to serve all named Defendants and filed in state court before removal. The procedural complexity introduced by removal, combined with Plaintiff's pro se status, warrants judicial grace—not dismissal.

"Proper service is not a mindless technicality…" — *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). Plaintiff respectfully requests that the Court issue summonses and grant leave to serve the Attorney General and U.S. Attorney's Office.

### III. DEFENDANTS HAVE ACTUAL NOTICE AND PARTICIPATED IN REMOVAL

Defendants removed the case, filed motions, and engaged the Court. Their refusal to waive service does not negate their notice or participation. Courts routinely prioritize justice over technical dismissal when no prejudice is shown.
"A defendant's actual notice of a suit is immaterial…" they argue. Yet they removed the suit, filed motions, and engaged the court. This is not ignorance—it is engagement.

### IV. PRO SE STATUS DOES NOT SEEK EXEMPTION—IT SEEKS ACCESS

Plaintiff does not seek special treatment. She seeks access to justice. The Sixth Circuit recognizes that while pro se litigants must follow rules, courts may extend procedural grace when justice demands it.
"Lenient treatment has limits," they say. But so does rigidity. Plaintiff invokes the Court's discretion to balance both.

### V. PRAYER FOR RELIEF

Plaintiff respectfully prays that this Honorable Court:
1. **DENY** the Motion to Dismiss under Rule 12(b)(5)
2. **GRANT LEAVE** to cure any service deficiencies under Rule 4(i)(4)
3. **ORDER ISSUANCE** of summonses for the U.S. Attorney's Office and Attorney General
4. **EXTEND TIME** for service under Rule 4(m)
5. **ALLOW THIS CASE TO PROCEED** on its merits

### CERTIFICATE OF SERVICE

I hereby certify that on this **21st August, 2025,** a true and correct copy of **Plaintiff's Response in Opposition to Defendants' Motion to Dismiss**, was served via **electronic filing** upon the following:

**Defendants' Counsel:** Mark H. Wildasin, Assistant United States Attorneys, 719 Church Street, Suite 3300
Pursuant to the Tennessee Rules of Civil Procedure, electronic service of this filing is deemed proper and effective.

Submitted this 21st day of August 2025

Respectfully submitted,

Dr. Regina Jordan-Sodiq, Pro Se Plaintiff
1757 Autumnwood Blvd Clarksville, TN 37042