IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DR. REGINA JORDAN-SODIQ, | |
| Plaintiff, | Case No. 3:25-CV-00288 |
| v. | District Judge Eli Richardson |
| SOCIAL SECURITY ADMINISTRATION and UNITED STATES POSTAL SERVICE, et al., | Jury Demand |
| Defendants. | |

## MEMORANDUM OF LAW AND ARGUMENT IN SUPPORT OF DEFENDANTS WAL-MART STORES and SAM'S CLUB'S MOTION TO DISMISS

Pursuant to Rules 4, 8, and 12, F.R.C.P., defendants Wal-Mart Stores and "Self Checkout Employee 02/24/23" ("Wal-Mart") and Sam's Club ("Sam's") move to dismiss plaintiff's claims against them in this action with prejudice. Grounds for this motion are that plaintiff has not properly served either Wal-Mart or Sam's with process, the process issued for these defendants is insufficient, and her complaint fails to state a claim against these defendants upon which relief can be granted.

## INTRODUCTION

*Pro se* plaintiff Dr. Regina Jordan-Sodiq ("Plaintiff") filed her lawsuit against 32 defendants. ECF 1-1. In her Complaint, Plaintiff cites two criminal statutes (T.C.A. §§ 39-17-308 and 39-17-315) addressing harassment and stalking, but she fails to allege any specific act by anyone associated with either Wal-Mart or Sam's that constitutes such activity. Summonses were issued to both Sam's and Wal-Mart on the same day the Complaint was filed, but the summonses did not properly identify any agent for service of process for either, and only the Sam's summons indicated a method of service (certified mail). However, no employee at the

Sam's in Clarksville was authorized to accept service for either corporate entity doing business as Sam's or Wal-Mart.

Defendants Social Security Administration and United States Postal Service removed the case to this Honorable Court on March 17, 2025.

Sam's and Wal-Mart acknowledge that Plaintiff is appearing before this Court *pro se*, but she is still required to follow applicable law governing the pleading standards. Her failure to secure personal jurisdiction over either Sam's or Wal-Mart, her utter lack of factual allegations as to any act or omission of either Sam's or Wal-Mart, and her inability to articulate a specific theory of liability based on those allegations, makes this matter ripe for dismissal. Accordingly, this Court should grant this Motion to Dismiss in accordance with Federal Rules of Civil Procedure 4, 8, and 12.

## STANDARD OF REVIEW

Proper notice by sufficient service of process is a cornerstone of fair litigation. "Constitutional due process requires proper service of process in order for a federal court to obtain and exercise personal jurisdiction over a defendant." Taylor v. Stanley Works, No. 4:01-CV-120, 2002 U.S.Dist LEXIS 26892 at *3 (E.D. Tenn. 2002) (citing Omni Capital Int'l Ltd. v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987)). Without proper service of process, defendants may be found responsible for causes of action they are otherwise completely unaware of without due process. *See Id.*

Fed. R. Civ. P. 4(h) governs the service of a corporation within the United States. Rule 4(h) requires service to be either: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Federal courts have held that "service on an unauthorized agent is not effective under Rule 4(h)." Greene v. PTS Of Am., LLC, No. 3:15-00145, 2016 WL 1701964, at *2 (M.D. Tenn. 2016) (finding that the signature of a bookkeeper and receptionist was not enough to bind the company).

Fed. R. Civ. P. 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must articulate some basis for relief and provide more than baseless legal conclusions. See Thigpen v. Kane, No. 3:17-CV-00919, 2017 WL 3868282, at *1 (M.D. Tenn. 2017) (see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007)).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. A complaint must be dismissed under 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Twombly, 550 U.S. at 570. A motion to dismiss should be granted if it appears that "the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." Id.

Further, Fed. R. Civ. P. 12(b)(5) authorizes federal courts to dismiss complaints for failure to comply with service requirements under Fed. R. Civ. P. 4. See Sutton v. Penny Mac Loan Servs., LLC, No. 2:23-CV-00064, 2025 WL 611061 (M.D. Tenn. 2025).

# FACTS

On January 31, 2025, Plaintiff filed her Complaint naming "Walmart on Wilma Rudolph Boulevard", "Self Checkout Employee 02/24/23", and Sam's Club in Clarksville, TN[1] among the many defendants. (Compl. [1-1], pg. 2). The summonses to both Sam's and Wal-Mart were incorrect and insufficient inasmuch as Plaintiff simply identified the trade names of both defendants, not the corporate entities doing business using those trade names. Id. Further, the Complaint fails to specifically allege any facts supporting a cause of action against either Wal-Mart or Sam's. Plaintiff generally alleges that the defendants including Wal-Mart and Sam's have been subjecting her to harassment and "covert gang stalking." (Id. at p. 4, 4).

Plaintiff fails to allege any facts supportive of any role Sam's or Wal-Mart is supposed to have played in either of the two vague theories of liability she asserts for harassment under T.C.A. § 39-17-308 or stalking under T.C.A. § 39-17-315. Given that these statutes are criminal and not civil, they do not in and of themselves provide private causes of action pursuant to which Plaintiff can recover from either Sam's or Wal-Mart.

# ARGUMENT

**I.  Plaintiff's Complaint Should Be Dismissed under Fed. R. Civ. P. 12(b)(4) and (5) for Failure to Comply with Rule Fed. R. Civ. P. 4.**

The Complaint should be dismissed for failure to properly serve Wal-Mart and Sam's with sufficient process. Under either Tennessee state law or Federal law, Plaintiff was required to serve Wal-Mart and Sam's with summonses properly identifying these defendants and then to serve registered agents authorized to receive service of process for those entities. See Fed. R. Civ. P. 4(a) and (h). Process that does not properly identify the defendant is insufficient, and

---

[1] There are no legal entities in Tennessee known as "Walmart on Wilma Rudolph Boulevard" or "Sam's Club in Clarksville, TN".

service is deficient when made against an employee not authorized to accept service of process. See Fed. R. Civ. P. 4(h)(1).

Here, Plaintiff sent the summons for Sam's to the Sam's store in Clarksville. No one at that store is authorized to accept service on behalf of Sam's or Wal-Mart as defined by Fed. R. Civ. P. 4. Accordingly, the Plaintiff has failed to meet her burden to have sufficient process issued and to effect service of process, and her Complaint against Wal-Mart and Sam's should be dismissed.

## II. Plaintiff's Complaint Should Be Dismissed Because It Fails to Comply with Fed. R. Civ. P. 8(a)(2).

The Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8. The Complaint specifically fails to include any factual basis for any legitimate legal theory of liability against Wal-Mart or Sam's. The Complaint is completely devoid of factual allegations providing a basis for relief from these defendants. Plaintiff is required to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint is vague, confusing, and utterly devoid of any allegations of facts upon which Wal-Mart or Sam's can reasonably formulate a response.

Second, the Complaint does not identify clearly what law, right, or duty Wal-Mart or Sam's is alleged to have violated. She has completely failed to provide any factual allegations that form the basis of a cognizable legal wrong perpetrated by these defendants. The only scrap of information capable of being gleaned from the Complaint related specifically to either of these defendants is her naming of "Self Checkout Employee 02/24/23". However, the Complaint does not allege anything that occurred on that date giving rise to these defendants' liability.

### III. Plaintiff's Complaint Should Be Dismissed under Fed. R. Civ. P. 12(b)(6).

The bulk of Plaintiff's Complaint consists of her requests for relief without sufficiently providing any reason why Wal-Mart or Sam's should be responsible for her damages.

Simply put, Federal law requires more.

A complaint must include enough factual allegations to "raise a right to relief above a speculative level.'" Twombly, 550 U.S. at 570. Plaintiff failed to assert any factual allegations that support a theory of recovery against these defendants. She has merely stated a lengthy list of defendants, exceptionally vague "facts," legally baseless "legal claims," "damages" unsupportable by law, and a detailed list of extravagant and frivolous "Relief Sought." (See generally Compl. [1-1].) Plaintiff alleges that she was somehow wronged by the many defendants, but she completely fails to provide factual support sufficient to survive a challenge brought via a Fed. R. Civ. P. 12(b)(6) motion.

Finally, the criminal statutes upon which Plaintiff bases her "Legal Claims" section do not expressly provide or create private civil causes of action, and Plaintiff's Complaint does not contain sufficient factual allegations to give rise to an implied cause of action. Only under certain circumstances when specific criteria are met can a private civil cause of action be implied from a criminal statute. Buckner v. Carlton, 623 SW.2d 102, 106 (Tenn.1981). Criminal statutes such as the ones Plaintiff bases her "Legal Claims" on are "intended for the protection of the general public." Id.; see also Molthan v. Vanderbilt University, No. 3:17-CV- 00706, 2017 U.S. Dist. LEXIS 63227 at *8 (M.D. Tenn. 2017) (stating that Tenn. Code Ann. §§ 39-17-308 and 39-17-315, among others, "do not create private causes of action").

For all these reasons, Plaintiff's Complaint must be dismissed because it fails completely to state any cause of action against either Wal-Mart or Sam's upon which any relief can be granted.

## CONCLUSION

For the foregoing reasons, Wal-Mart and Sam's respectfully move for dismissal of Plaintiff's claims against them with prejudice.

HOWELL & FISHER, P.L.L.C.
3310 West End Ave., Suite 550
Nashville, TN 37203
Tel. (615)244-3370
Fax (615)244-3518
Email: nmcintire@howell-fisher.com

By: */s/ Neil M. McIntire*
　　NEIL M. McINTIRE, ESQ.
　　TN Bar No. 19830

# CERTIFICATE OF SERVICE

I hereby certify that on October __, 2025, a copy of the foregoing *Motion to Dismiss* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Dr. Regina Jordan-Sodiq
1757 Autumnwood Blvd.
Clarksville, TN 37042
G4818@yahoo.com

*Plaintiff Pro Se*

Kimberly S. Veirs
Assistant United States Attorney
United States Attorney's Office
For the Middle District of Tennessee
719 Church St., Suite 3300
Nashville, TN 37203

Kimberly.veirs@usdoj.gov

*Attorney for Defendants Social Security Administration and the United States Postal Service ("USA Defendants")*

Jason W. Callen
K&L Gates LLP
501 Commerce St., Suite 1500
Nashville, TN 37203
Jason.callen@klgates.com

*Attorney for Defendant Amazon.com, Inc.*

Cole William Schott
W. Scott Sims
Sims Funk, PLC
3102 West End Avenue, Suite 1100
Nashville, TN 37203
cshott@simsfunk.com
ssims@simsfunk.com

*Attorneys for Defendant HCA Health Services of Tennessee*

Noah J. Mason
Troutman Pepper Locke LLP
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
Noah.mason@troutman.com

*Attorney for Defendant PennyMac Loan Services, LLC*

John H. Dollarhide
Bo Murphy
Butler Snow LLP
1320 Adams St., Suite 1400
Nashville, TN 37208
John.dollarhide@butlersnow.com
Bo.murphy@butlersnow.com

*Attorneys for Defendant Regions Bank*

Christopher B. Fowler
Kay Griffin, PLLC
222 Second Avenue North, Suite 340-M
Nashville, TN 37201
Chris.fowler@kaygriffm.com

*Attorney for Defendant Houston County Community Hospital*

Stanley Mitchell Ross
Tracy P. Knight
Mitchell Ross Rocconi, PLLC
308 S. 2nd Street
Clarksville, TN 37040
angela@mrrlegal.com
tpknight@mrrlaw.com

*Attorneys for Defendant Shoe Carnival*

Katherine R. Rogers
Burr & Forman, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
krogers@burr.com

*Attorney for Defendants Fifth Third Bank and
Navy Federal Credit Union*

                                                  */s/ Neil M. McIntire*
                                                  NEIL M. McINTIRE, ESQ.