IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. REGINA JORDAN-SODIQ, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cv-00288 |
| SOCIAL SECURITY ADMINISTRATION, *et al.*, | ) Judge Richardson |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Regina Jordan-Sodiq filed a pro se Complaint in Tennessee state court. The United States, on behalf of Defendants Social Security Administration and United States Postal Service, removed the case to this Court. (Doc. No. 1). The Postal Service and Social Security Administration, as well as Social Security Administration employees Orlando Menez and Lywana Dollar ("United States Defendants"), have now moved pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss all claims against them based on Plaintiff's failure to serve them with process. (Doc. Nos. 82, 83). For the reasons below, the Motion to Dismiss (Doc. No. 82) will be granted. Additionally, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining claims and will remand this action to state court.

## BACKGROUND

Plaintiff filed a pro se Complaint in the Circuit Court for Montgomery County, Tennessee, on January 31. (Doc. No. 1-1). The Complaint alleges that more than 40 Defendants[1] "conspired to engage in a pattern of behavior that constitutes harassment and covert gang stalking" against her from 2005 through the present. (Doc. No. 1-1 at 2−4). She asserts that "Defendants' actions constitute a violation of the Plaintiff's rights under Tennessee Code Annotated § 39-17-308 (Harassment) and § 39-17-315 (Stalking)."[2] (*Id.* at 4).

The United States Defendants filed a Notice of Removal in this Court on March 11, 2025. (Doc. No. 1). Removal was based on 28 U.S.C. § 1442, which allows for removal by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof . . . for or relating to any act under color of such office . . . ." In the Notice of Removal, the United States Defendants noted that the United States had not been properly served. (*Id.* at 1).

While the case was pending in this Court, Plaintiff sought and was issued summonses for Navy Federal Credit Union and Fifth Third Bank, but no other Defendants. (*See* Doc. Nos. 33, 39). On July 18, 2025, the United States Defendants filed a Motion to Dismiss the Complaint for insufficient service and a Memorandum of Law in support. (Doc. Nos. 82, 83). Plaintiff filed a Response, arguing that service had been accomplished while the case was pending in state court.

---

[1] Defendants include the State of Tennessee, Fifth Third Bank, "Walmart on Wilma Rudolph Boulevard," the United States Postal Service, the Social Security Administration and two of its employees, "Sam's Club in Clarksville," the Clarksville Police Department, several individuals who allegedly filed false police reports against Plaintiff, Amazon.com, "UPS on Wilma Rudolph Boulevard" and two UPS employees, "Shoe Carnival in Clarksville," "Regions Bank of Kingsport, TN" and one Regions Bank employee, Austin Peay State University and Plaintiff's instructors and classmates there, University of Maryland Global Campus and Plaintiff's classmates there, PennyMac Loan Services, Queens City Disposal, Tennova Hospital, Centennial Hospital, Summit TriStar Hospital, Houston County Community Hospital and two of its employees, and Navy Federal Credit Union. (Doc. No. 1-1 at 2−4).

[2] Both § 39-17-308 and § 39-17-315 are criminal statutes.

(Doc. No. 85).[3] The United States Defendants filed a Reply. (Doc. No. 86). Plaintiff then filed two separate sur-replies. In the First Sur-reply, Plaintiff argued that she had made good-faith efforts to serve the United States Defendants while the case was in state court, and she sought additional time to complete service. (Doc. No. 90). In the Second Sur-reply, Plaintiff made similar arguments and also asked the Court—for the first time since the case had been removed—to issue summonses for the United States Defendants. (Doc. No. 91).

## LEGAL STANDARDS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff demonstrates good cause for failure to complete service, the Court must extend the deadline for service. *Id.* The Sixth Circuit has "identified three scenarios constituting good cause under Rule 4(m): (1) when the defendant has intentionally evaded service; (2) when the district court has committed an error; and (3) when a pro se plaintiff suffers from a serious illness. The common denominator in these situations is that something outside the plaintiff's control prevents timely service." *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023) (citation and quotation marks omitted).

---

[3] The Court accepts Plaintiff's corrected response (Doc. No. 85) as the operative Response to the United States Defendants' Motion to Dismiss and disregards Plaintiff's original response (Doc. No. 84). For simplicity, this Order refers to the corrected response as Plaintiff's "Response."

Even without a showing of good cause, the Court has discretion to extend the deadline to complete service. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). In exercising this discretion, district courts are to consider seven factors:

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569.

## ANALYSIS

As explained below, Plaintiff did not complete service on any of the United States Defendants, and she has not shown good cause for her failure to do so. The Court has considered whether to nevertheless extend Plaintiff's deadline to complete service but will exercise its discretion and deny Plaintiff's requested extension. Instead, the United States Defendants' Motion to Dismiss will be granted.

A. <u>Service was not timely completed.</u>

The United States Defendants removed this case to federal court on March 11, 2025. (Doc. No. 1). This event "started the 90-day clock to effectuate service of process under Federal

Rule of Civil Procedure 4(m)." *Tepe v. Whirlpool Corp.*, No. 22-5826, 2023 WL 6130297, at *1 (6th Cir. 2023). The deadline to complete service was therefore June 9, 2025.

Plaintiff suggests that she completed service (or took all actions necessary to complete service) on the United States Defendants while the case was pending in state court. (Doc. No. 85 at 1). However, the United States Defendants demonstrated in their Reply and attachments that although Plaintiff may have obtained summonses in state court, she did not complete service by certified mail or any other means. (Doc. Nos. 86, 86-1). In her sur-replies, Plaintiff does not dispute that she failed to complete service. She asserts only that she made diligent efforts to do so. (Doc. No. 90 at 1 ("Plaintiff attempted service via certified mail"); Doc. No. 91 at 1 ("Plaintiff made diligent efforts to serve all named Defendants and filed in state court before removal.")). Accordingly, the Court finds that service was not completed on any of the United States Defendants by the deadline of June 9, 2025.

B. <u>Plaintiff has not shown good cause for her failure to complete service.</u>

To demonstrate good cause under Rule 4(m), a plaintiff must show that "something outside [her] control prevent[ed] timely service." *Haaland*, No. 22-5440, 2023 WL 6470733, at *2.

Here, Plaintiff has not alleged any event that the Sixth Circuit has recognized as constituting good cause. *Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (describing these events as the defendant's intentional evasion of service, the Court's error, or Plaintiff's serious illness). Plaintiff does assert that she "attempted service via certified mail." (Doc. No. 90 at 1). However, she does not provide any details about her attempts to complete service. (*Id.*) Plaintiff further asserts that "[a]ny procedural deficiency was not due to neglect, but due to systemic obstruction and lack of legal resources." (*Id.*) But, again, she provides no specifics. (*Id.*) Based on Plaintiff's conclusory assertions, the Court does not find that any cause outside Plaintiff's control (and

certainly none of the kinds of events described in *Haaland*) prevented her from completing timely service. She therefore has failed to demonstrate good cause under Rule 4(m).

C. <u>The Court declines to grant a discretionary extension of time to complete service.</u>

As directed by the Sixth Circuit, the Court has considered seven factors in its decision whether to extend Plaintiff's deadline to complete service. *See Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 568.

*(1) Whether extension would be well beyond Plaintiff's original deadline*

Under Rule 4(m), Plaintiff's deadline to complete service on the United States Defendants was June 9, 2025, 90 days after this action was removed to federal court. *Tepe*, No. 22-5826, 2023 WL 6130297, at *1. Plaintiff first requested an extension of the deadline to complete service on August 8, 2025, 60 days after her original deadline. (Doc. No. 90). Even if the Court had granted an extension on the date Plaintiff requested it, service would have been completed more than two months after Plaintiff's original deadline. This factor weighs slightly against an extension.

*(2) Prejudice to Defendants*

The United States Defendants have not identified any additional prejudice beyond the prejudice inherent in having to defend the suit. This factor weighs in favor of an extension

*(3) Actual notice to Defendants*

At least some of the United States Defendants—namely the Social Security Administration and United States Postal Service—received actual notice of Plaintiff's suit. This factor weighs in favor of an extension.

*(4) Substantial prejudice to Plaintiff*

Plaintiff has not identified any substantial prejudice that would result from dismissal of this action without prejudice. Specifically, Plaintiff does not assert that her claims would be barred by the applicable statute of limitations. Indeed, she asserts that the Defendants' alleged wrongdoing is "continuing to the present." (Doc. No. 1-1 at 4). This factor weighs against an extension.

*(5) Plaintiff's good-faith efforts and diligence*

The United States Defendants notified Plaintiff in March 2025 that the United States had not been properly served. (Doc. No. 1). Despite being notified of deficient service, Plaintiff did not request an extension of the deadline to complete service until August 8, 2025. (Doc. No. 90). Plaintiff knew how to request summonses from the Court, as evidenced by the fact that she did so for other Defendants. (Doc. No. 33 (Navy Federal Credit Union); Doc. No. 39 (Fifth Third Bank)). But she did not request summonses for any of the United States Defendants. Plaintiff thus has not demonstrated good-faith efforts or diligence in completing timely service on the United States Defendants, particularly after being notified in March 2025 that any prior attempts at service had been unsuccessful. This factor weighs against an extension.

*(6) Plaintiff's pro se status*

Plaintiff is proceeding *pro se*, and that factor weighs in favor of an extension.

*(7) Case-specific equitable factors*

Neither Plaintiff nor the United States Defendants identifies any significant case-specific equitable factors. This factor does not weigh against or in favor of an extension.

The Court finds two factors particularly important in this case: (1) Plaintiff's lack of diligent efforts to complete service after being notified of service deficiencies in March 2025 and (2) the lack of prejudice to Plaintiff if this action is dismissed without prejudice. Both of these

factors weigh against granting an extension of time for Plaintiff to complete service. Accordingly, the Court will not grant an extension in this case.

Because Plaintiff has not completed service on the United States Defendants, the Court cannot exercise personal jurisdiction over the United States Defendants in this action. The United States Defendants' Motion to Dismiss will be granted. Plaintiff's claims against the United States Defendants will be dismissed without prejudice.

## SUPPLEMENTAL JURISDICTION

Like his claims against the United States Defendants, Plaintiff's remaining claims—meaning his claims against all Defendants other than the United States Defendants—are based on state law. (*See* Doc. No. 1-1 at 4) ("**Legal Claims** 5.1 The Defendants' actions constitute a violation of the Plaintiff's rights under Tennessee Code Annotated § 39-17-308 (Harassment) and § 39-17-315 (Stalking)."). The court has discretion to retain supplemental jurisdiction over these claims even after dismissing all claims over which the Court has original jurisdiction.[4] *See* 28 U.S.C. § 1367(c)(3) (providing that "district courts *may* decline to exercise supplemental jurisdiction" in such circumstances (emphasis added)). The "'general rule'" is that when all claims over which the Court has original jurisdiction are dismissed before trial, "'the federal district court should relinquish jurisdiction over the supplemental claim[s].'" *Black v. Mt. Pleasant Tennessee Police Dep't*, No. 1-14-00087, 2015 WL 4459158, at *9 (M.D. Tenn. July 20, 2015) (quoting *Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir. 1997)). Here, there is no apparent basis

---

[4] The Court may resolve questions of personal jurisdiction before determining whether subject-matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587−88 (1999). Here, the United States Defendants have not contested the Court's subject-matter jurisdiction. Because the Court finds that it cannot exercise personal jurisdiction over the United States Defendants, the Court need not—and does not—determine whether subject-matter jurisdiction exists. For purposes of deciding whether to exercise supplemental jurisdiction, the Court assumes that subject-matter jurisdiction exists as to Plaintiff's claims against one or more of the United States Defendants.

to deviate from the general rule. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.[5]

After a case has been removed from state court to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, the Court will remand this action so the parties can litigate Plaintiff's remaining claims in state court.

## **CONCLUSION**

The United States Defendants' Motion to Dismiss (Doc. No. 82) is GRANTED. Plaintiff's claims against the United States Postal Service, the Social Security Administration, Orlando Menez, Lywana Dollar are DISMISSED without prejudice.

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. This action is REMANDED to the Circuit Court of Montgomery County, Tennessee. The Clerk is DIRECTED to mail a certified copy of this Order to the Clerk of the Circuit Court for Montgomery County, Tennessee in accordance with 28 U.S.C. § 1447(d).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] There is no apparent basis for original jurisdiction over the remaining claims. There is no diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff and several named Defendants are residents of Tennessee. (Doc. No. 1-1 at 2-4). And there is no federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff does not purport to bring any claim arising under the United States laws or Constitution. (*See* Doc. No. 1-1 at 4 (asserting claims only under Tennessee criminal law)). Therefore, any jurisdiction over the remaining claims would have to be supplemental jurisdiction.